EXHIBIT A

Lynne M. Cadigan (AZ #009044)
Taylor W. Boren (AZ #037414)
**CADIGAN LAW FIRM, PLLC**
504 S. Stone Avenue
Tucson, AZ 85701
Telephone: (520) 622-6066
Facsimile: (520) 882-4373
lmcadigan@cadiganlawfirm.com
tboren@cadiganlawfirm.com

*Attorneys for Plaintiff Trever Frodsham*

**ARIZONA SUPERIOR COURT**

**COCHISE COUNTY**

| | |
|---|---|
| TREVER FRODSHAM, by and through conservator, Fleming and Curti, PLC;<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF ARIZONA, a body politic; CATHOLIC COMMUNITY SERVICES OF SOUTHERN AIZONA, INC., an Arizona non-profit corporation; ARIZONA PARTNERSHIP FOR CHILDREN, LLP, an Arizona limited liability partnership; CATHOLIC CHARITIES COMMUNITY SERVICES, INC., an Arizona corporation; THE DEVEREUX FOUNDATION, d/b/a DEVEREUX ADVANCED BEHAVIORAL HEALTH and DEVEREUX ADVANCED BEHAVIORAL HEALTH ARIZONA, a Pennsylvania non-profit corporation; DAVID FRODSHAM, an individual; BARBARA FRODSHAM, an individual; JANE and JOHN ROES 1-50, individuals; and ROE CORPORATIONS 1-50, entities of form unknown;<br><br>Defendants. | **CASE NO.:**<br><br>**COMPLAINT FOR:**<br><br>**(1) Negligence,**<br>**(2) Negligence *Per Se*,**<br>**(3) Gross/Aggravated Negligence (Willful and Wanton Conduct),**<br>**(4) *Respondeat Superior*/Vicarious Liability/Agency,**<br>**(5) Negligent Hiring/Retention /Supervision,**<br>**(6) Assault and Battery,**<br>**(7) Aggravated Assault and Battery,**<br>**(8) Intentional Infliction of Emotional Distress,**<br>**(9) Vicarious Liability,**<br>**(10) Ratification,**<br>**(11) Violations of the Arizona Constitution,**<br>**(12) Breach of Fiduciary Duty,**<br>**(13) Violations of Constitutional Rights under 42 U.S.C. § 1983,**<br>**(14) Punitive Damages,**<br><br>(Tort—Non-Vehicle Non-Death Injuries)<br><br>(Tier 3) |

1

Plaintiff Trever Frodsham ("Plaintiff"), by and through undersigned counsel, for this Complaint against Defendants, alleges:

## PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff Trever Frodsham ("Plaintiff") is 19 years old and a resident of Cochise County, Arizona.

2.     Plaintiff was born on July 11, 2002, and, at age one (1), the State of Arizona removed him from his biological mother's home and placed him in the foster care system as a ward under the care, custody, and supervision of the State of Arizona.

3.     In or around February 2004, the State of Arizona placed Plaintiff in the home of Defendant David Frodsham ("David" or "DF") and Defendant Barbara Frodsham ("Barbara" or "BF") (collectively "the Frodshams"), as a foster child. Approximately eight (8) years passed before the Frodshams eventually adopted Plaintiff. Upon information and belief, Defendant Barbara Frodsham resides in Cochise County, Arizona. In 2016, David Frodsham was charged with the sexual exploitation of Plaintiff's brother. *See* David Frodsham Pre-Sentencing Report, attached as **Exhibit A**. He is serving 17 years in prison in Arizona State Prison in Mohave County, Arizona.

4.     Defendant State of Arizona is headquartered in Maricopa County, Arizona. Defendant State of Arizona ("State") seeks to fulfill its statutory obligations to Arizona's foster youth through a variety of State agencies and departments, all of which are State-managed government agencies (and under the State's control), including at relevant times: Department of Child Safety ("DCS"), formerly Child Protective Services ("CPS"); Department of Economic Security ("DES"); Division of Children, Youth and Families ("DCYF"); and Office of Licensing, Certification and Regulation ("OCLR"), formerly Office of Licensing and Regulation ("OLR"); (collectively the "State" or "DCS").

5.     All agencies and/or departments named in Paragraph 4, *supra*, are non-jural entities, and the State is legally responsible for their acts and/or omissions, including the acts and omissions of the employees, agents, partners, principals, servants, contractors, joint venturers, volunteers and/or representatives of each, individually and collectively. At all times relevant, the State ratified all acts and/or omissions complained of herein.

///

2

6.     In addition to the management of its own agencies and departments, the State also contracts with private agencies (collectively the "Agencies" or "Licensing Agencies") and/or affiliated individuals to assist in performing its legal obligations for the care, safety, security, and/or furthering the best interests of the State's wards.

7.     Defendant Catholic Community Services of Southern Arizona, Inc. ("CCS") is an Arizona non-profit corporation with a principal place of business in Pima County, Arizona. CCS is one of the Licensing Agencies with which the State contracted to assist in performing the State's legal nondelegable duties to Plaintiff. CCS negligently and grossly negligently monitored the foster license assessment and foster placement of Plaintiff and other children with the Frodshams. CCS negligently and grossly negligently assembled, approved, and submitted Barbara and David's application to foster Plaintiff. CCS negligently and grossly negligently hired, trained, supervised, and/or educated its staff to fulfill its duties of care to Plaintiff. CCS negligently and grossly negligently monitored Plaintiff's placement (and adoption) by Barbara and David Frodsham.

8.     Defendant Arizona Partnership for Children, LLP ("AZPAC") is an Arizona limited liability partnership with a principal place of business in Maricopa County, Arizona. AZPAC's alleged purpose is to "provid[e] full integration of child welfare and behavioral health services including case management on a statewide basis, by direct service or subcontract, and for such other law business as the Partners may agree from time to time." In or around 1997, upon information and belief, multiple corporations developed a general partnership, AZPAC, so that various entities could work together, rather than compete against each other, when contracting to provide child welfare services across Arizona. By the time of Plaintiff's placement and abuse, upon information and belief, AZPAC consisted of three corporations with equal interests in the partnership: Catholic Charities Community Services, Inc. ("Catholic Charities"), The Devereux Foundation ("Devereux"), and Catholic Community Services of Southern Arizona, Inc. ("CCS"). Upon information and belief, the three corporations co-mingled their finances within AZPAC. AZPAC is jointly liable for the conduct of its partner organizations, including but not limited to Defendant CCS, which directly licensed and monitored the Frodshams and placed Plaintiff in the Frodsham's care and custody,

3

negligently and grossly negligently. AZPAC is one of the Licencsing Agencies with which the State contracted to assist in performing the State's legal nondelegable duties to Plaintiff. AZPAC facilitated Plaintiff's placement with Barbara and David Frodsham, resulting in Plaintiff's years of abuse as a result of its negligence and gross negligence.

9.      Defendant The Devereux Foundation (d/b/a The Devereux Foundation and Devereux Advanced Behavioral Health Arizona) ("Devereux") is a Pennsylvania nonprofit corporation with a principal place of business in Delaware County, Pennsylvania. At all times relevant, upon information and belief, Devereux was legally responsible as a partner for the acts and/or omissions of CCS, AZPAC, and Catholic Charities, either by supervising actions surrounding Plaintiff's foster care placement, ratifying the acts and/or omissions of its partners, and/or by its direct involvement in the provision of child welfare services affecting Plaintiff.

10.      Defendant Catholic Charities Community Services, Inc. ("Catholic Charities") is an Arizona corporation with a principal place of business in Maricopa County, Arizona. Catholic Charities' alleged purpose is, in part, to "help[] find loving homes by facilitating adoption of children currently in foster care, assisting families with licensing and training, special homes for children with medical needs and children separated from their parents and families." At all times relevant, upon information and belief, Catholic Charities was legally responsible as a partner for the acts and/or omissions of CCS, AZPAC, and Devereux, either by supervising actions surrounding Plaintiff's foster care placement, ratifying the acts and/or omissions of its partners, and/or by its direct involvement in the provision of child welfare services affecting Plaintiff.

11.      Roe Corporations 1-50 are fictitious names of parties and/or entities currently unknown to Plaintiff, including but not limited to Agencies and/or Licensing Agencies, who assisted the State in performing its legal obligations for the care, safety, security, and/or furthering the best interests of the State's wards, and whose negligence and/or gross negligence caused Plaintiff harm. At such time as their names are discovered, Plaintiff will amend this Complaint to state their true identities.

12.      The Defendants identified in Paragraph 4-11, *supra*, are collectively referred to as "Entity Defendants."

4

13.    John and Jane Roes 1-50 are fictitious names of individuals, including employees of the State and/or Licensing Agencies, currently unknown to Plaintiff, whose negligence and gross negligence caused Plaintiff harm. At such time as their names are discovered, Plaintiff will amend this Complaint to state their true identities.

14.    Entity Defendants, including but not limit to Defendants State, AZPAC, CCS, Devereux, and Catholic Charities, negligently and grossly negligently hired, trained, and supervised their staff when fulfilling their duties to Plaintiff.

15.    The individual named Defendants were acting within the course and scope of their employment and/or agency relationship with the State at all relevant times, so as to render the State liable for their conduct under agency law and/or duty law.

16.    The State's legal obligations to its wards are non-delegable, and the State is, therefore, legally responsible for the tortious and/or grossly negligent acts committed by the agencies, as well as the tortious and grossly negligent acts committed by David Frodsham and Barbara Frodsham, as the custodians in whom the State entrusted Plaintiff.

17.    Once a child is removed from his/her biological family home and becomes a ward of the State, the State and the Licensing Agencies have a duty and obligation to ensure that each foster care placement is suitable and in the best interest of the child.

18.    The State and its Licensing Agencies have an obligation to ensure that the ward is being provided with reasonable care, is safe and protected from harm, and is receiving proper and regular supervision, which means the State must conduct routine foster home visits (to the proper standard of care) to confirm that the needs of each child are met in accordance with the State's policies, procedures, rules, and/or regulations.

19.    The State and each Defendant, individually and collectively, is legally responsible for the intentional, reckless, negligent and grossly negligent acts/omissions and resultant damages described herein.

20.    Plaintiff asserts his claims against Defendants for violations of Plaintiff's rights under Arizona law and the U.S. Constitution.

21.    The Court has jurisdiction over the subject matter of this action, pursuant to Article IV, § 14 of the Arizona Constitution and A.R.S. § 12-123.

22.    The Court has personal jurisdiction over the parties in this lawsuit.

23.    Defendants caused acts or events to occur within Cochise County, Arizona, out which Plaintiff's claims arise.

24.    Venue is proper in this Court pursuant to A.R.S. § 12-401.

25.    With regard to various claims set forth below, Plaintiff has complied with the provisions of A.R.S. § 12-821.01 by filing a notice of claim against the above-named State Defendant. Due to the emotional, mental, and/or psychological injuries of Plaintiff resulting from Defendants' severe abuse, Plaintiff has been of "unsound mind," tolling the statute of limitations under A.R.S. § 12-502. 60 days have passed since Plaintiff served the State with his notice of claim. Thus, Plaintiff's notice of claim is deemed denied, and Plaintiff may proceed with the present causes of action against the State.

26.    Given that discovery in this case has not yet commenced, this Complaint may need to be amended in the future to add additional facts, details, parties, and/or claims.

27.    Pursuant to Ariz. R. Civ. P., Rule 8 and Rule 26.2, Plaintiff certifies this action under Tier 3, including for purposes of discovery.

## FACTUAL ALLEGATIONS

28.    The State of Arizona has, for years, been fully aware of the inadequate safety measures of Child Protective Services and, later, its successor organization—the Department of Child Safety ("DCS"). These inadequacies and chronic failure of the State of Arizona to protect its foster youths *directly resulted in* the creation of DCS. *See* Governor Jan Brewer's Executive Order 2014-01, attached as **Exhibit B**. Children taken by the State from problematic homes are the most vulnerable children in the State. These children, like Plaintiff, are willfully taken into the legal custody of the State, ostensibly to protect them from further abuse. However, these children often suffer even more abuse once in the "care" of the State. The historical pattern of the State's failure to protect the children in its care has been well-documented in the reports commission by the State, and it forms the basis underlying the present case.

A. **Initial Foster Care Licensing.**

29.    At all times relevant, Defendants David Frodsham and Barbara Frodsham were a married couple that resided in Sierra Vista, Cochise County, Arizona.

6

30.    In or around 2002, the Frodshams' biological teenage son befriended a new classmate, Neal Taylor[1], who happened to be living in a group home and was a ward of the State.

31.    Not long after being introduced to Neal Taylor, the Frodshams decided to become his foster parents and applied for a foster care license.

32.    The State contracted with Licensing Agencies (including but not limited to: AZPAC and, in particular, CCS), to assist the Frodshams in their foster care license application and these Licensing Agencies (including but not limited to CCS) were tasked with conducting home studies, following up on and investigating allegations of abuse and neglect, and providing reports to the State regarding the status of the Frodshams' home.

33.    As a Licensing Agency, the design of CCS, in particular, meant that CCS only received compensation from the State if the State issued a foster license, thus incentivizing the issuance of a foster license regardless of the fitness of the foster parents.

34.    Based on information and belief, in or around August 2002—during the initial licensing application process—the Frodshams' biological daughter, then approximately 13 years old, reported to the Sierra Vista Police Department ("SVPD") that her then approximately 16-year-old brother in the Frodsham home had forcibly sexually assaulted her around 15 to 20 times over the course of several years.

35.    After receiving the report, SVPD investigated these allegations, and based on information and belief, the report concluded that incestual sexual abuse was occurring in the Frodshams' home between the Frodshams' biological children.

36.    Based on information and belief, SVPD's investigation report was available to the State, its Licensing Agencies, and the Frodshams during the time in which the Frodshams' foster care application had been submitted; at the time, the Frodshams' foster care application, however, was still under review and not yet approved by the State.

---

[1] Neal Taylor is alleged to be the first foster child victim that was sexually abused by David Frodsham. On or around May 21, 2020, Neal Taylor filed a lawsuit in Cochise County, Arizona, against the State and various licensing agencies. *See Neal Taylor v. State of Arizona, et al.,* S0200CV202000242.

7

37.     The State conducted its own superficial investigation into the SVPD report of incestual sexual abuse; however, evidence shows this investigation was substandard and incomplete and, because of this, resulted in an "unsubstantiated" finding by DCS.

38.     Despite having information related to the report of incestual abuse, and in addition to information revealing David and Barbara Frodsham falling short of the applicable licensing requirements and/or despite an incomplete evaluation, the State issued David and Barbara Frodsham a foster care license. This evaluation by the State and its Licensing Agencies was superficial and substandard, overlooking numerous "red flags" that, as a matter of State policy, demanded the State's diligent investigation and attention to ensure a child's safety in a foster placement. For instance, the State and its Licensing Agencies failed to identify that both David and Barbara Frodsham experienced childhood sexual abuse of their own—a "red flag" the State is required to identify and monitor for the protection of foster children. Barbara Frodsham even stated that, had she *even been asked* about her own childhood sexual abuse, she would have openly discussed it. The State's failure to even *identify* "red flags" in the Frodsham home (must less, address them) is without excuse, and at least one Licensing Agency, Defendant CCS, had a financial incentive to ensure the Frodshams received a foster care license. On or around October 22, 2002, the State approved David and Barbara Frodsham as foster parents.

39.     The State and/or its Licensing Agencies knew and/or should have known David Frodsham and Barbara Frodsham were a danger to Plaintiff and the other minor children entrusted to their care and that the Frodshams were not suitable foster parents.

40.     The State and its Agencies were negligent and grossly negligent in: reviewing the Frodshams for eligibility in applying for a foster care license; assisting/monitoring the Frodshams in applying for a foster care license and renewals of their foster care license; and, ultimately, in placing Plaintiff in the Frodshams' home.

**B.  Plaintiff's Placement with the Frodshams.**

41.     Plaintiff Trever Frodsham, at age one (1), and his two brothers, were removed from their biological mother's care and placed in the foster care system, rendering all three children wards of the State.

///

42.     Having removed Plaintiff from his family home, the State became legally obligated to care for Plaintiff and provide him with a safe place to reside, whether in a foster home, group home, or adoptive home.

43.     Once Plaintiff was removed from his family home, the State had an obligation to ensure that Plaintiff's placements were safe and secure; and that Plaintiff would be free from abuse, neglect, and harm in each placement for which he resided and received care.

44.     In or around 2004, the State and its agencies placed Plaintiff and his two brothers in the home and in the care of David and Barbara Frodsham, who, on or around late fall 2011 formally adopted the three boys.

45.     There was, however, no need to keep the boys in the home of David and Barbara Frodsham, as Plaintiff's great-aunt and great-uncle in Iowa wanted to provide the boys with a permanent and loving home following removal from their parents. Plaintiff's great-aunt and great-uncle were even *favored as placement over the Frodshams as a matter of law* under the Adoption and Safe Family Act of 1997, as Plaintiff's blood relatives. However, if the State allowed Plaintiff to relocate to the State of Iowa, then the State of Arizona—already strapped for funds in its foster program— would lose state-specific federal funds to an out-of-state family, like Plaintiff's extended relatives. *See* Title IV-E of the Social Security Act; *see also* 42 U.S.C. §§ 672, 673.

46.     Allowing Plaintiff's extended relatives to take custody of Plaintiff and his brothers would alienate one of Arizona's very willing foster care placements, making the State's foster placements more difficult; Barbara and David Frodsham repeatedly accepted foster children, generating revenue for both the Frodshams and the State.

47.     Meanwhile, upon information and belief, Plaintiff's extended relatives in Iowa called the boys regularly; sent birthday cards and gifts; and, as the process dragged on, sent numerous letters to the Juvenile Court (without any response) asking when they would be permitted to have the boys. They took foster parent classes, renovated their home, and prepared to parent three young children (including Plaintiff) as their own biological children were out of the home and away at college.

///

9

48.    Plaintiff had a chance to live with loving relatives in Iowa, but the State had a motive to block this placement, keeping money and funding in-state. Upon information and belief, Plaintiff's extended relatives in Iowa were actually *approved* for placement by the home study, although DCS never informed them they had been approved nor were Plaintiff's relatives provided a copy of the home study. Plaintiff's abusive foster placement could have ended as early as 2005—*eleven years* before law enforcement finally removed Plaintiff from the Frodsham horrors—meaning the Frodshams' foster care placement and eventual adoption of Plaintiff never needed to happen at all.

49.    After living as a foster child with the Frodshams for roughly seven years, the Frodshams eventually adopted Plaintiff on or around late fall of 2011. Plaintiff Trever Frodsham was forced to endure relentless sexual, physical, mental, and emotional abuse for another *five years* until law enforcement rescued him on or around April 21, 2016.

## C. **Plaintiff's Life with the Frodshams Between 2004 and 2016**.

50.    To the best of Plaintiff's recollection, before or around age six (6), David Frodsham began sexually abusing him, which, when David Frodsham was home, would occur approximately two (2) or three (3) times a week and did not end until David's arrest in 2016, although Plaintiff's grooming began much earlier than his recalled abuse.

51.    Plaintiff recalls that he was between the ages of approximately seven (7) and (10) when David Frodsham began trafficking him and subjecting Plaintiff to repeated sexual encounters with David Frodsham's various adult friends and/or acquaintances.

52.    In addition to enduring sexual abuse himself, Plaintiff also witnessed David Frodsham sexually abusing other foster children, including Plaintiff's older brother.[2]

53.    Barbara Frodsham would also watch David Frodsham sexually abuse Plaintiff and other foster children, possibly for her own voyeuristic sexual gratification, and that Barbara Frodsham took no steps to stop or report the sexual abuse she saw.

---

[2] Plaintiff's older brother, Ryan Frodsham, was sexually abused by David Frodsham and, on or around September 12, 2018, filed a lawsuit in Maricopa County, AZ (which, was transferred to Cochise County) against the State and Licensing Agencies. *See Frodsham v. State of Arizona, et al.,* S0200CV201900073.

54.    In addition to the sexual abuse by David Frodsham and David Frodsham's acquaintances and/or friends to whom David Frodsham trafficked Plaintiff, Barbara Frodsham physically abused Plaintiff, both while a foster child and after his adoption.

55.    Barbara and David Frodsham severely abused Plaintiff. Both David Frodsham and Barbara Frodsham burned Plaintiff and his brothers with cigarettes. Barbara routinely beat Plaintiff, including with belts, and blamed him for his own abuse. Plaintiff was forced to witness his own brother's sexual abuse. Barbara repeatedly failed to buy Plaintiff clothes and withheld meals, often to punish minor slights. Barbara screamed at Plaintiff when he tried to protect himself or request food, beating him viciously. Barbara liked displaying her power over Plaintiff, and she repeatedly bent Plaintiff's finger back so forcibly that his joints cracked and swelled. Barbara would respond to Plaintiff's cries for help with "stop crying, you're fine." As a result of this abuse, Plaintiff feels he and his life have little meaning and that he has no voice.

56.    The physical abuse Barbara Frodsham inflicted upon Plaintiff, and other children, also included (but was not limited to): hair pulling; routine beatings with her hands, brooms, belts, and/or other objects; throwing the foster children down the stairs; locking the children inside of closets and outside the home (including during the heat of summer); and forcing the children, including Plaintiff, to consume hot sauce.

57.    Between in or around 2004 and 2016, various record reveal Plaintiff acting out in ways consistent with enduring sexual and physical child abuse, including suicidal writings, excessive and aggressive masturbation, and, in second grade and while at school, Plaintiff was discovered engaging in sexually inappropriate behavior for his age—clear "red flags" of childhood sexual and/or severe physical abuse.

58.    Further documentation reveals that many of these incidents were reported to the State but, like many other reported "red flags" regarding the Frodshams and issues surrounding their foster/adoptive children, the State did not take these reports seriously.

59.    Records show that reports about the Frodsham home revealed many instances of physical abuse between 2002 and 2016 to the State and/or its Agencies.

60.    On April 21, 2016, David Frodsham was arrested as he "was unable to provide a safe environment and failed to provide adequate supervision to the children

11

while engaging in a sexual relationship with this 16 [year old] son both in and out of the home, as well as facilitating sexual engagements between his son and other men, which put the children at unreasonable risk of harm from sexual exploitation, assault, physical danger, and emotional harm. A joint investigation was conducted between DCS, OCWI, Sierra Vista Police Department (DR#16-14197), and the Department of Homeland Security which resulted in David being arrested for sexual conduct with a minor, sexual exploitation of a minor, and molestation of a child regarding incidents that had occurred both in and outside of the home."

61.    On or around August 30, 2016, David Frodsham pled guilty to multiple counts of sexual conduct with a minor, Plaintiff's brother. David Frodsham was sentenced to 17 years in prison for these crimes.

62.    Thereafter, despite DCS's *own psychiatrist* documenting Barbara Frodsham's inability to provide adequate care and protection for her children and showing signs of a personality disorder making her unfit to care for her children, the State nonetheless returned Plaintiff to the custody of Barbara Frodsham.

63.    Upon his return to Barbara Frodsham's custody, Barbara Frodsham continued her vicious physical abuse of Plaintiff.

**D. <u>Failure to Adequately Hire, Train, and/or Supervise</u>.**

64.    Between in or around 2002 and 2016, the State had access to approximately 38 police reports involving children residing in the Frodshams' home, many of which included behaviors that could have been (or were) inferred by the employees of the State and/or its Licensing Agencies as sexual and/or physical abuse "red flags" that required immediate in-depth investigations.

65.    Defendants, individually and collectively, were negligent and grossly negligent in: investigating the Frodshams' application to be foster parents, licensing the Frodshams as foster parents, placing Plaintiff in the Frodshams' home, investigating repeated reports of abuse and neglect in the Frodshams' home, monitoring and supervising Plaintiff's placement in the Frodshams' home, in protecting Plaintiff by removing him from that home, and in returning Plaintiff to Barbara Frodsham.

///

66.     Furthermore, the State and/or the Licensing Agencies were negligent and grossly negligent in their hiring, training, and supervision of their own staff and the contractors retained to carry out the responsibilities of screening/monitoring prospective or actual foster parents, the placement of children, monitoring children, and investigating allegations of abuse.

## DAMAGES

67.     Plaintiff endured approximately twelve (12) years of sexual, physical, mental, and/or emotional abuse because of Defendants' negligence and gross negligence.

68.     As a result of the foregoing acts of negligence and gross negligence, Plaintiff has suffered incalculable and permanent physical damage and resulting emotional damage, including regular suicidal thoughts because of his severe injuries consistent with symptoms of post-traumatic stress disorder (PTSD), all of which are damages that will require significant medical and psychological care for the duration of his life. As a result of the abuse, Plaintiff is not competent to make most decisions about his daily life, and Plaintiff cannot fully process the emotional harm inflicted upon him. Defendants' acts and/or omissions, including Plaintiff's severe sexual and physical abuse by the Frodsham, have been so severe, causing Plaintiff to be of "unsound mind."

69.     Plaintiff suffers from constant bouts of rage, anxiety, depression, and symptoms consistent with severe PTSD. Plaintiff continues to act in a destructive manner to both himself and those around him. He is unable to develop normal trust attachments and has been diagnosed with anti-social personality disorder, a lifelong disorder which is nearly impossible to treat and has long-term manifestations. Plaintiff has historically self-medicated with drugs and alcohol to calm the seemingly never-ending flashing visions of the trauma he endured as a child. His trauma plays over and over in his mind, and he does not sleep for days at a time, which causes him to become manic, irritable, and aggressive.

70.     Defendants' actions and/or omissions placed Plaintiff in situations where he was subjected to regular sexual, physical, mental, and emotional abuse, causing his rage and the primary reason Plaintiff cannot function as a normal individual in society.

///

///

71.    Plaintiff will likely never be able to hold stable employment, maintain stable relationships, or be able to operate normally in society due to the years of sexual and physical abuse and neglect he endured at the hands of the Defendants.

72.    As a result of the negligence and gross negligence of the Defendants in failing to properly license, protect, place, investigate, supervise, and/or monitor the care of Plaintiff in the Frodsham home, Plaintiff has suffered and will continue to suffer:

i.     Emotional, psychological, and mental damages and resulting emotional trauma;
ii.    Physical pain;
iii.   Mental anguish;
v.     Hedonic damages and loss of enjoyment of life;
vi.    Loss of earning capacity and lost opportunity; and
vii.   Reasonable and necessary medical expenses.

## CLAIMS FOR RELIEF

### COUNT I
### Negligence
### Against All Defendants

73.    Plaintiff repeats and incorporates by reference the allegations contained in all paragraphs above as though fully set forth herein.

74.    Defendants owed a duty of care to Plaintiff to ensure that Plaintiff's placement in the Frodsham home was safe and secure, and Plaintiff would be free from abuse, neglect, and harm in that home from when he was placed in foster care in or around 2004, when removed from his biological home, until he turned 18 years old.

75.    Defendants failed to exercise reasonable care with respect to the safety and protection of Plaintiff beginning in the early 2000s, when he was removed from his biological home and first placed into the home and care of Barbara and David Frodsham.

76.    At all times relevant, Defendants failed to exercise reasonable care with respect to the safety and protection of Plaintiff, because they knew or should have known that the Frodsham home was unreasonably dangerous.

77.    Defendants breached their duty of care to Plaintiff by failing to properly supervise the placement of Plaintiff in the Frodsham home; failing to provide and follow proper policies to protect Plaintiff, including investigating, supervising, and evaluating

Plaintiff's complaints (and/or the complaints of others in the Frodsham home); failing to listen to and investigate the warnings about the Frodsham home's dangers; improperly licensing the Frodsham home; failing to adequately hire, train, and supervise Defendants' own staff, contractors, and/or placements, including Defendants David and Barbara Frodsham; and improperly returning Plaintiff to a home known to be dangerous.

78.    As a direct and proximate result of Defendants' acts and omissions, Plaintiff has suffered emotional trauma, physical pain, mental anguish, emotional damages including the loss of enjoyment of life, and loss of earning capacity, in an amount to be determined by a jury at trial.

**COUNT II**
**Negligence *Per Se***
**Against All Defendants**

79.    Plaintiff repeats and incorporates by reference the allegations contained in all paragraphs above as though fully set forth herein.

80.    Defendants owed a duty of care to Plaintiff to ensure that the Frodsham home was safe and secure, ensuring that Plaintiff would be free from abuse, neglect, and harm in that home, and to take all reasonable precautions to avoid placing Plaintiff at an unreasonable risk of injury.

81.    David and Barbara Frodsham breached their duties of care as Plaintiff's legal guardians by violating certain criminal/safety statutes, including but not limited to, A.R.S. §§ 13-1201 (Endangerment), -1202 (Threatening or Intimidating), -1203 (Assault and Battery), -1204 (Aggravated Assault and Battery), -1404 (Sexual Abuse), -1405 (Sexual Conduct with a Minor), -1417 (Continuous Sexual Abuse of a Child), -3553 (Sexual Exploitation of a Minor), -3558 (Admitting Minors to Public Displays of Sexual Conduct), -3601 and -3601.01 (Domestic Violence), -3601.02 (Aggravated Domestic Violence), -3619 (Permitting Life, Health, or Morals of Minor to Be Imperiled by Abuse or Neglect), -3620 (Duty to Report Abuse), and -3623 (Child Abuse).

82.    At the time of reviewing, and after approving, the Frodshams' foster care license application in or around 2002 through the time of David Frodsham's arrest in April 2016 (as well as upon Plaintiff's return to Barbara Frodsham's care following

David Frodsham's arrest, despite a DCS psychiatrist noting her inability to care for or protect her children, where Barbara Frodsham thereafter continued to abuse Plaintiff), Defendants knew or should have known of the Frodshams' propensities to violate criminal and/or safety statutes, and such violations constitute negligence *per se*.

83. As a direct and proximate result of Defendants' acts and omissions, Plaintiff has suffered emotional trauma, physical pain, mental anguish, emotional damages including the loss of enjoyment of life, and loss of earning capacity, in an amount to be determined by a jury at trial.

<u>COUNT III</u>
**Gross/Aggravated Negligence (Willful or Wanton Conduct)**
**Against All Defendants**

84. Plaintiff repeats and incorporates by reference the allegations contained in all paragraphs above as though fully set forth herein.

85. Defendants engaged in willful or wanton conduct by their action and inaction and with reckless indifference to the rights or safety of Plaintiff, because Defendants knew or should have known that their action and/or inaction created an unreasonable risk of harm to Plaintiff, and that the risk to Plaintiff was so great it was highly probable that harm would result.

86. Beginning in or around 2004, when Plaintiff was placed in the Frodshams' care, through David Frodsham's arrest in April 2016, Defendants David Frodsham and Barbara Frodsham were grossly negligent and deliberately indifferent to Plaintiff by systematically physically, sexually, emotionally, and/or psychologically abusing him.

87. Beginning in or around 2002 through David Frodsham's arrest in April 2016 and following Plaintiff's return to Barbara Frodsham's care, Defendants were grossly negligent and deliberately indifferent in their policies and improper implementation of those policies by a widespread failure to conduct investigations of reports that children, including Plaintiff, had been abused and neglected while in State foster care custody, and by engaging in a pattern and practice of ignoring allegations of abuse and neglect of the children in their care, including Plaintiff. This included Defendants' reckless and/or deliberately indifferent return of Plaintiff to Barbara

Frodsham's home, following David Frodsham's arrest, despite DCS's own psychiatrist noting Barbara Frodsham's inability to care for or protect children. Following Plaintiff's return to Barbara Frodsham's care and home, Barbara Frodsham further abused Plaintiff.

88.    As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff has suffered emotional trauma, physical pain, mental anguish, emotional damages including the loss of enjoyment of life, and loss of earning capacity, in an amount to be determined by a jury at trial.

<div align="center">

**COUNT IV**
***Respondeat Superior*/Vicarious Liability/Agency**
**Against Defendant State of Arizona**

</div>

89.    Plaintiff repeats and incorporates by reference the allegations contained in all paragraphs above as though fully set forth herein.

90.    An employer is responsible for the actions of its employees/agents if the employees/agents were acting within the scope of their employment and/or authority, and the employer is therefore liable for the foreseeable acts committed by an employee/agent acting within the scope of the employee's/agent's employment in furtherance of the employer's business. See *Puritt v Pavelin,* 141 Ariz. 195, 685 P.2d 1347 (1984). An employer is also responsible for the acts and/or omissions of an independent contractor, if the hiring of the independent contractor is, in and of itself, a dangerous selection.

91.    At all times relevant, the negligent and grossly negligent and/or reckless acts or omissions of the State employees/agents (including the actions of Licensing Agencies and their employees/agents) were the types of actions employees, agents, principals, contractors, joint venturers, servants, and/or representatives of the State were authorized to perform within the course and scope of their employment, specifically to conform to a particular standard of care to protect Plaintiff against foreseeable and unreasonable risks of harm.

92.    Those negligent and grossly negligent, and/or reckless acts and omissions occurred substantially within the time and space limits authorized by the State, and such acts or omissions were motivated by the purpose to further the State's obligations.

///

93.     At all times relevant, the State is also liable for its employees/agents that were acting *outside* of the course and scope of their employment. See *Schallock,* 189 Arz. At 262, 941 P.2d at 1287 (citing Restatement (Second) of Agency 219(2)(d)); *see also Nichols v. Frank,* 42 F.3d 503, 514 (9th Cir. 1994)).

94.     At all times relevant, the State had a non-delegable duty to protect and ensure the safety of Plaintiff, who was entrusted into its care and custody at the time Plaintiff resided with the Frodshams, while the Frodshams were acting in their individual capacities as agents of the State in their roles as foster parents. The State was negligent and grossly negligent in providing supervision, care, and services to Plaintiff and failed to ensure the safety and protection of him.

95.     At all times relevant, the State employees/agents (including the Licensing Agencies and their employees) engaged in the above-described misconduct with intent to serve their own interests by knowingly and consciously disregarding substantial risks that their conduct may significantly injure the rights of Plaintiff, and/or consciously pursued a course of conduct knowing it created a substantial risk of significant harm to him. The State knew or should have known about the dangers posed by these Licensing Agencies.

96.     As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff has suffered emotional trauma, physical pain, mental anguish, emotional damages including the loss of enjoyment of life, and loss of earning capacity, in an amount to be determined by a jury at trial.

## COUNT V
### Negligent Hiring/Retention/Supervision
### Against Entity Defendants

97.     Plaintiff repeats and incorporate by reference the allegations contained in all paragraphs above as though fully set forth herein.

98.     Entity Defendants had access to police investigations dating back to around 2002 indicating sexual abuse occurring within the Frodshams' home, involving minors. Defendants had a duty to properly investigate all past and present reports of abuse within the applicants' home as part of the foster/adoptive parent licensing/monitoring process.

///

99.     Had Entity Defendants fulfilled their duty to properly investigate the first report of sexual abuse around 2002, the Frodshams would never have been granted a foster care license, and Plaintiff would have never been placed in their care in 2004.

100.    Upon information and belief, as early as around 2002, Defendants knew incestual sexual abuse occurred in the Frodshams' home and no reasonable and prudent person or agency would allow or enable them to be foster and/or adoptive parents.

101.    Upon information and belief, Defendants knew that Defendants David and Barbara Frodsham were abusive parents and that no reasonable and prudent person or agency would allow or enable them to be foster and/or adoptive parents.

102.    Upon information and belief, Entity Defendants failed to enact proper safety regulations and/or failed to properly supervise the Frodshams by causing, or allowing to be caused, the abuse and neglect or endangerment of Plaintiff, despite knowing of the Frodshams' propensity for abusing and neglecting their children.

103.    At all times relevant, Entity Defendants were negligent, grossly negligent, and/or reckless in the licensing, retention, supervision, monitoring, and/or enablement of the Frodshams' abuse and neglect of Plaintiff.

104.    At all times relevant, Entity Defendants were negligent, grossly negligent, and/or reckless in the hiring, retention, supervision, monitoring and/or enablement of their employees/agents responsible for investigating and supervising the Frodshams' care of Plaintiff.

105.    As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff has suffered emotional trauma, physical pain, mental anguish, emotional damages including the loss of enjoyment of life, and loss of earning capacity, in an amount to be determined by a jury at trial.

### COUNT VI
**Assault and Battery**
**Against Defendants David Frodsham and Barbara Frodsham**

106.    Plaintiff repeats and incorporates by reference the allegations contained in all paragraphs above as though fully set forth herein.

///

19

107.    At all times relevant, Defendants David Frodsham and Barbara Frodsham: (1) intended to cause harmful or offensive contact with Plaintiff or cause Plaintiff apprehension of an immediate harmful or offensive contact; (2) in actuality caused a harmful or offensive contact with Plaintiff; and (3) Plaintiff suffered physical and emotional damages as result of such conduct.

108.    At all times relevant, Defendants knew David Frodsham and Barbara Frodsham had propensities to violate the above-described acts of assault and battery in violation of A.R.S. §§ 13-1203.

109.    As a direct and proximate result of Defendants' acts and omissions, Plaintiff has suffered emotional trauma, physical pain, mental anguish, emotional damages including the loss of enjoyment of life, and loss of earning capacity, in an amount to be determined by a jury at trial.

## COUNT VII
### Aggravated Assault and Battery
### Against Defendants David Frodsham and Barbara Frodsham

110.    Plaintiff repeats and incorporates by reference the allegations contained in all paragraphs above as though fully set forth herein.

111.    At all times relevant, Defendants David Frodsham and Barbara Frodsham: (1) intended to cause harmful or offensive contact with Plaintiff or cause Plaintiff apprehension of an immediate harmful or offensive contact; (2) in actuality caused a harmful or offensive contact with Plaintiff with deadly, potentially deadly, and/or dangerous weapons, including but not limited to, leather belts and cigarettes; and (3) caused Plaintiff to suffer physical/emotional damages as result of such conduct.

112.    At all times relevant, Defendants knew David Frodsham and/or Barbara Frodsham had propensities to violate the above-described acts of aggravated assault and battery in violation of A.R.S. §§ 13-1204. Such acts and/or omissions constitute negligence *per se* under Arizona law.

113.    As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff has suffered emotional trauma, physical pain, mental anguish, emotional

///

damages including the loss of enjoyment of life, and loss of earning capacity, in an amount to be determined by a jury at trial.

## COUNT VIII
### Intentional Infliction of Emotional Distress (Extreme and Outrageous Conduct) Against All Defendants

114.   Plaintiff repeats and incorporates by reference the allegations contained in all paragraphs above as though fully set forth herein.

115.   The continuous sexual, physical, and emotional abuse Plaintiff endured starting in or around 2004 by Defendants, including the Frodshams, was extreme and outrageous and done with the intent to cause Plaintiff emotional distress.

116.   Defendants' conduct, including but not limited to Entity Defendants' conduct in failing to investigate, supervise, and report the abuse; overlooking "red flags" or abuse; and returning Plaintiff to Barbara Frodsham's care and home, despite DCS's own psychiatrist attesting to her inability to care for or protect her children (where she then continued to physically abuse Plaintiff); was extreme and outrageous, done intentionally and/or recklessly, and caused Plaintiff to suffer emotional distress.

117.   As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff has suffered emotional trauma, physical pain, mental anguish, emotional damages including the loss of enjoyment of life, and loss of earning capacity, in an amount to be determined by a jury at trial.

## COUNT IX
### Vicarious Liability Against Entity Defendants

118.   Plaintiff repeats and incorporates by reference the allegations contained in all paragraphs above as though fully set forth herein.

119.   At all times relevant, the negligent and grossly negligent actions of the employees/agents of Entity Defendants (including but not limited to various Licensing Agencies and their employees), and the Frodshams as foster parents, were the type of actions those employees/agents were authorized to perform in the course and scope of

///

their employment and/or agency on behalf of the Entity Defendants, namely protecting and providing supervision, care, and services, to foster children, including Plaintiff.

120.    At all times relevant, those negligent and grossly negligent acts occurred substantially within the time and space limits authorized by Entity Defendants. At all times relevant, those negligent and grossly negligent acts were motivated by a purpose to serve the Entity Defendants.

121.    As a direct and proximate result of the negligent and grossly negligent acts of their employees/agents, including the Frodshams, described herein, Entity Defendants are vicariously liable for Plaintiff's emotional trauma, physical pain, mental anguish, emotional damages including the loss of enjoyment of life, and loss of earning capacity, in an amount to be determined by a jury at trial.

## COUNT X
### Ratification
### Against Entity Defendants

122.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

123.    Entity Defendants ratified and endorsed the abusive conduct of David Frodsham and/or Barbara Frodsham by their concealment, cover-up, active disregard of known or suspected risks, and failure to meaningfully address the ongoing physical and sexual abuse of children under their care, including Plaintiff. Entity Defendants ignored the abuse, concealed the abuse, failed to provide help to Plaintiff, and/or failed to meaningfully respond to known dangers about the Frodsham for years.

124.    Entity Defendants ratified and endorsed Barbara Frodsham and/or David Frodsham's behavior, because they continued to allow this abuse and/or known dangers of abuse to occur unchecked, unaddressed, and/or unreported for years. Defendants further ratified Barbara Frodsham's physical abuse of Plaintiff by ignoring the report of DCS's own psychiatrist, deeming Barbara unfit as a parent, yet returning Plaintiff to her custody. Barbara Frodsham continued her vicious, foreseeable physical abuse of Plaintiff.

125.    This ratification also included the State's decision to enlist, employ, and contract with Licensing Agencies, including non-State Entity Defendants, to license the

Frodshams, monitor foster placements, and supervise Plaintiff, despite actions and/or omissions that the State and/or Licensing Agencies, including non-State Entity Defendants, knew or should have known, would result in continued child endangerment.

126.    As a direct and proximate result of Entity Defendants' conduct, Plaintiff has emotional trauma, physical pain, mental anguish, emotional damages including the loss of enjoyment of life, and loss of earning capacity, in an amount to be determined by a jury at trial.

<div align="center">

**COUNT XI**
**Violations of the Arizona Constitution**
**Against All Defendants**

</div>

127.    Plaintiff incorporates the preceding paragraphs, as though fully set forth herein.

128.    By virtue of the acts and omissions described herein, Defendants violated Plaintiff's right to privacy, liberty interests, due process, and/or his right to be free from abuse and neglect.

129.    Defendants, while acting in their individual and/or official capacities, violated Plaintiff's rights under Article II, Section VII (Due Process of Law) and Article II, Section VIII (Right to Privacy) of the Arizona Constitution.

130.    By authorizing, acquiescing in, and failing to properly investigate, report, and protect Plaintiff, Defendants violated Plaintiff's constitutional rights and/or protections under Arizona law, engaging in behavior that was negligent and grossly negligent, or reckless in its disregard or the endangerment and injuries of Plaintiff.

131.    Plaintiff's constitutional rights—and indeed basic human rights—to reasonable safety and freedom from harm were violated by Defendants' failure to follow the State's own statutory and mandated rules and regulations to refrain from harming Plaintiff and/or to sufficiently investigate allegations of abuse and neglect, and the failure of Defendants to promulgate proper rules, regulations, practices, policies, and procedures explicitly designed to protect children, including Plaintiff.

132.    Defendants' violation of such laws include, but are not limited to, A.R.S. § 12-541(1), A.R.S. §§ 47-3307(1) (Breach of Fiduciary Duty by Fiduciary), -3307(2)

(Breach of Fiduciary Duty by Represented Person), A.R.S. §§ 13-1003(A) and (B) (Conspiracy), and -3620 (Duty to Report Abuse). At all times relevant, Defendants, knew or should have known of Defendants' propensities to violate A.R.S. §§ 13-1003(A) and (B) (Conspiracy), and -3620 (Duty to Report Abuse), felonies under Arizona law.

133.    As a direct and proximate result of Defendants' acts and omissions, Plaintiff has suffered emotional trauma, physical pain, mental anguish, emotional damages including the loss of enjoyment of life, and loss of earning capacity, in an amount to be determined by a jury at trial.

<u>**COUNT XII**</u>
**Breach of Fiduciary Duty**
**Against All Defendants**

134.    Plaintiff incorporates the preceding paragraphs, as though fully set forth herein.

135.    All Defendants had a fiduciary duty to Plaintiff, either arising out of statute or common law as a "special relationship" and/or via a "state-created danger."

136.    All of Defendants' actions in its failure to properly license his foster placement, monitor/supervise his placement, and/or adequately investigate known or suspected dangers relating to the Frodshams and/or children in their home were done with either conscious disregard or deliberate indifference to Plaintiff's safety.

137.    Entity Defendants' conduct in executing superficial licensing, investigations, supervision of Plaintiff, despite risks that Defendants knew or should have known, was extreme and outrageous, negligent and grossly negligent, and/or done intentionally and/or recklessly.

138.    Defendants David Frodsham and Barbara Frodshams' sexual and physical abuse of Plaintiff violated their duty to keep Plaintiff safe from harm and injury.

139.    As a direct and proximate result of Defendants' acts and omissions, Plaintiff has suffered emotional trauma, physical pain, mental anguish, emotional damages including the loss of enjoyment of life, and loss of earning capacity, in an amount to be determined by a jury at trial.

///

24

**COUNT XIII**
**Violations of Constitutional Rights under 42 U.S.C. § 1983**
**Against All Defendants**

140.    Plaintiff incorporates the preceding paragraphs, as though fully set forth herein.

141.    42 U.S.C. § 1983 imposes liability on one who, under color of law, deprives a person of any "rights, privileges, or immunities secured by the Constitution and laws," under 42 U.S.C. § 1983. *See Weatherford ex rel. Michael L. v. State*, 206 Ariz. 529, 531 (2003). A child placed in a dangerous foster care placement may bring an action based upon 42 U.S.C. § 1983 against individual state workers/agents (and, by extension, the State) for violating the foster child's substantive due process rights under the United States Constitution. The touchstone of substantive due process is protection against government power arbitrarily and oppressively exercised. *See Weatherford ex rel. Michael L. v. State*, 206 Ariz. 529, 533, (2003). By extension, the Due Process Clause is "intended to prevent government officials from abusing their power or employing it as an instrument of oppression." *See County of Sacramento v. Lewis,* 523 U.S. 833, 846.

142.    Plaintiff alleges he incurred damage from abusive executive conduct, enacted by employees/agents operating on behalf of the State. Plaintiff further alleges the conduct was "arbitrary in the constitutional sense" to implicate the Due Process Clause, as outlined in *Weatherford ex rel. Michael L. v. State*, 206 Ariz. 529, 533 (2003).

143.    Plaintiff alleges Defendants, including individuals acting under the color of law and on behalf of the State, acted with willful, wanton, and deliberate indifference to the basic needs and rights of Plaintiff. These actions and/or omissions include Defendants, including individuals acting under the color of the law and on behalf of the State, engaging in widespread failure to properly report, investigate, and/or substantiate known, reasonably discoverable, and/or clear and convincing indications of child abuse, child endangerment, neglect, and/or maltreatments of Plaintiff and other similarly situated children throughout Cochise County and the State of Arizona.

144.    Plaintiff further alleges that his treatment, placement with the Frodshams, (and/or Defendants' actions and/or omissions in improperly placing, failing to monitor

25

Plaintiff, and/or returning Plaintiff to Barbara Frodsham's care despite a DCS psychiatrist's warnings about her inability as a parent to care for or protect her children, where she continued abusing Plaintiff) fell beneath the "broad and idealistic concepts of dignity, civilized standards, humanity, and decency," in Plaintiff's constitutional rights. *See Weatherford ex rel. Michael L. v. State*, 206 Ariz. 529, 534 (2003).

145.    Plaintiff's treatment by, placement/return with/to the Frodsham home, and/or Defendants' actions and/or omissions in placing and failing to monitor Plaintiff constitutes negligence and gross negligence, recklessness, and/or deliberate indifference to the known or obvious dangers to which Plaintiff was subjected by Defendants. These actions and/or omissions created a "state-created danger," resulting in Plaintiff's harm.

146.    Defendants are prohibited from violating a person's constitutional rights, including Plaintiff's rights, regardless of whether acting in their individual or official capacity, including but not limited to Plaintiff's constitutional rights under the Eighth and Fourteenth Amendments of the United States Constitution.

147.    Pursuant to the Eight Amendment of the United States Constitution, individuals are guaranteed to be free from cruel and unusual punishment. State officials and its employees/agents, including Defendants, are prohibited from violating a person's constitutional rights, including Plaintiff's rights, regardless of whether acting in their individual or official capacity, guaranteed by the Eighth Amendment of the United State Constitution.

148.    Pursuant to the Fourteenth Amendment of the United States Constitution, individuals are guaranteed to due process. State officials and their agents, including Defendants, are prohibited from violating a person's constitutional rights, including Plaintiff's rights, regardless of whether acting in their individual or official capacity, guaranteed by the Fourteenth Amendment of the United States Constitution.

149.    Defendants' policies, practices, and/or procedures disregarding the high risk of injury posed to innocent children, including Plaintiff.

150.    Defendants' actions were conceived as a tactical plan pursuant to their training, policies, practices, and/or procedures, which ignored the risk posed to Plaintiff.

151.     Defendants' unconstitutional policies, practices, and/or procedures were the moving force behind Defendants' tactical plan to violate Plaintiff's constitutional rights.

152.     But for Defendants' unconstitutional policies, practices, and/or procedures of ignoring the risks posed to innocent children, Defendants would not have executed a tactical plan that exposed Plaintiff to such an extreme risk of injury.

153.     Defendants knew or should have known that there was a greater risk of injury to Plaintiff based on Defendants' acts and/or omissions.

154.     The risk of injury in which Defendants placed Plaintiff was intentional and/or reckless and displayed willful indifference and disrespect to human life.

155.     At all times relevant, Defendants, regardless of whether acting in their individual or official capacities, failed to act reasonable and/or with prudence.

156.     Defendants' policies, practices, and/or procedures further violated the United States Constitution and Plaintiff's constitutional rights, as their acts and omissions demonstrate intentional actions, deliberate indifference, and/or extreme recklessness for the safety and wellbeing of innocent children, including Plaintiff.

157.     Defendants' intentional actions, deliberate indifference, and/or reckless disregard for the constitutional rights and safety of Plaintiff is the direct and proximate cause of Plaintiff's injuries.

158.     The State and/or other Entity Defendants, ratified these unconstitutional policies, practices, and/or procedures by either turning a blind either to known or obvious dangers and/or covering up the abuse committed by David and Barbara Frodsham. This ratification included the intentional return of Plaintiff to Barbara Frodsham's care and home, despite DCS's own psychiatrist warning of her inability to care for her children. Thereafter, Barbara Frodsham continued her abuse of Plaintiff. This ratification also included the State's decision to enlist, employ, and contract with Entity Defendants to supervise Plaintiff, despite actions and/or omissions that the State and/or Entity Defendants knew or should have known, would result in continued child endangerment.

159.     As a direct and proximate result of Defendants' acts and omissions, Plaintiff suffered emotional trauma, physical pain, mental anguish, emotional damages

including the loss of enjoyment of life, and loss of earning capacity, in an amount to be determined by a jury at trial.

## COUNT XIV
### Punitive Damages
### Against All Defendants (Except Defendant State of Arizona)

160.    Plaintiff incorporates the preceding paragraphs, as though fully set forth herein.

161.    Defendants consciously pursued a course of conduct, and/or engaged in a cover-up, knowing that it created (and perpetuated) a substantial risk and/or significant harm to Plaintiff, and Defendants committed acts and omissions so egregious and reprehensible that it can only be assumed that Defendants intended to injure Plaintiff, and/or that they consciously disregarded the substantial risk of harm created by their conduct, such that Defendants' conduct was the result of an evil mind warranting the imposition of punitive or exemplary damages against them.

162.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered significant emotional trauma, physical pain, mental anguish, emotional damages including the loss of enjoyment of life, and loss of earning capacity, in an amount to be determined by a jury at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A.    For Plaintiff's damages in an amount to be proven at trial by jury;

B.    For Plaintiff's incurred costs together with interest at the highest lawful rate on the total amount of all sums awarded from the date of judgment until paid;

C.    For the fair and reasonable monetary value of Plaintiff's past, present, and future medical bills, pain, suffering, impairment, loss of enjoyment of life, and loss of earning capacity;

D.    For punitive and exemplary damages as allowed by Arizona State and federal law;

E.    For attorneys' fees incurred; and

F.     For such other and further relief in law and equity as the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Ariz. R. Civ. P. and A.R.S. § 12-1176, Plaintiff Trever Frodsham demands a jury trial on all Counts so triable.

RESPECTFULLY SUBMITTED this 29th day of March, 2022.

**CADIGAN LAW FIRM, LLC**

*/s/ Lynne M. Cadigan*
Lynne M. Cadigan, Esq.
Taylor W. Boren, Esq.
*Attorneys for Plaintiff Trever Frodsham*

**SUPERIOR COURT OF ARIZONA, COCHISE COUNTY**
**PATRICIA MUNOZ, CHIEF PROBATION OFFICER**

## ADULT PROBATION DISPOSITION/COVER SHEET

**NAME:**            David Wayne Frodsham

**SENTENCING DATE:**   08/24/2016     **SENTENCE TIME:** 14:00
**SENTENCING JUDGE:**  Wallace R Hoggatt
**CRIMINAL DIVISION:**  III
**PROSECUTOR:**        Sara Ransom - County Attorney
**DEFENSE:**            Joseph DiRoberto - Privately Retained

**NEW OFFENSE**

**CAUSE No.:**  CR201600521       **CHARGE:** Count 3 Attempt to Commit 13-1405A
                                       SEXUAL CONDUCT WITH MINOR
                                       N 3 F

**DISPOSITION:**       _____

_____

FELONY__MISDEMEANOR__OPEN-END__RESTITUTION__FINE__REIMBURSEMENT

## ARIZONA SUPERIOR COURT IN COCHISE COUNTY
## ADULT PROBATION DEPARTMENT

### REVISED PRESENTENCE REPORT- PART ONE

**Defendant:** David Wayne FRODSHAM

**Case No:** CR201600521

**Sentencing Judge:** Wallace R. Hoggatt

**Sentencing Date:** August 24, 2016

### SENTENCE INFORMATION

On September 23, 2016 the Court ordered the probation officer to prepare new presentence reports for Cochise County Superior Court CR201600419 and Cochise County Superior Court CR201600521. The Court ordered the information in the new presentence reports to be consistent with the information presented at sentencing on August 24, 2016. Defense counsel then provided the transcript to the probation officer on October 13, 2016.

**Charge:**

**Note:** **Counts 1 and 2** of the plea agreement are presented in the presentence report for Cochise County Superior Court CR201600419.

**Count 3:** From or about October 2015 through April 21, 2016, **David Wayne Frodsham** intentionally or knowingly attempted to commit sexual conduct with a minor under the age of 18 years when the Defendant was in a position of trust with the minor, to wit: The Defendant *attempted* to engage in sexual intercourse or oral sexual contact with R.F., the Defendant's 16-year-old adopted or foster son, in violation of **A.R.S. §§ 13-1001, 13-1405(A)(B), 13-1401, 13-105, 13-701, 13-702, 13-801, 13-901, and 13-902**, a class 3 felony and an amendment to Count 1 of the Direct Information in CR201600521.

**Penalty:**

Sentencing range for a Class 3 non-dangerous, non-repetitive felony offense:

| 2 years | 2.5 years | 3.5 years | 7 years | 8.75 years |
|---------|-----------|-----------|---------|------------|
| **Mitigated** | **Minimum** | **Presumptive** | **Maximum** | **Aggravated** |

The Court may impose a fine up to $150,000 plus an 83 percent surcharge and grant probation up to life.

1

**Defendant: David Wayne FRODSHAM**

**Case No: CR201600521**

**Mandatory Sentencing Provisions:**

| A.R.S. | Requirement |
|---|---|
| § 13-603(I) | Community Supervision |
| § 13-610 | DNA sample |
| § 13-3821(Q) | $250 sex-offender registration assessment (no surcharge) |
| § 13-3821 | Sex-offender registration |

**Plea Agreement Stipulations/Special Terms:**

The Court accepted the Defendant's guilty plea in Division III on August 24, 2016.

The State and the Defendant stipulate and agree to the following:

The Defendant shall register as a sex offender pursuant to A.R.S. § 13-3821, et seq.

The Defendant admits to the emotional harm to Victim RF.

Regarding Count 1, the Court will sentence the Defendant to 8.5 years in the Arizona Department of Corrections, to commence immediately upon sentencing by the Court. The parties acknowledge that this is a flat time sentence pursuant to A.R.S. § 13-1405(B) and the Defendant will serve the time day-for-day with no expectation of early release.

Regarding Count 2, the Court will sentence the Defendant 8.5 years in the Arizona Department of Corrections, to commence and run consecutively to the Defendant's completion of the term in Count 1 of the plea agreement. The parties acknowledge that this is a flat time sentence pursuant to A.R.S. § 13-1405(B) and the Defendant will serve the time day-for-day with no expectation of early release.

Regarding Count 3 listed in CR201600521, the Court will suspend sentence and place the Defendant on lifetime probation, to commence upon his release from prison and run consecutively to Counts 1 and 2 of the plea agreement.

The Defendant acknowledges and consents to amendments to all counts of the plea agreement as provided in Paragraph 15 of the Plea Agreement. As to Count 2 in particular, the Defendant acknowledges that the amendment substantively amends the charge to remove reference to *conspiracy* to commit sexual conduct with a minor

2

**Defendant:  David Wayne FRODSHAM**

**Case No:  CR201600521**

while the Defendant was in a position of trust and instead allege the completed crime of sexual conduct with a minor while the Defendant was in a position of trust.  The Defendant consents to the amendments and acknowledges that the facts and evidence the State would be able to present at trial support the amendment to Count 2, as well as other amendments to the Indictment and Direct Information.

Because the Defendant agrees to lifetime probation on Count 3 following his prison terms on Counts 1 and 2, the Defendant waives community supervision.

The Defendant agrees to pay restitution to all the victims named in the original Indictment and Direct Information, even if they are not named within the specific charges to which the Defendant is pleading guilty. The Defendant understands he is jointly and severally liable for the entire restitution amount(s). The Defendant specifically agrees to make restitution to the victims for losses suffered as a result of the course of conduct of which the Defendant may only be a part.  The Defendant agrees to pay restitution in the total amount up to <u>$5,000.00</u> if documented by the victims. *The victim representatives shall have up to 45 days after the date of sentencing in which to submit documentation in support of any restitution request.*

The Defendant will pay a fine of $2,500.00 plus an 83 percent surcharge, for a total $4,575.

The Defendant shall have no contact, direct or indirect, with Victim RF.

After consultation with Victim RF's representative, the State agrees that it will not pursue charges related to crimes perpetrated against Victim RF. The Defendant is aware that the State's investigation into other potential victims is on-going, and the State reserves the right to pursue charges as to other potential victims.

The following charges are dismissed or, if not yet filed, shall not be brought against the Defendant: Counts 1, 2, 5 and 6 of the Indictment in CR201600419.The Direct Information in CR201600521 contains a single count to which the Defendant is pleading guilty by this Plea Agreement, so there are no dismissals pertinent to that matter.

<u>**Co-defendant:**</u>

None

**Defendant:  David Wayne FRODSHAM**

**Case No:  CR201600521**

**Related Case:**

United States v. Randall Alexander Bischak
U.S. District Court, District of Arizona Docket CR16-1004-TUC-RM

Counts 1-3: Production of child pornography
Counts 4-6: Distribution of child pornography
Count 7: Possession of child pornography

Pending trial set for February 14, 2017.

## STATEMENT OF OFFENSE

**Law Enforcement Report Summary:**

On December 9, 2015, a U.S. Department of Homeland Security Agent performing undercover Internet investigations determined that a user identified as *PupBrass* posted sexually explicit material depicting children into a chat group known as P*edopicsandvidd.* Based upon the agent's review of the contents of the chats and postings, the agent determined P*edopicsandvidd* was dedicated primarily to topics related to child sexual abuse and child pornography.

The agent downloaded four videos and six images from *PupBrass* that depicted children, some as young as toddlers, engaged in sexually explicit conduct, including oral and vaginal penetration of children by adults and children posing nude in sexually explicit poses with a focus on their genitalia. Three videos depicted the following:

An adult male forcing his erect penis into the vagina of a 2- to 3-year-old female child while the child cries for her *mommy*; an adult male forcing his erect penis into the mouth of an 8- to 10-year-old female child while he tells her to not look at the camera and shows her how he wants her to masturbate his penis; and, an adult male forcing his erect penis into the vagina of an 8- to 10-year-old female child while he switches positions for about two minutes showing different angles of the vaginal penetration.

In March 2016, Tucson Police Department undercover officers conducted chats and received downloads from *PupBrass*. After an undercover officer indicated he had two daughters, *PupBrass* asked for their age; asked if they had been previously *shared*; and, asked if they liked *cock*. *PupBrass* also expressed that he intended to do anything the undercover officer was willing to let him do with his daughters. *PupBrass* also told the undercover officer a 6-year-old child had stimulated his genitalia with his/her hands.  He also sent a picture of a penis he claimed belonged to him and told the undercover officer to tell his 12-year-old daughters that *he wants pussy pie.*

4

**Defendant: David Wayne FRODSHAM**

**Case No: CR201600521**

An American Registry for Internet Numbers revealed the IP address associated with *PupBrass* was near Phoenix and registered to Cox Communications. On February 8, 2016, U.S. Department of Homeland Security served a summons on Cox Communications requesting the identity of *PupBrass*. On March 4, 2016, Cox Communications responded and identified the account subscriber as Randall Bischak at 1595 South Paseo La Paz in Sierra Vista, Arizona. After a week of surveillance on the residence, an agent executed a search warrant and secured computers, cellular telephones, electronic tablets, and CDs with digital data. A forensic examination of Bischak's cellular telephone revealed several applications related to child pornography.

During an interview with an agent, Bischak expressed that he was engaged in consensual sex with David Frodsham; he and Frodsham had discussed engaging in sexual contact with a toddler; Frodsham had sent a toddler into the bathroom with Bischak for sexual contact with the toddler; and, Bischak had sex with Frodsham's 16-year-old adopted son, RF.

Bischak showed the agent a picture of the toddler and expressed that Frodsham had previously sent the picture to him on a cellular telephone application. He also showed the agent pictures of RF exposing his penis and testicles. The agent then reviewed text messages between Bischak and Frodsham which revealed the following: Frodsham expressed that he would bring *the little ones* with him when they met for sex; and, Bischak brags about sex with underage boys including a 4-year-old boy.

Based upon Bischak's interview, an agent executed a search warrant at Frodsham's residence and secured computers, cellular telephones, and other digital media storage. During an interview with an agent, Frodsham expressed he was involved in an intimate sexual relationship with Bischak; he introduced RF to Bischak; he brought two toddlers to Bischak's residence when he and Bischak engaged in sex in the back bedroom; he and Bischak watched pornography but he was unable to see without his glasses; he sent Bischak pictures of toddlers; he was not involved in possessing or distributing child pornography; and, he has never involved the children he was responsible for in sexual acts.

A forensic examination of Frodsham's cellular telephone revealed two photographs depicting Frodsham in the bathtub naked with two naked toddlers.

On April 21, 2016, Bischak told an agent Frodsham introduced him and RF with the specific intention of them engaging in sexual activity. He expressed that he had a video of the three of them engaged in sexual activity. Further examination of Bischak's cellular telephone revealed videos of him and RF engaged in sexual activity with the dates of the videos corresponding to text messages between Bischak and Frodsham where Frodsham is making transportation arrangements for RF to Bischak's

**Defendant: David Wayne FRODSHAM**

**Case No: CR201600521**

residence. Agents arrested Bischak and booked him into federal custody. Agents also arrested Frodsham and booked him into the county jail.

**Defendant's Statement:**

The probation officer interviewed the defendant on July 12, 2016. He completed the presentence interview packet with no difficulty. The defendant was polite, cooperative, and appropriately answered all questions regarding the instant offense and his personal background. The defendant acknowledged that he pleaded guilty pursuant to a plea agreement.

The defendant was very remorseful regarding his criminal behavior and attributed his involvement in the instant offense to his therapy-unaddressed sexual victimization as a teenager and alcoholism. He provided the following written statements (paraphrased):

*I regretfully engaged in despicable, lewd sexual misconduct with RF and a third party (Randall Bischak). I allowed RF to perform oral sex on myself and the third party. I innocently introduced RF to Bischak for the sole purpose of RF earning money performing yard work for Bischak. Granted, I knew both were interested in males. I was still shocked when I first learned Bischak had engaged in sexual activity with RF. RF then told me that Bischak agreed to buy him a fancy cellular telephone if he could arrange a threesome, and I foolishly agreed. Unbeknownst to RF or me, Bischak covertly filmed a portion of our sexual encounter.*

*I feel ignominious. Every sleepless night I pray to God to turn back the time. I can never forgive myself for violating the bond with RF. I betrayed him, but I am encouraged that he will recover because of his strength. I hope he receives treatment and counseling. Also, I can never forgive myself for the shame and humiliation I have caused to my family. They are devastated by my actions. They are supporting each other, and I have insisted they dissociate themselves with me.*

*I am fully responsible for the sordid act on RF and must be sent to prison for my penance. I am hopeful that I can do some goodwill in prison by teaching or mentoring less-fortunate individuals. I hope the Court can have mercy on me.*

**Victim's Statement:**

Pursuant to A.R.S. §§ 13-4424 and 12-253(4), the probation officer sent a letter and telephonically contacted the victim representative, a Department of Child Safety case manager, to obtain information regarding the economic, physical, and psychological impact the criminal offense has had on the victim and the victim's immediate family.

**Defendant: David Wayne FRODSHAM**

**Case No: CR201600521**

The case manger expressed that RF received a kinship placement and is participating in counseling. The case manager provided no further information.

| RISK/NEEDS ASSESSMENT |
|---|

**Offender Screening Tool (OST) Score:**

| RISK/NEEDS CLASSIFICATION - Male | | | |
|---|---|---|---|
| Low 0-5 | Medium-Low 6-10 | Medium-High 11-17 | High 18-42 |
| | | 14 | |

| COMMUNITY SUPERVISION LEVEL | | | | |
|---|---|---|---|---|
| Administrative Supervision | Standard Issue-Driven Supervision | Special Programs – Drug Court | Intensive Probation Supervision | Ineligible – Mandatory Incarceration |

| COLLATERAL INFORMATION |
|---|

None

| EVALUATION |
|---|

**Summary:**

The 59-year-old defendant pleaded guilty, pursuant to a plea agreement, to attempted sexual conduct with a minor. The plea agreement stipulates that the Court will suspend sentence and place the Defendant on lifetime probation, to commence upon his release from prison on Counts 1 and 2 in Cochise County Superior Court CR201600419.

The screening tool suggests the defendant is a medium-high risk/needs offender. Based upon his medium-high risk/needs and the serious nature and circumstances of the offense, the lifetime probation-stipulated plea agreement is considered appropriate to protect the public from further crimes of the defendant and to provide the defendant with needed community-based correctional treatment in the most effective manner following his release from prison.

Therefore, it is respectfully recommended the Court place the defendant on probation for lifetime under the following terms and conditions:

7

**Defendant: David Wayne FRODSHAM**

**Case No: CR201600521**

**Standard Conditions:**

1-7, 8 (written permission for out-of-county travel); 9-15; 16 (no alcohol); 19 (no victim contact); 21 (deferred incarceration sanction); 22 (alcohol-free residence); 22 (Shall close all social media accounts including Facebook, Instagram, YouTube and others as directed by supervising probation officer; and 22 (Shall not have access to the internet without permission from supervising probation officer)

**Time Credit Computation:**

| Date | Event | Days Credit |
|------|-------|-------------|
| April 21, 2016 | Initial Arrest | NA |
| August 24, 2016 | Sentencing | 125 |
| | **Total Time Credit =** | **125** |

**Mitigating and Aggravating Circumstances:**

**A.R.S. § 13-701(D) Aggravating Circumstances:**

Regarding Counts 1 and 2, the Court finds in aggravation *emotional harm to the victim* pursuant to A.R.S. § 13-701(D) (9). Additionally regarding Count 2, the Court finds in aggravation *presence of an accomplice* pursuant to A.R.S. § 13-701(D) (4).

**A.R.S. § 13-701(E) Mitigating Circumstances:**

The Court finds *the Defendant has remorse for what he did to the victim in this case.*

8

**Defendant: David Wayne FRODSHAM**

**Case No: CR201600521**

**Financial Assessments:**

| | |
|---|---|
| **Probation Fees A.R.S. § 13-901** | <u>$75</u> |
| **Probation Assessment A.R.S. § 12-114.01** | <u>$20</u> |
| **Time Payment Fee A.R.S. § 12-116** | <u>$20</u> |
| **Additional Assessment A.R.S. § 12-116.04** <br>**(Sierra Vista PD DR 16-14197)** | <u>$13</u> |
| **Fine A.R.S. § 13-801** | <u>$2,500</u> |
| **83 Percent Surcharge A.R.S. § 12-116** | <u>$2,075</u> |
| **Indigent Defense Fee A.R.S. § 11-588\*** | <u>NA</u> |
| **Attorney Fees\*\*** | <u>NA</u> |
| **Sex-Offender Registration A.R.S. § 13-3821(Q)** | <u>$250</u> |

\* \*\* The defendant has retained legal representation.

**Restitution**

The Defendant agrees to pay restitution to all the victims named in the original Indictment and Direct Information, even if they are not named within the specific charges to which the Defendant is pleading guilty. The Defendant understands he is jointly and severally liable for the entire restitution amount(s). The Defendant specifically agrees to make restitution to the victims for losses suffered as a result of the course of conduct of which the Defendant may only be a part. The Defendant agrees to pay restitution in the total amount up to <u>$5,000.00</u> if documented by the victims. *The victim representatives shall have up to 45 days after the date of sentencing in which to submit documentation in support of any restitution request.*

Respectfully submitted,

J. Vince Romero
Deputy Adult Probation Officer
Bisbee Office (520) 432-8822

by Catherine Stevens
Supervisor Adult Probation Officer
Bisbee Office (520) 432-8820

**Date:** November 7, 2016

9

**Defendant: David Wayne FRODSHAM**

**Case No: CR201600521**

**Sentencing Judge: Wallace R. Hoggatt**

**Sentencing Date: August 24, 2016**

## PRESENTENCE REPORT - PART TWO

### ASSESSMENT SUMMARIES

#### Offender Screening Tool (OST) Domain Summary:

**Static Risk Factors** – Pre-existing personal characteristics or environmental conditions that increase the likelihood of criminal behavior or other negative outcomes and cannot be changed

**Protective Factors** – Current and pre-existing characteristics or environmental conditions that increase the likelihood of positive outcomes

**Dynamic Risk/Need Factors** – Current personal characteristics or environmental conditions that correlate to criminal conduct and negative outcomes but can be changed through targeted intervention

| DOMAIN | SUMMARY |
|---|---|
| **Family/Social Relationships**<br><br>**SCORE: 6/8** | **Static Risk Factors**<br>• The defendant left home before age 16.<br>• The defendant reported a childhood history of domestic violence.<br><br>**Dynamic Risk/Need Factors**<br>• The defendant's current family relations are negative and non-existent.<br>• The defendant's relationship with his wife is very strained, estranged, and pending divorce.<br>• The defendant reported no references or peers.<br>• The defendant reported no regular association with at least one pro-social person.<br><br>**Protective Factors**<br>• The defendant was raised by biological parents.<br>• The defendant's parents or siblings had no criminal record during the defendant's formative years. |

10

**Defendant: David Wayne FRODSHAM**    **Sentencing Judge: Wallace R. Hoggatt**

**Case No: CR201600521**    **Sentencing Date: August 24, 2016**

| Residence/ Neighborhood SCORE: 1/2 | **Static Risk Factors**<br>• None<br><br>**Dynamic Risk/Need Factors**<br>• The defendant's residential arrangement before his detention for the instant offense included the victim of the instant offense.<br><br>**Protective Factors**<br>• The defendant's residence was stable during the six months prior to his detention. |
|---|---|
| Education SCORE: 1/3 | **Static Risk Factors**<br>• The defendant was suspended and/or expelled from school.<br><br>**Dynamic Risk/Need Factors**<br>• None<br><br>**Protective Factors**<br>• The defendant has a master's degree in strategic studies. |
| Vocational/ Financial SCORE: 1/5 | **Static Risk Factors**<br>• None<br><br>**Dynamic Risk/Need Factors**<br>• The defendant is currently detained and unemployed.<br><br>**Protective Factors**<br>• The defendant has not been unemployed three or more times for 30-day periods during the past three years.<br>• The defendant has not been fired or forced to resign during the past three years.<br>• The defendant reported no current financial difficulties and an ability to satisfy obligations.<br>• The defendant receives no financial assistance from family, friends, or public assistance. |

11

**Defendant: David Wayne FRODSHAM**      **Sentencing Judge: Wallace R. Hoggatt**

**Case No: CR201600521**                 **Sentencing Date: August 24, 2016**

| | |
|---|---|
| **Alcohol** | • See Confidential Section |
| **Drug Abuse** | • See Confidential Section |
| **Mental Health** | • See Confidential Section |
| **Physical Health/Medical**<br><br>**SCORE: NA** | • See Confidential Section |
| **Attitude**<br><br>**SCORE: 2/7** | **Static Risk Factors**<br>• None<br><br>**Dynamic Risk/Need Factors**<br>• The defendant's self-assessment reveals values and beliefs supportive of crime.<br>• The defendant's self-assessment also reveals values and beliefs non-conforming to societal norms.<br><br>**Protective Factors**<br>• The defendant expressed an affirmative acceptance of responsibility for the instant offense.<br>• The defendant expressed amenability toward supervision.<br>• The defendant expressed respect for authority.<br>• The defendant expressed a fair motivation level for life improvements.<br>• The defendant expressed an ability to be self-disciplined and achieve goals by conventional channels. |

12

**Defendant: David Wayne FRODSHAM**          **Sentencing Judge: Wallace R. Hoggatt**

**Case No: CR201600521**                     **Sentencing Date: August 24, 2016**

| Criminal Behavior SCORE: 2/9 | Static Risk Factors |
|---|---|
| | • The instant offense is a felony. <br> • The instant offense is a crime of violence because it involves emotional harm. |

## Additional Assessment Results:

**Arizona Sex Offender Assessment Screening Profile and Regulatory Community Notification:**

| | | |
|---|---|---|
| **Sex Offense Risk Score** | 19 | Lower Risk Range |
| **General Recidivism Risk** | 15 | Lower Risk Range |
| **Suggested Community Notification** | Level 1 | |

For Level 1 offenders, the local law enforcement agency that is responsible for notification shall maintain information about the offender. The local law enforcement agency may disseminate this information to other law enforcement agencies and may give notification to the people with whom the offender resides - A.R.S. §§ 13-3825 and 13-3826.

**Adult Substance Use Survey- Revised (ASUS-R):**

See Confidential Section

13

**Defendant: David Wayne FRODSHAM**

**Case No: CR201600521**

**Sentencing Judge: Wallace R. Hoggatt**

**Sentencing Date: August 24, 2016**

## CONFIDENTIAL

### FOR DISCLOSURE ONLY TO THE COURT, PROSECUTOR, DEFENSE ATTORNEY, AND OTHER AUTHORIZED CRIMINAL JUSTICE AGENCIES

| VICTIM INFORMATION |
|---|

Not Applicable

| CONFIDENTIAL ASSESSMENT SUMMARIES |
|---|

| DOMAIN | SUMMARY |
|---|---|
| **Alcohol**<br><br>**SCORE: 1/3** | **Static Risk Factors**<br>• The defendant has two alcohol-related arrests.<br><br>**Dynamic Risk/Need Factors**<br>• None<br><br>**Protective Factors**<br>• The defendant has not consumed alcohol since his only alcohol-related arrests in January 2015.<br>• The defendant expressed an interest in positive behavioral changes related to alcohol. |
| **Drug Abuse**<br><br>**SCORE: 0/3** | **Static Risk Factors**<br>• None<br><br>**Dynamic Risk/Need Factors**<br>• None<br><br>**Protective Factors**<br>• The defendant reported no drug use during the past year.<br>• The defendant reported no drug use during the month leading up to the instant offense.<br>• The defendant expressed an interest in continuing to not use drugs; he has not used drugs for over 34 years. |

14

**Defendant: David Wayne FRODSHAM**          **Sentencing Judge: Wallace R. Hoggatt**

**Case No: CR201600521**          **Sentencing Date: August 24, 2016**

| | |
|---|---|
| **Mental Health**<br><br>**SCORE: 0/2** | **Static Factors**<br><br>• None<br><br>**Current Needs**<br><br>• None |
| **Physical Health/Medical**<br><br>**SCORE: NA** | **Current Needs**<br>• The defendant takes medication for hypertension. |

**Additional Assessment Results:**

**Adult Substance Use Survey- Revised (ASUS-R):**

The defendant participated in the ASUS-R. The self-assessment suggests the defendant reported the following:

| SCALE | SELF-ASSESSMENT PROFILE |
|---|---|
| **Alcohol and Other Drug (AOD) Involvement** | • The defendant has a **high level** of lifetime alcohol involvement. |
| **AOD Disruption** | • The defendant has experienced a **very high level** of problems and/or negative consequences in life because of alcohol involvement. |
| **AOD Involvement Past 6 months** | • The defendant has a **non-existent level** of alcohol and/or drug involvement during the past six months. |

15

**Defendant: David Wayne FRODSHAM**      **Sentencing Judge: Wallace R. Hoggatt**

**Case No: CR201600521**      **Sentencing Date: August 24, 2016**

| | |
|---|---|
| **AOD Social and/or Psychological Benefits** | • The defendant has a **very high level** of alcohol involvement for social and/or psychological benefits. |
| **Social Non-Conformance** | • The defendant has a **low level** of rebelliousness and/or anti-social behavior. |
| **Lifetime Legal Non-Conformance** | • The defendant has a **very low level** of legal non-conformance. |
| **Legal Non-Conformance Past 6 months** | • The defendant had a **high level** of legal non-conformance during the six months prior to detention. |
| **Mood Adjustment** | • The defendant has experienced a **high level** of psychological and/or emotional disruption in life. |
| **Psychosocial Disruption and Problems** | • The defendant is indicating a **high level** of past and/or current life-functioning problems and adjustment. |
| **Defensive** | • The defendant is **defensive** when disclosing personal and/or sensitive information. |
| **Motivation to Change** | • The defendant has a **low level** of motivation to seek help to make life changes with regard to alcohol and/or other drug problems and to stop or to continue to not use alcohol and/or other drugs. |

16

**Defendant: David Wayne FRODSHAM**　　**Sentencing Judge: Wallace R. Hoggatt**

**Case No: CR201600521**　　　　　　　**Sentencing Date: August 24, 2016**

| Strengths | • The defendant perceives a **very high level** of strength with regard to managing life problems and/or handling issues in major life-functioning areas. |
|---|---|
| **Suggested Services** | • Guidelines suggest regular weekly alcohol and/or other drug outpatient treatment services. |

## CRIMINAL HISTORY

The defendant and local, state, and national law enforcement agencies report the following:

**Adult Felony Convictions:**

None

**Adult Misdemeanor Convictions:**

None

**Adult Pending:**

| Date/Place | Offense | Disposition |
|---|---|---|
| 10/2015 through 04/21/2016 Sierra Vista, AZ | Counts 1-2: Sexual exploitation of minor Count 3: Sexual conduct with minor Count 4: Conspiracy to commit sexual conduct with minor Counts 5-6: Conspiracy to commit child molestation **Cochise County Superior Court CR201600419    Instant Offense** | 08/24/2016: Pleaded guilty to amended Counts 3 and 4 of Indictment for dismissal of remaining counts |
| 10/2015 through 04/21/2016 Sierra Vista, AZ | Count 1: Sexual conduct with minor **Cochise County Superior Court CR201600521    Instant Offense** | 08/24/2016: Pleaded guilty to amended Count 1 of Direct Information |

17

**Defendant: David Wayne FRODSHAM**                    **Sentencing Judge: Wallace R. Hoggatt**

**Case No: CR201600521**                                **Sentencing Date: August 24, 2016**

**Adult Dismissed:**

| Date/Place | Offense | Disposition |
|---|---|---|
| 01/06/2015<br>Sierra Vista, AZ | Disorderly conduct-fighting | Dismissed |
| 01/06/2015<br>Sierra Vista, AZ | Agg DUI-passenger under age 15<br>(4 counts)<br>Child abuse-reckless (4 counts) | Dismissed |

**Juvenile:**

None

**Other Legal Status and Detainers:**

None

Respectfully submitted,

J. Vince Romero
Deputy Adult Probation Officer
Bisbee Office (520) 432-8822

for Catherine Stevens
Supervisor Adult Probation Officer
Bisbee Office (520) 432-8820

**Date:** November 7, 2016

18

## COCHISE COUNTY CLIENT INFORMATION SHEET

**David Wayne Frodsham**    **D.O.B.** 08/23/1956    **Age** 60    **APO** Romero, Julian

| | | | |
|---|---|---|---|
| **Residence** ASPC - 4374 E Butte Ave    **Unit** | | **Ethnicity** | White | **Sex** | M |
| Florence, Arizona 85232 | | **Eyes** | Hazel |

**Residence** ASPC - 4374 E Butte Ave    **Unit**
Florence, Arizona 85232

**Phone**

**Message**

**Employer** Retired

**Suite**

**Occupation** Personnel Director

**Marital** Married    **Dependents** 0

**Driver's LIC** D07774570 - Valid

**Ethnicity** White    **Sex** M
**Eyes** Hazel    **Hair** Brown
**D.O.B.** 08/23/1956    **Height** 6 ft.
**P.O.B.** Spokane, Washington    **Weight** 255 lbs.
United States    **Language** English

**SSN** 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    **Citizen** United States
**SID #** AZ24137864    **FBI #** 269127JG7
**Alien #** NA

### Spouse / Relative / Children

| | | | |
|---|---|---|---|
| Barbara  Frodsham | Spouse | 59 yrs. | 1274 Sunflower Way  Sierra Vista, Arizona 85635 |
| Jillian  Frodsham | Daughter | 32 yrs. | Department of Corrections  Phoenix, Arizona |
| Jonathan  Frodsham | Son | 30 yrs. | Address Unknown  Sierra Vista, Arizona 85635 |
| Meagan  Frodsham | Daughter | 28 yrs. | Address Unknown  Sierra Vista, Arizona 85635 |
| William  Frodsham | Brother | 63 yrs. | Address Unknown  Yakima, Washington |
| Sheryl  Sansavoe | Sister | 50 yrs. | Address Unknown  Snohomish, Washington |

| | |
|---|---|
| | *NCIC Scars, Marks and Tattoos |
| TAT L ARM - Heart | TAT R ARM  - Heart |

1 of 3

## COCHISE COUNTY CLIENT INFORMATION SHEET

**David Wayne Frodsham**                    **D.O.B.** 08/23/1956    **Age** 60    **APO** Romero, Julian

### Juvenile Justice Interventions

| 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
|---|---|---|---|---|---|---|---|---|
| Referral / | Adjudication / | Probation / | Intensive / | Detention / | DOJC | Parole / | Transfer / | Diversion |

### Criminal History

| Misdemeanors | | Felonies | | General | |
|---|---|---|---|---|---|
| Sex | 0 | Sex | 0 | Outstanding Warrant | 0 |
| Violence | 0 | Violence | 0 | Probation Revocation | 0 |
| Drug | 0 | Drug | 0 | Parole Revocation | 0 |
| Alcohol | 0 | Alcohol | 0 | Deportation | 0 |
| Nonviolent or Property | 0 | Nonviolent or Property | 0 | Escape | 0 |
| Total | 0 | Total | 0 | | |

### Adult Justice Interventions

| 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
|---|---|---|---|---|---|---|---|---|---|
| Deferred / | Summary / | Fine / | Probation / | Intensive / | Diversion / | Jail / | Shock / | Prison / | Parole |

### Substance Abuse

**Current Use:**

**Current Abuse:**

**Past Use:**    Marijuana ; Cocaine ; Speed/Meth ; LSD/PCP/Mushrooms ; Toxic Vapors

**Past Abuse:**    Alcohol

### Past Treatment Attempts

| 1 | 1 | 0 | 0 | 0 | 0 | 0 |
|---|---|---|---|---|---|---|
| Anger Control | Alcohol | Drug | Domestic Violence | Mental Health | Sexual Deviancy | Financial Control |

### Education

| MA, MS, PHD | | No | Yes | No | No | Yes | Yes | N |
|---|---|---|---|---|---|---|---|---|
| Grade Completed | / Special Ed | / GED-HS Grad | / Voc.or Tech. | / A.A. | / Bachelors | / Post Graduate | | W.R.A.T. |

### Screening Completed

| Drug Court | Not Screened | Domestic Violence | Not Screened |
|---|---|---|---|
| SMAST | Not Screened | INS | Not Screened |
| Work Furlough | Not Screened | Intensive Probation Supervision | Not Screened |
| Juvenile Transfer/JTOP | Not Screened | Interstate Compact | Not Screened |
| Community Punishment Program | Not Screened | Sex Offender | Not Screened |

## COCHISE COUNTY CLIENT INFORMATION SHEET

| David Wayne Frodsham | D.O.B. 08/23/1956  Age 60  APO Romero, Julian |
|---|---|

| Presentence Present Offense Summary | | | |
|---|---|---|---|

| Case | Judge | Sentence Date | Plea/Verdict |
|---|---|---|---|
| CR 201600419 | Wallace R Hoggatt | 08/24/2016 | 08/24/2016 |

| Prosecuting Attorney | Sara Ransom County Attorney | Defense Counsel | Joseph DiRoberto Privately Retained |
|---|---|---|---|

**Present Offense**

| | | Committed | Class | NCIC |
|---|---|---|---|---|
| Ct. 1 | | 10/01/2015 - 04/21/2016 | 2F | 1199N |
| | 13-1405A  SEXUAL CONDUCT WITH MINOR | **Guilt By Plea/A** | | |
| | | ☑ Victim | | |

A.R.S. 13-1405(A), 13-1405(B), 13-1401, 13-105, 13-701, 13-702, 13-801, 13-901, and 13-902

| Arrested | Incarcerated | Released | Jail Days | Custody Type | DR Number |
|---|---|---|---|---|---|
| 04/21/2016 | 04/21/2016 | 08/24/2016 | 125 | In Prison | Sierra Vista PD 16-14197 |
| | | Total Jail Days | 125 | | |

| Ct. 2 | Conspiracy to Commit | 10/01/2015 - 04/21/2016 | 2F | C1199N |
|---|---|---|---|---|
| | 13-1405A  SEXUAL CONDUCT WITH MINOR | **Guilt By Plea/A** | | |
| | | ☑ Victim | | |

A.R.S. 13-1405(A), 13-1405(B), 13-1401, 13-105, 13-701, 13-702, 13-801, 13-901, and 13-902

| Arrested | Incarcerated | Released | Jail Days | Custody Type | DR Number |
|---|---|---|---|---|---|
| 04/21/2016 | 04/21/2016 | 08/24/2016 | 125 | In Prison | Sierra Vista PD 16-14197 |
| | | Total Jail Days | 125 | | |

| CR 201600521 | Wallace R Hoggatt | 08/24/2016 | 08/24/2016 |
|---|---|---|---|

| Prosecuting Attorney | Sara Ransom County Attorney | Defense Counsel | Joseph DiRoberto Privately Retained |
|---|---|---|---|

**Present Offense**

| | | Committed | Class | NCIC |
|---|---|---|---|---|
| Ct. 3 | Attempt to Commit | 10/01/2015 - 04/21/2016 | 3F | A1199N |
| | 13-1405A  SEXUAL CONDUCT WITH MINOR | **Guilt By Plea/A** | | |
| | | ☑ Victim | | |

A.R.S. 13-1001, 13-1405(A), 13-3405(B), 13-1401, 13-105, 13-701, 13-702, 13-801, 13-901 and 13-902

| Arrested | Incarcerated | Released | Jail Days | Custody Type | DR Number |
|---|---|---|---|---|---|
| 04/21/2016 | 04/21/2016 | 08/24/2016 | 125 | In Prison | Sierra Vista PD 16-14197 |
| | | Total Jail Days | 125 | | |

## Executive Order 2014-01

### Establishing a Cabinet-Level Child Safety and Family Services Division

**WHEREAS,** the safety of all children in the State of Arizona is of the utmost importance; and

**WHEREAS,** every child has the right to a safe environment and protection from harm; and

**WHEREAS,** throughout the United States and Arizona the unconscionable failure of some in society to care for and protect children is a long-standing problem; and

**WHEREAS,** the child welfare system in Arizona should promote and prioritize the safety of children and inspire public confidence; and

**WHEREAS,** it is necessary to continuously monitor and review the effectiveness of the child welfare system's delivery of services and efficient utilization of resources and consider reforms to enhance child safety when appropriate; and

**WHEREAS,** the current Arizona child welfare system is broken and is not meeting expectations of prior reform efforts and it is time for significant reform; and

**WHEREAS,** A.R.S. § 41-1954 requires the Department of Economic Security, among other functions, to administer child welfare services to children, youth and families; and

**WHEREAS,** Article 5, Section 4 of the Arizona Constitution and A.R.S. § 41-101 provide that the Governor shall transact all executive business, supervise the official conduct of all executive officers, and ensure the laws be faithfully executed; and

**WHEREAS,** A.R.S. § 41-1953 allows for the establishment, abolishment or reorganization of the organizational units within the department in order to carry out the department's statutory functions; and

**WHEREAS,** the Division of Children, Youth and Families and the Office of Child Welfare Investigations are currently located within the Department of Economic Security; and

**WHEREAS,** the Division of Children, Youth and Families houses the state child welfare program, including Child Protective Services, foster care, adoption, and the Comprehensive Medical and Dental Program; and

**WHEREAS,** the Office of Child Welfare Investigations is charged with investigating criminal conduct allegations of child abuse and neglect; and

**WHEREAS,** A.R.S. § 41-1969.01 states that the Director of the Department of Economic Security is responsible for the direction, operation and control of the Office of Child Welfare Investigations; and

**WHEREAS,** an independent, stand-alone organizational and direct reporting structure for the state child welfare program will ensure the effective delivery of services and efficient utilization of resources, providing appropriate outcomes for children, youth and families through transparency, increased accountability and coordinated service delivery; and

**WHEREAS,** maintaining operational support for the state child welfare program within the Department of Economic Security until a permanent, separate agency is established will allow for maximum administrative and financial efficiency in the short-term.

Executive Order 2014-01
Page 2

**NOW, THEREFORE, I,** Janice K. Brewer, Governor of the State of Arizona, by virtue of the authority vested in me by the Constitution and laws of this State, hereby order and direct as follows:

1. The Division of Children, Youth and Families is abolished and the Division of Child Safety and Family Services is established. The Director of the Division of Child Safety and Family Services shall oversee and direct all administrative, programmatic, and management functions of the state child welfare program, including Child Protective Services, foster care, adoption, and the Comprehensive Medical and Dental Program.

2. The Office of Child Welfare Investigations shall also report to the Director of the Division of Child Safety and Family Services.

3. The Director of the Division of Child Safety and Family Services shall report directly to the Governor on all administrative and policy matters involving child welfare, including Child Protective Services, foster care, adoption, and the Comprehensive Medical and Dental Program.

4. The Director of the Division of Child Safety and Family Services shall administer the budgets of the state child welfare program and the Office of Child Welfare Investigations separate and distinct from one another.

5. The Director of the Division of Child Safety and Family Services shall consider the recommendations of the Independent Child Advocate Response Examination Team (CARE Team), as directed by the Governor, for the purpose of improving services, practices and outcomes for children, youth and families.

6. The Director of the Division of Child Safety and Family Services shall collaborate with the Governor's Office and with stakeholders, including the Arizona Legislature, in the development of a permanent, separate agency – autonomous from the Department of Economic Security – for state child welfare programs and services.

**IN WITNESS WHEREOF,** I have hereunto set my hand and caused to be affixed the Great Seal of the State of Arizona.

*Janice K. Brewer*

**GOVERNOR**

**DONE** at the Capitol in Phoenix on this thirteenth day of January in the Year Two Thousand Fourteen and of the Independence of the United States of America the Two Hundred and Thirty-Eighth.

**ATTEST:**

**Secretary of State**

Person/Attorney Filing: Lynne M Cadigan
Mailing Address: 504 South Stone Avenue
City, State, Zip Code: Tucson, AZ 95701
Phone Number: (520)622-6066
E-Mail Address: lmcadigan@cadiganlawfirm.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 009044, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF COCHISE

Trever Frodsham
Plaintiff(s),                          Case No.   S0200CV202200149
v.
State of Arizona, et al.              **SUMMONS**
Defendant(s).

To: State of Arizona

## WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, PO Drawer CK, Bisbee, Arizona 85603 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  COCHISE

SIGNED AND SEALED this date:*March 29, 2022*

*Amy Hunley*
Clerk of Superior Court

By:*APICKETT*
Deputy Clerk



Person/Attorney Filing: Lynne M Cadigan
Mailing Address: 504 South Stone Avenue
City, State, Zip Code: Tucson, AZ 95701
Phone Number: (520)622-6066
E-Mail Address: lmcadigan@cadiganlawfirm.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 009044, Issuing State: AZ

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
### IN AND FOR THE COUNTY OF COCHISE

Trever Frodsham
Plaintiff(s),                                    Case No.    S0200CV202200149
v.
State of Arizona, et al.                         **SUMMONS**
Defendant(s).

To: Catholic Community Services of Southern Arizona, INC

## WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, PO Drawer CK, Bisbee, Arizona 85603 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  COCHISE

SIGNED AND SEALED this date: *March 29, 2022*

*Amy Hunley*
Clerk of Superior Court

By: *APICKETT*
Deputy Clerk



Person/Attorney Filing: Lynne M Cadigan
Mailing Address: 504 South Stone Avenue
City, State, Zip Code: Tucson, AZ 95701
Phone Number: (520)622-6066
E-Mail Address: lmcadigan@cadiganlawfirm.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 009044, Issuing State: AZ

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
### IN AND FOR THE COUNTY OF COCHISE

Trever Frodsham
Plaintiff(s),                                    Case No.   S0200CV202200149
v.
State of Arizona, et al.                         **SUMMONS**
Defendant(s).

To: Arizona Partnership for Children, LLP

## WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, PO Drawer CK, Bisbee, Arizona 85603 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  COCHISE

SIGNED AND SEALED this date:*March 29, 2022*

*Amy Hunley*
Clerk of Superior Court

By:*APICKETT*
Deputy Clerk



Person/Attorney Filing: Lynne M Cadigan
Mailing Address: 504 South Stone Avenue
City, State, Zip Code: Tucson, AZ 95701
Phone Number: (520)622-6066
E-Mail Address: lmcadigan@cadiganlawfirm.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 009044, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF COCHISE

Trever Frodsham
Plaintiff(s),                              Case No.   S0200CV202200149
v.
State of Arizona, et al.                   **SUMMONS**
Defendant(s).

To: Catholic Charities Community Services, INC

## WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, PO Drawer CK, Bisbee, Arizona 85603 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  COCHISE

SIGNED AND SEALED this date:*March 29, 2022*

*Amy Hunley*
Clerk of Superior Court

By:*APICKETT*
Deputy Clerk



Person/Attorney Filing: Lynne M Cadigan
Mailing Address: 504 South Stone Avenue
City, State, Zip Code: Tucson, AZ 95701
Phone Number: (520)622-6066
E-Mail Address: lmcadigan@cadiganlawfirm.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 009044, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF COCHISE

Trever Frodsham
Plaintiff(s),
v.
State of Arizona, et al.
Defendant(s).

Case No.   S0200CV202200149

**SUMMONS**

To: The Devereux Foundation, DBA Devereux Advanced Behavioral Health

## WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, PO Drawer CK, Bisbee, Arizona 85603 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  COCHISE

SIGNED AND SEALED this date:*March 29, 2022*

*Amy Hunley*
Clerk of Superior Court

By:*APICKETT*
Deputy Clerk



AZturboCourt.gov Form Set #6665634

Person/Attorney Filing: Lynne M Cadigan
Mailing Address: 504 South Stone Avenue
City, State, Zip Code: Tucson, AZ 95701
Phone Number: (520)622-6066
E-Mail Address: lmcadigan@cadiganlawfirm.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 009044, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF COCHISE

| | |
|---|---|
| Trever Frodsham | |
| Plaintiff(s), | Case No.   S0200CV202200149 |
| v. | |
| State of Arizona, et al. | **SUMMONS** |
| Defendant(s). | |

To: Barbara Frodsham

## WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, PO Drawer CK, Bisbee, Arizona 85603 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  COCHISE

SIGNED AND SEALED this date:*March 29, 2022*

*Amy Hunley*
Clerk of Superior Court

By:*APICKETT*
Deputy Clerk



AZturboCourt.gov Form Set 66665634

Person/Attorney Filing: Lynne M Cadigan
Mailing Address: 504 South Stone Avenue
City, State, Zip Code: Tucson, AZ 95701
Phone Number: (520)622-6066
E-Mail Address: lmcadigan@cadiganlawfirm.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 009044, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF COCHISE

Trever Frodsham
Plaintiff(s),
v.
State of Arizona, et al.
Defendant(s).

Case No.   S0200CV202200149

**SUMMONS**

To: David Frodsham

## WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, PO Drawer CK, Bisbee, Arizona 85603 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  COCHISE

SIGNED AND SEALED this date:*March 29, 2022*

*Amy Hunley*
Clerk of Superior Court

By:*APICKETT*
Deputy Clerk



Person/Attorney Filing: Lynne M Cadigan
Mailing Address: 504 South Stone Avenue
City, State, Zip Code: Tucson, AZ 95701
Phone Number: (520)622-6066
E-Mail Address: lmcadigan@cadiganlawfirm.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 009044, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF COCHISE

Trever Frodsham
Plaintiff(s),                                    Case No.   S0200CV202200149
v.
State of Arizona, et al.                         **SUMMONS**
Defendant(s).

To: Jane/John Roes 1-50

## WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, PO Drawer CK, Bisbee, Arizona 85603 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  COCHISE

SIGNED AND SEALED this date:*March 29, 2022*

*Amy Hunley*
Clerk of Superior Court

By:*APICKETT*
Deputy Clerk



AZturboCourt.gov Form Set #6665634

2

Person/Attorney Filing: Lynne M Cadigan
Mailing Address: 504 South Stone Avenue
City, State, Zip Code: Tucson, AZ 95701
Phone Number: (520)622-6066
E-Mail Address: lmcadigan@cadiganlawfirm.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 009044, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF COCHISE

| Trever Frodsham | |
|---|---|
| Plaintiff(s), | Case No.   S0200CV202200149 |
| v. | |
| State of Arizona, et al. | **SUMMONS** |
| Defendant(s). | |

To: Roe Corporations 1-50

## WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, PO Drawer CK, Bisbee, Arizona 85603 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  COCHISE

SIGNED AND SEALED this date:*March 29, 2022*

*Amy Hunley*
Clerk of Superior Court

By:*APICKETT*
Deputy Clerk



FILED
Amy Hunley
CLERK, SUPERIOR COURT
03/29/2022  7:35AM
BY: APICKETT
DEPUTY

Case No.: S0200CV202200149
HON.

Person/Attorney Filing: Lynne M Cadigan
Mailing Address: 504 South Stone Avenue
City, State, Zip Code: Tucson, AZ 95701
Phone Number: (520)622-6066
E-Mail Address: lmcadigan@cadiganlawfirm.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 009044, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF COCHISE

Trever Frodsham
Plaintiff(s),

v.

State of Arizona, et al.
Defendant(s).

Case No.

**CERTIFICATE OF
COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the
Local Rules of Practice for the Cochise County Superior Court, and I further certify that
this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of
the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this

By: Lynne M Cadigan /s/
Plaintiff/Attorney for Plaintiff

Person/Attorney Filing: Lynne M Cadigan
Mailing Address: 504 South Stone Avenue
City, State, Zip Code: Tucson, AZ 95701
Phone Number: (520)622-6066
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 009044, Issuing State: AZ
Attorney E-Mail Address: lmcadigan@cadiganlawfirm.com

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

# IN AND FOR THE COUNTY OF COCHISE

**Discovery Tier Level 3**

FILED
Amy Hunley
CLERK, SUPERIOR COURT
04/07/2022 4:07PM
BY: BHERNAND
DEPUTY

**RUSING LOPEZ & LIZARDI, P.L.L.C.**
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800
Facsimile: (520)529-4262

Michael J. Rusing; mrusing@rllaz.com
State Bar No. 006617; PAN 50020
Mark D. Lammers; mdlammers@rllaz.com
State Bar No. 010335; PAN 330131
Sarah S. Letzkus; sletzkus@rllaz.com
State Bar No. 027314; PAN 66655
*Attorneys for Defendant, State of Arizona*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF COCHISE

| | |
|---|---|
| TREVER FRODSHAM, by and through conservator, Fleming and Curti, PLC, | NO. S-0200-CV-202200149 |
| Plaintiff, | **NOTICE OF APPEARANCE** |
| vs. | (Assigned to Hon. _____) |
| STATE OF ARIZONA, a body politic; CATHOLIC COMMUNITY SERVICES OF SOUTHERN ARIZONA, INC., an Arizona non-profit corporation; ARIZONA PARTNERSHIP FOR CHILDREN, LLP, an Arizona limited liability partnership; CATHOLIC CHARITIES COMMUNITY SERVICES, INC., an Arizona corporation; THE DEVEREUX FOUNDATION, d/b/a DEVEREUX ADVANCE BEHAVIORAL HEALTH and DEVEREUX ADVANCED BEHAVIORAL HEALTH ARIZONA, a Pennsylvania non-profit corporation; DAVID FRODSHAM, an individual; BARBARA FRODSHAM, an individual; JANE AND JOHN ROES 1-50, individuals; and ROE | |

CORPORATIONS 1-50, entities of
form unknown,

                              Defendants.

Notice is hereby given that Michael J. Rusing, Mark D. Lammers, and Sarah S. Letzkus of the law firm of Rusing Lopez & Lizardi, P.L.L.C., make an appearance as attorney of record for Defendant, State of Arizona. All future pleadings, correspondence and other papers related to this matter should be directed to counsel as follows:

Michael J. Rusing (mrusing@rllaz.com)
Mark D. Lammers (mdlammers@rllaz.com)
Sarah S. Letzkus (sletzkus@rllaz.com)
Rusing Lopez & Lizardi, P.L.L.C.
6363 N. Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: 520-792-4800
Facsimile: 520-529-4262

DATED this April 7, 2022.

                              RUSING LOPEZ & LIZARDI, P.L.L.C.


                              /s/ Mark D. Lammers
                                  Michael J. Rusing
                                  Mark D. Lammers
                                  Sarah S. Letzkus
                                  *Attorneys for Defendant, State of Arizona*

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

56783606_1

2

ORIGINAL of the foregoing e-filed
this April 7, 2022.

COPY e-served this April 7, 2022 to:

Lynne M. Cadigan
Taylor W. Boren
Cadigan Law Firm, PLLC
504 S. Stone Ave.
Tucson, AZ 85701
lmcadigan@cadiganlawfirm.com
tboren@cadiganlawfirm.com
*Attorneys for Plaintiff*

By:    */s/ Elizabeth S. Machin*

FILED
Amy Hunley
CLERK, SUPERIOR COURT
04/07/2022 4:07PM
BY: BHERNAND
DEPUTY

1  **RUSING LOPEZ & LIZARDI, P.L.L.C.**
   6363 North Swan Road, Suite 151
2  Tucson, Arizona 85718
   Telephone: (520) 792-4800
3  Facsimile: (520)529-4262

4  Michael J. Rusing; mrusing@rllaz.com
   State Bar No. 006617; PAN 50020
5  Mark D. Lammers; mdlammers@rllaz.com
   State Bar No. 010335; PAN 330131
6  Sarah S. Letzkus; sletzkus@rllaz.com
   State Bar No. 027314; PAN 66655
7  *Attorneys for Defendant, State of Arizona*

8              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9                  IN AND FOR THE COUNTY OF COCHISE

10  TREVER FRODSHAM, by and
    through conservator, Fleming and Curti,     NO. S-0200-CV-202200149
11  PLC,
                                                **NOTICE OF CHANGE OF VENUE**
12                         Plaintiff,           **PURSUANT TO A.R.S. § 12-822(B)**

13  vs.                                         (Assigned to Hon. _____)

14  STATE OF ARIZONA, a body politic;
    CATHOLIC COMMUNITY
15  SERVICES OF SOUTHERN
    ARIZONA, INC., an Arizona non-
16  profit corporation; ARIZONA
    PARTNERSHIP FOR CHILDREN,
17  LLP, an Arizona limited liability
    partnership; CATHOLIC CHARITIES
18  COMMUNITY SERVICES, INC., an
    Arizona corporation; THE
19  DEVEREUX FOUNDATION, d/b/a
    DEVEREUX ADVANCE
20  BEHAVIORAL HEALTH and
    DEVEREUX ADVANCED
21  BEHAVIORAL HEALTH ARIZONA,
    a Pennsylvania non-profit corporation;
22  DAVID FRODSHAM, an individual;
    BARBARA FRODSHAM, an
23  individual; JANE AND JOHN ROES 1-
    50, individuals; and ROE

1   CORPORATIONS 1-50, entities of
    form unknown,
2
                                    Defendants.
3

4       Defendant, State of Arizona, hereby provides notice, pursuant to Arizona Revised

5   Statutes ("A.R.S.") § 12-822(B), of its demand for change of venue to Maricopa County.

6   A.R.S. § 12-822(B) provides:

7       In an action against this state upon written demand of the attorney general,
        made at or before the time of answering, served upon the opposing party and
8       filed with the court where the action is pending, the place of trial of any such
        action *shall* be changed to Maricopa county.
9   Emphasis added.[1]

10      WHEREFORE, based upon the foregoing, Defendant, State of Arizona, respectfully

11  requests that this Court enter an order transferring venue of the action to the Maricopa County

12  Superior Court.

13      DATED this April 7, 2022.

14                                  RUSING LOPEZ & LIZARDI, P.L.L.C.

15

16                                  */s. Mark D. Lammers*
                                        Michael J. Rusing
17                                      Mark D. Lammers
                                        Sarah S. Letzkus
18                                      *Attorneys for Defendant, State of Arizona*

19

20

21

22

23

24

[1] *See State, Dep't of Corr. v. Fenton*, 163 Ariz. 174, 176, 786 P.2d 1025, 1027 (Ct. App. 1989)(Where representation of
25  the state is delegated to private counsel by the Attorney General, counsel has authority to request mandatory change of
    venue pursuant to A.R.S. § 12–822(B))

56783629_1                                    2

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

ORIGINAL of the foregoing e-filed
this April 7, 2022.

COPY e-served this April 7, 2022 to:

Lynne M. Cadigan
Taylor W. Boren
Cadigan Law Firm, PLLC
504 S. Stone Ave.
Tucson, AZ 85701
lmcadigan@cadiganlawfirm.com
tboren@cadiganlawfirm.com
*Attorneys for Plaintiff*

By:    */s/ Elizabeth S. Machin*

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

FILED
Amy Hunley
CLERK, SUPERIOR COURT
04/08/2022 8:23AM
BY: JBELAIR
DEPUTY

1  Lynne M. Cadigan (AZ #009044)
   Taylor W. Boren (AZ #037414)
2  **CADIGAN LAW FIRM, PLLC**
   504 S. Stone Avenue
3  Tucson, AZ 85701
4  Telephone: (520) 622-6066
   Facsimile: (520) 882-4373
5  lmcadigan@cadiganlawfirm.com
6  tboren@cadiganlawfirm.com

7  *Attorneys for Plaintiff Trever Frodsham*

8           **ARIZONA SUPERIOR COURT**

9              **COCHISE COUNTY**

10
   TREVER FRODSHAM, by and through        **CASE NO.:   S-0200-CV-202200149**
11 conservator, Fleming and Curti, PLC;

12                          Plaintiff,      **FIRST AMENDED COMPLAINT FOR:**

13 vs.                                       (1) Negligence,
                                            (2) Negligence *Per Se*,
14 STATE OF ARIZONA, a body politic;        (3) Gross/Aggravated Negligence
15 CATHOLIC COMMUNITY SERVICES                  (Willful and Wanton Conduct),
   OF SOUTHERN AIZONA, INC., an             (4) *Respondeat Superior*/Vicarious
16 Arizona non-profit corporation; ARIZONA      Liability/Agency,
   PARTNERSHIP FOR CHILDREN, LLP,          (5) Negligent and Grossly Negligent
17 an Arizona limited liability partnership;     Hiring/Retention/Supervision,
18 CATHOLIC CHARITIES COMMUNITY            (6) Assault and Battery,
   SERVICES, INC., an Arizona corporation;  (7) Aggravated Assault and Battery,
19 THE DEVEREUX FOUNDATION, d/b/a          (8) Intentional Infliction of Emotional
20 DEVEREUX ADVANCED                            Distress,
   BEHAVIORAL HEALTH and                    (9) Vicarious Liability,
21 DEVEREUX ADVANCED                        (10) Ratification,
22 BEHAVIORAL HEALTH ARIZONA, a            (11) Violations of the Arizona
   Pennsylvania non-profit corporation;         Constitution,
23 DAVID FRODSHAM, an individual;          (12) Breach of Fiduciary Duty,
   BARBARA FRODSHAM, an individual;        (13) Violations of Constitutional Rights
24 CLARENCE CARTER, in his personal and        under 42 U.S.C. § 1983,
25 official capacity as Director of the Arizona  (14) Punitive Damages,
   Department of Economic Security; VICKI
26 MARTZKE, in her personal and official    (Tort—Non-Vehicle Non-Death Injuries)
27 capacity as an employee of the Arizona
   Department of Child Safety; JANE and    (Tier 3)
28 JOHN ROES 1-50, individuals; and ROE

                          1

CORPORATIONS 1-50, entities of form
unknown;

Defendants.

Plaintiff Trever Frodsham ("Plaintiff"), by and through undersigned counsel, for this Complaint against Defendants, alleges:

## PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff Trever Frodsham ("Plaintiff") is 19 years old and a resident of Cochise County, Arizona.

2.    Plaintiff was born on July 11, 2002, and, at age one (1), the State of Arizona removed him from his biological mother's home and placed him in the foster care system as a ward under the care, custody, and supervision of the State of Arizona.

3.    In or around February 2004, the State of Arizona placed Plaintiff in the home of Defendant David Frodsham ("David" or "DF") and Defendant Barbara Frodsham ("Barbara" or "BF") (collectively "the Frodshams"), as a foster child. Approximately eight (8) years passed before the Frodshams eventually adopted Plaintiff. Upon information and belief, Defendant Barbara Frodsham resides in Cochise County, Arizona. In 2016, David Frodsham was charged with the sexual exploitation of Plaintiff's brother. *See* David Frodsham Pre-Sentencing Report, attached as **Exhibit A**. He is serving 17 years in prison in Arizona State Prison in Mohave County, Arizona.

4.    Defendant State of Arizona is headquartered in Maricopa County, Arizona. Defendant State of Arizona ("State") seeks to fulfill its statutory obligations to Arizona's foster youth through a variety of State agencies and departments, all of which are State-managed government agencies (and under the State's control), including at relevant times: Department of Child Safety ("DCS"), formerly Child Protective Services ("CPS"); Department of Economic Security ("DES"); Division of Children, Youth and Families ("DCYF"); and Office of Licensing, Certification and Regulation ("OCLR"), formerly Office of Licensing and Regulation ("OLR"); (collectively the "State" or "DCS").

///

2

5.    All agencies and/or departments named in Paragraph 4, *supra*, are non-jural entities, and the State is legally responsible for their acts and/or omissions, including the acts and omissions of the employees, agents, partners, principals, servants, contractors, joint venturers, volunteers and/or representatives of each, individually and collectively. At all times relevant, the State ratified all acts and/or omissions complained of herein.

6.    In addition to the management of its own agencies and departments, the State also contracts with private agencies (collectively the "Agencies" or "Licensing Agencies") and/or affiliated individuals to assist in performing its legal obligations for the care, safety, security, and/or furthering the best interests of the State's wards.

7.    Defendant Catholic Community Services of Southern Arizona, Inc. ("CCS") is an Arizona non-profit corporation with a principal place of business in Pima County, Arizona. CCS is one of the Licensing Agencies with which the State contracted to assist in performing the State's legal nondelegable duties to Plaintiff. CCS negligently and grossly negligently monitored the foster license assessment and foster placement of Plaintiff and other children with the Frodshams. CCS negligently and grossly negligently assembled, approved, and submitted Barbara and David's application to foster Plaintiff. CCS negligently and grossly negligently hired, trained, supervised, and/or educated its staff to fulfill its duties of care to Plaintiff. CCS negligently and grossly negligently monitored Plaintiff's placement (and adoption) by Barbara and David Frodsham.

8.    Defendant Arizona Partnership for Children, LLP ("AZPAC") is an Arizona limited liability partnership with a principal place of business in Maricopa County, Arizona. AZPAC's alleged purpose is to "provid[e] full integration of child welfare and behavioral health services including case management on a statewide basis, by direct service or subcontract, and for such other law business as the Partners may agree from time to time." In or around 1997, upon information and belief, multiple corporations developed a general partnership, AZPAC, so that various entities could work together, rather than compete against each other, when contracting to provide child welfare services across Arizona. By the time of Plaintiff's placement and abuse, upon information and belief, AZPAC consisted of three corporations with equal interests in the partnership: Catholic Charities Community Services, Inc. ("Catholic Charities"), The

3

Devereux Foundation ("Devereux"), and Catholic Community Services of Southern Arizona, Inc. ("CCS"). Upon information and belief, the three corporations co-mingled their finances within AZPAC. AZPAC is jointly liable for the conduct of its partner organizations, including but not limited to Defendant CCS, which directly licensed and monitored the Frodshams and placed Plaintiff in the Frodsham's care and custody, negligently and grossly negligently. AZPAC is one of the Licensing Agencies with which the State contracted to assist in performing the State's legal nondelegable duties to Plaintiff. AZPAC facilitated Plaintiff's placement with Barbara and David Frodsham, resulting in Plaintiff's years of abuse as a result of its negligence and gross negligence.

9.      Defendant The Devereux Foundation (d/b/a The Devereux Foundation and Devereux Advanced Behavioral Health Arizona) ("Devereux") is a Pennsylvania nonprofit corporation with a principal place of business in Delaware County, Pennsylvania. At all times relevant, upon information and belief, Devereux was legally responsible as a partner for the acts and/or omissions of CCS, AZPAC, and Catholic Charities, either by supervising actions surrounding Plaintiff's foster care placement, ratifying the acts and/or omissions of its partners, and/or by its direct involvement in the provision of child welfare services affecting Plaintiff.

10.      Defendant Catholic Charities Community Services, Inc. ("Catholic Charities") is an Arizona corporation with a principal place of business in Maricopa County, Arizona. Catholic Charities' alleged purpose is, in part, to "help[] find loving homes by facilitating adoption of children currently in foster care, assisting families with licensing and training, special homes for children with medical needs and children separated from their parents and families." At all times relevant, upon information and belief, Catholic Charities was legally responsible as a partner for the acts and/or omissions of CCS, AZPAC, and Devereux, either by supervising actions surrounding Plaintiff's foster care placement, ratifying the acts and/or omissions of its partners, and/or by its direct involvement in the provision of child welfare services affecting Plaintiff.

11.      Roe Corporations 1-50 are fictitious names of parties and/or entities currently unknown to Plaintiff, including but not limited to Agencies and/or Licensing Agencies, who assisted the State in performing its legal obligations for the care, safety,

4

security, and/or furthering the best interests of the State's wards, and whose negligence and/or gross negligence caused Plaintiff harm. At such time as their names are discovered, Plaintiff will amend this Complaint to state their true identities.

12.    The Defendants identified in Paragraph 4-11, *supra*, are collectively referred to as "Entity Defendants."

13.    Defendant Clarence Carter was the Director of the Arizona Department of Economic Security ("DES") from around 2011 to 2015. He is sued in his personal and official capacity, as the individual who, under the color of law, directly and indirectly controlled and was responsible for the implementation of the policies and practices designed to protect foster youth and investigate risks of child abuse, including those policies, which through negligence and gross negligence in implementation, caused Plaintiff's placement, adoption, and injuries. Plaintiff was adopted by the Frodsham home during Defendant Carter's tenure as Director of DES, which managed CPS at the time. Defendant Carter resigned from his director position around 2015. Upon information and belief, Defendant Clarence Carter resides in Davidson County, Tennessee.

14.    Defendant Vicki Martzke was a case manager, employed by DCS. She is sued in her personal and official capacity, as an individual who, under the color of law, was tasked, upon information and belief, to supervise Plaintiff with the Frodshams, monitor/evaluate the Frodshams as a placement and/or prospective adoptive home, and investigate Plaintiff's relatives in Iowa as a potential home. Martzke recommended adoption of the Frodshams over Plaintiff's relatives in Iowa, which, upon information and belief, followed improper evaluation of Plaintiff's relatives and denial of custody. Upon information and belief, Defendant Vicki Martzke resides in Cochise County, Arizona.

15.    John and Jane Roes 1-50 are fictitious names of individuals, including employees of the State and/or Licensing Agencies, currently unknown to Plaintiff, whose negligence and gross negligence caused Plaintiff harm. At such time as their names are discovered, Plaintiff will amend this Complaint to state their true identities.

16.    Entity Defendants, including but not limit to Defendants State, AZPAC, CCS, Devereux, and Catholic Charities, negligently and grossly negligently hired, trained, and supervised their staff when fulfilling their duties to Plaintiff.

17. The individual named Defendants were acting within the course and scope of their employment and/or agency relationship with the State at all relevant times, so as to render the State liable for their conduct under agency law and/or duty law.

18. The State's legal obligations to its wards are non-delegable, and the State is, therefore, legally responsible for the tortious and/or grossly negligent acts committed by the agencies, as well as the tortious and grossly negligent acts committed by David Frodsham and Barbara Frodsham, as the custodians in whom the State entrusted Plaintiff.

19. Once a child is removed from his/her biological family home and becomes a ward of the State, the State and the Licensing Agencies have a duty and obligation to ensure that each foster care placement is suitable and in the best interest of the child.

20. The State and its Licensing Agencies have an obligation to ensure that the ward is being provided with reasonable care, is safe and protected from harm, and is receiving proper and regular supervision, which means the State must conduct routine foster home visits (to the proper standard of care) to confirm that the needs of each child are met in accordance with the State's policies, procedures, rules, and/or regulations.

21. The State and each Defendant, individually and collectively, is legally responsible for the intentional, reckless, negligent and grossly negligent acts/omissions and resultant damages described herein.

22. Plaintiff asserts his claims against Defendants for violations of Plaintiff's rights under Arizona law and the U.S. Constitution.

23. The Court has jurisdiction over the subject matter of this action, pursuant to Article IV, § 14 of the Arizona Constitution and A.R.S. § 12-123.

24. The Court has personal jurisdiction over the parties in this lawsuit.

25. Defendants caused acts or events to occur within Cochise County, Arizona, out which Plaintiff's claims arise.

26. Venue is proper in this Court pursuant to A.R.S. § 12-401.

27. With regard to various claims set forth below, Plaintiff has complied with the provisions of A.R.S. § 12-821.01 by filing a notice of claim against the above-named State Defendant. Due to the emotional, mental, and/or psychological injuries of Plaintiff resulting from Defendants' severe abuse, Plaintiff has been of "unsound mind," tolling

the statute of limitations under A.R.S. § 12-502. 60 days have passed since Plaintiff served the State with his notice of claim. Thus, Plaintiff's notice of claim is deemed denied, and Plaintiff may proceed with the present causes of action against the State.

28. Given that discovery in this case has not yet commenced, this Complaint may need to be amended in the future to add additional facts, details, parties, and/or claims.

29. Pursuant to Ariz. R. Civ. P., Rule 8 and Rule 26.2, Plaintiff certifies this action under Tier 3, including for purposes of discovery.

## FACTUAL ALLEGATIONS

~~30.~~ The State of Arizona has, for years, been fully aware of the inadequate safety measures of Child Protective Services and, later, its successor organization—the Department of Child Safety ("DCS"). These inadequacies and chronic failure of the State of Arizona to protect its foster youths *directly resulted in* the creation of DCS. *See* Governor Jan Brewer's Executive Order 2014-01, attached as **Exhibit B**. Children taken by the State from problematic homes are the most vulnerable children in the State. These children, like Plaintiff, are willfully taken into the legal custody of the State, ostensibly to protect them from further abuse. However, these children often suffer even more abuse once in the "care" of the State. The historical pattern of the State's failure to protect the children in its care has been well-documented in the reports commission by the State, and it forms the basis underlying the present case. The entity of CPS was removed from DES and converted into its own agency, the Department of Child Safety ("DCS"), during Defendant Clarence Carter's tenure as Director of DES. Defendant Clarence Carter was also the Director of DES during Plaintiff's foster placement and adoption by the Frodshams in 2011. Upon information and belief, this dramatic restructuring followed the discovery of more than 6,500 uninvestigated reports of child abuse and neglect, which involved accounts that workers shelved thousands of abuse or neglect reports in order to ease field investigators' workloads in supervising children, including foster children.

### A. Initial Foster Care Licensing.

31. At all times relevant, Defendants David Frodsham and Barbara Frodsham were a married couple that resided in Sierra Vista, Cochise County, Arizona.

32. In or around 2002, the Frodshams' biological teenage son befriended a new classmate, Neal Taylor[1], who happened to be living in a group home and was a ward of the State.

33. Not long after being introduced to Neal Taylor, the Frodshams decided to become his foster parents and applied for a foster care license.

34. The State contracted with Licensing Agencies (including but not limited to: AZPAC and, in particular, CCS), to assist the Frodshams in their foster care license application and these Licensing Agencies (including but not limited to CCS) were tasked with conducting home studies, following up on and investigating allegations of abuse and neglect, and providing reports to the State regarding the status of the Frodshams' home.

35. As a Licensing Agency, the design of CCS, in particular, meant that CCS only received compensation from the State if the State issued a foster license, thus incentivizing the issuance of a foster license regardless of the fitness of the foster parents.

36. Based on information and belief, in or around August 2002—during the initial licensing application process—the Frodshams' biological daughter, then approximately 13 years old, reported to the Sierra Vista Police Department ("SVPD") that her then approximately 16-year-old brother in the Frodsham home had forcibly sexually assaulted her around 15 to 20 times over the course of several years.

37. After receiving the report, SVPD investigated these allegations, and based on information and belief, the report concluded that incestual sexual abuse was occurring in the Frodshams' home between the Frodshams' biological children.

38. Based on information and belief, SVPD's investigation report was available to the State, its Licensing Agencies, and the Frodshams during the time in which the Frodshams' foster care application had been submitted; at the time, the Frodshams' foster care application, however, was still under review and not yet approved by the State.

---

[1] Neal Taylor is alleged to be the first foster child victim that was sexually abused by David Frodsham. On or around May 21, 2020, Neal Taylor filed a lawsuit in Cochise County, Arizona, against the State and various licensing agencies. *See Neal Taylor v. State of Arizona, et al.,* S0200CV202000242.

39.    The State conducted its own superficial investigation into the SVPD report of incestual sexual abuse; however, evidence shows this investigation was substandard and incomplete and, because of this, resulted in an "unsubstantiated" finding by DCS.

40.    Despite having information related to the report of incestual abuse, and in addition to information revealing David and Barbara Frodsham falling short of the applicable licensing requirements and/or despite an incomplete evaluation, the State issued David and Barbara Frodsham a foster care license. This evaluation by the State and its Licensing Agencies was superficial and substandard, overlooking numerous "red flags" that, as a matter of State policy, demanded the State's diligent investigation and attention to ensure a child's safety in a foster placement. For instance, the State and its Licensing Agencies failed to identify that both David and Barbara Frodsham experienced childhood sexual abuse of their own—a "red flag" the State is required to identify and monitor for the protection of foster children. Barbara Frodsham even stated that, had she *even been asked* about her own childhood sexual abuse, she would have openly discussed it. The State's failure to even *identify* "red flags" in the Frodsham home (must less, address them) is without excuse, and at least one Licensing Agency, Defendant CCS, had a financial incentive to ensure the Frodshams received a foster care license. On or around October 22, 2002, the State approved David and Barbara Frodsham as foster parents.

41.    The State and/or its Licensing Agencies knew and/or should have known David Frodsham and Barbara Frodsham were a danger to Plaintiff and the other minor children entrusted to their care and that the Frodshams were not suitable foster parents.

42.    The State and its Agencies were negligent and grossly negligent in: reviewing the Frodshams for eligibility in applying for a foster care license; assisting/monitoring the Frodshams in applying for a foster care license and renewals of their foster care license; and, ultimately, in placing Plaintiff in the Frodshams' home.

**B. Plaintiff's Placement with the Frodshams.**

43.    Plaintiff Trever Frodsham, at age one (1), and his two brothers, were removed from their biological mother's care and placed in the foster care system, rendering all three children wards of the State.

///

9

44.   Having removed Plaintiff from his family home, the State became legally obligated to care for Plaintiff and provide him with a safe place to reside, whether in a foster home, group home, or adoptive home.

45.   Once Plaintiff was removed from his family home, the State had an obligation to ensure that Plaintiff's placements were safe and secure; and that Plaintiff would be free from abuse, neglect, and harm in each placement for which he resided and received care.

46.   In or around 2004, the State and its agencies placed Plaintiff and his two brothers in the home and in the care of David and Barbara Frodsham, who, on or around late fall 2011 formally adopted the three boys.

47.   There was, however, no need to keep the boys in the home of David and Barbara Frodsham, as Plaintiff's great-aunt and great-uncle in Iowa wanted to provide the boys with a permanent and loving home following removal from their parents. Plaintiff's great-aunt and great-uncle were even *favored as placement over the Frodshams as a matter of law* under the Adoption and Safe Family Act of 1997, as Plaintiff's blood relatives. However, if the State allowed Plaintiff to relocate to the State of Iowa, then the State of Arizona—already strapped for funds in its foster program—would lose state-specific federal funds to an out-of-state family, like Plaintiff's extended relatives. *See* Title IV-E of the Social Security Act; *see also* 42 U.S.C. §§ 672, 673.

48.   Allowing Plaintiff's extended relatives to take custody of Plaintiff and his brothers would alienate one of Arizona's very willing foster care placements, making the State's foster placements more difficult; Barbara and David Frodsham repeatedly accepted foster children, generating revenue for both the Frodshams and the State.

49.   Meanwhile, upon information and belief, Plaintiff's extended relatives in Iowa called the boys regularly; sent birthday cards and gifts; and, as the process dragged on, sent numerous letters to the Juvenile Court (without any response) asking when they would be permitted to have the boys. They took foster parent classes, renovated their home, and prepared to parent three young children (including Plaintiff) as their own biological children were out of the home and away at college.

///

50.    Plaintiff had a chance to live with loving relatives in Iowa, but the State had a motive to block this placement, keeping money and funding in-state. Upon information and belief, Plaintiff's extended relatives in Iowa were actually *approved* for placement by the home study, although DCS never informed them they had been approved nor were Plaintiff's relatives provided a copy of the home study. Plaintiff's abusive foster placement could have ended as early as 2005—*eleven years* before law enforcement finally removed Plaintiff from the Frodsham horrors—meaning the Frodshams' foster care placement and eventual adoption of Plaintiff never needed to happen at all.

51.    After living as a foster child with the Frodshams for roughly seven years, the Frodshams eventually adopted Plaintiff on or around late fall of 2011. This adoption followed the recommendation of DCS case worker Defendant Vicki Martzke, despite the litany of "red flags" about the Frodsham home. Upon information and belief, Defendant Martzke had a personal relationship with Barbara Frodsham and met with Plaintiff's relatives in Iowa. The facts surrounding Martzke's assessment of Plaintiff's relatives' home and suitability as a prospective home (specifically Martzke's purported criticisms of Plaintiff's relatives as allegedly unfit foster and/or adoptive parents) are actively contested by Plaintiffs' relatives, raising issues with Vicki Martzke's credibility, accuracy, and/or placement motivations. Thereafter, Plaintiff Trever Frodsham was forced to endure relentless sexual, physical, mental, and emotional abuse for another *five years* until law enforcement rescued him on or around April 21, 2016.

### C. Plaintiff's Life with the Frodshams Between 2004 and 2016.

52.    To the best of Plaintiff's recollection, before or around age six (6), David Frodsham began sexually abusing him, which, when David Frodsham was home, would occur approximately two (2) or three (3) times a week and did not end until David's arrest in 2016, although Plaintiff's grooming began much earlier than his recalled abuse.

53.    Plaintiff recalls that he was between the ages of approximately seven (7) and (10) when David Frodsham began trafficking him and subjecting Plaintiff to repeated sexual encounters with David Frodsham's various adult friends and/or acquaintances.

///

///

11

54.     In addition to enduring sexual abuse himself, Plaintiff also witnessed David Frodsham sexually abusing other foster children, including Plaintiff's older brother.[2]

55.     Barbara Frodsham would also watch David Frodsham sexually abuse Plaintiff and other foster children, possibly for her own voyeuristic sexual gratification, and that Barbara Frodsham took no steps to stop or report the sexual abuse she saw.

56.     In addition to the sexual abuse by David Frodsham and David Frodsham's acquaintances and/or friends to whom David Frodsham trafficked Plaintiff, Barbara Frodsham physically abused Plaintiff, both while a foster child and after his adoption.

57.     Barbara and David Frodsham severely abused Plaintiff. Both David Frodsham and Barbara Frodsham burned Plaintiff and his brothers with cigarettes. Barbara routinely beat Plaintiff, including with belts, and blamed him for his own abuse. Plaintiff was forced to witness his own brother's sexual abuse. Barbara repeatedly failed to buy Plaintiff clothes and withheld meals, often to punish minor slights. Barbara screamed at Plaintiff when he tried to protect himself or request food, beating him viciously. Barbara liked displaying her power over Plaintiff, and she repeatedly bent Plaintiff's finger back so forcibly that his joints cracked and swelled. Barbara would respond to Plaintiff's cries for help with "stop crying, you're fine." As a result of this abuse, Plaintiff feels he and his life have little meaning and that he has no voice.

58.     The physical abuse Barbara Frodsham inflicted upon Plaintiff, and other children, also included (but was not limited to): hair pulling; routine beatings with her hands, brooms, belts, and/or other objects; throwing the foster children down the stairs; locking the children inside of closets and outside the home (including during the heat of summer); and forcing the children, including Plaintiff, to consume hot sauce.

59.     Between in or around 2004 and 2016, various record reveal Plaintiff acting out in ways consistent with enduring sexual and physical child abuse, including suicidal

[2] Plaintiff's older brother, Ryan Frodsham, was sexually abused by David Frodsham and, on or around September 12, 2018, filed a lawsuit in Maricopa County, AZ (which, was transferred to Cochise County) against the State and Licensing Agencies. *See Frodsham v. State of Arizona, et al.,* S0200CV201900073.

writings, excessive and aggressive masturbation, and, in second grade and while at school, Plaintiff was discovered engaging in sexually inappropriate behavior for his age—clear "red flags" of childhood sexual and/or severe physical abuse.

60.    Further documentation reveals that many of these incidents were reported to the State but, like many other reported "red flags" regarding the Frodshams and issues surrounding their foster/adoptive children, the State did not take these reports seriously.

61.    Records show that reports about the Frodsham home revealed many instances of physical abuse between 2002 and 2016 to the State and/or its Agencies.

62.    On April 21, 2016, David Frodsham was arrested as he "was unable to provide a safe environment and failed to provide adequate supervision to the children while engaging in a sexual relationship with this 16 [year old] son both in and out of the home, as well as facilitating sexual engagements between his son and other men, which put the children at unreasonable risk of harm from sexual exploitation, assault, physical danger, and emotional harm. A joint investigation was conducted between DCS, OCWI, Sierra Vista Police Department (DR#16-14197), and the Department of Homeland Security which resulted in David being arrested for sexual conduct with a minor, sexual exploitation of a minor, and molestation of a child regarding incidents that had occurred both in and outside of the home."

63.    On or around August 30, 2016, David Frodsham pled guilty to multiple counts of sexual conduct with a minor, Plaintiff's brother. David Frodsham was sentenced to 17 years in prison for these crimes.

64.    Thereafter, despite DCS's *own psychiatrist* documenting Barbara Frodsham's inability to provide adequate care and protection for her children and showing signs of a personality disorder making her unfit to care for her children, the State nonetheless returned Plaintiff to the custody of Barbara Frodsham.

65.    Upon his return to Barbara Frodsham's custody, Barbara Frodsham continued her vicious physical abuse of Plaintiff.

### D. Failure to Adequately Hire, Train, and/or Supervise.

66.    Between in or around 2002 and 2016, the State had access to approximately 38 police reports involving children residing in the Frodshams' home, many of which

included behaviors that could have been (or were) inferred by the employees of the State and/or its Licensing Agencies as sexual and/or physical abuse "red flags" that required immediate in-depth investigations.

67.    Defendants, individually and collectively, were negligent and grossly negligent in: investigating the Frodshams' application to be foster parents, licensing the Frodshams as foster parents, placing Plaintiff in the Frodshams' home, investigating repeated reports of abuse and neglect in the Frodshams' home, monitoring and supervising Plaintiff's placement in the Frodshams' home, in protecting Plaintiff by removing him from that home, and in returning Plaintiff to Barbara Frodsham.

68.    Furthermore, Defendants were negligent and grossly negligent in their hiring, training, and supervision of their own staff and the contractors retained to carry out the responsibilities of screening/monitoring prospective or actual foster parents, the placement of children, monitoring children, and investigating allegations of abuse.

## DAMAGES

69.    Plaintiff endured approximately twelve (12) years of sexual, physical, mental, and/or emotional abuse because of Defendants' negligence and gross negligence.

70.    As a result of the foregoing acts of negligence and gross negligence, Plaintiff has suffered incalculable and permanent physical damage and resulting emotional damage, including regular suicidal thoughts because of his severe injuries consistent with symptoms of post-traumatic stress disorder (PTSD), all of which are damages that will require significant medical and psychological care for the duration of his life. As a result of the abuse, Plaintiff is not competent to make most decisions about his daily life, and Plaintiff cannot fully process the emotional harm inflicted upon him. Defendants' acts and/or omissions, including Plaintiff's severe sexual and physical abuse by the Frodsham, have been so severe, causing Plaintiff to be of "unsound mind."

71.    Plaintiff suffers from constant bouts of rage, anxiety, depression, and symptoms consistent with severe PTSD. Plaintiff continues to act in a destructive manner to both himself and those around him. He is unable to develop normal trust attachments and has been diagnosed with anti-social personality disorder, a lifelong disorder which is

///

nearly impossible to treat and has long-term manifestations. Plaintiff has historically self-medicated with drugs and alcohol to calm the seemingly never-ending flashing visions of the trauma he endured as a child. His trauma plays over and over in his mind, and he does not sleep for days at a time, which causes him to become manic, irritable, and aggressive.

72.     Defendants' actions and/or omissions placed Plaintiff in situations where he was subjected to regular sexual, physical, mental, and emotional abuse, causing his rage and the primary reason Plaintiff cannot function as a normal individual in society.

73.     Plaintiff will likely never be able to hold stable employment, maintain stable relationships, or be able to operate normally in society due to the years of sexual and physical abuse and neglect he endured at the hands of the Defendants.

74.     As a result of the negligence and gross negligence of the Defendants in failing to properly license, protect, place, investigate, supervise, and/or monitor the care of Plaintiff in the Frodsham home, Plaintiff has suffered and will continue to suffer:

    i.  Emotional, psychological, and mental damages and resulting emotional trauma;
    ii.  Physical pain;
    iii.  Mental anguish;
    v.  Hedonic damages and loss of enjoyment of life;
    vi.  Loss of earning capacity and lost opportunity; and
    vii.  Reasonable and necessary medical expenses.

## CLAIMS FOR RELIEF

### COUNT I
### Negligence
### Against All Defendants

75.     Plaintiff repeats and incorporates by reference the allegations contained in all paragraphs above as though fully set forth herein.

76.     Defendants owed a duty of care to Plaintiff to ensure that Plaintiff's placement in the Frodsham home was safe and secure, and Plaintiff would be free from abuse, neglect, and harm in that home from when he was placed in foster care in or around 2004, when removed from his biological home, until he turned 18 years old.

///

///

77.     Defendants failed to exercise reasonable care with respect to the safety and protection of Plaintiff beginning in the early 2000s, when he was removed from his biological home and first placed into the home and care of Barbara and David Frodsham.

78.     At all times relevant, Defendants failed to exercise reasonable care with respect to the safety and protection of Plaintiff, because they knew or should have known that the Frodsham home was unreasonably dangerous.

79.     Defendants breached their duty of care to Plaintiff by failing to properly supervise the placement of Plaintiff in the Frodsham home; failing to provide and follow proper policies to protect Plaintiff, including investigating, supervising, and evaluating Plaintiff's complaints (and/or the complaints of others in the Frodsham home); failing to listen to and investigate the warnings about the Frodsham home's dangers; improperly licensing the Frodsham home; failing to adequately hire, train, and supervise Defendants' own staff, contractors, and/or placements, including Defendants David and Barbara Frodsham; and improperly returning Plaintiff to a home known to be dangerous.

80.     As a direct and proximate result of Defendants' acts and omissions, Plaintiff has suffered emotional trauma, physical pain, mental anguish, emotional damages including the loss of enjoyment of life, and loss of earning capacity, in an amount to be determined by a jury at trial.

## COUNT II
### Negligence *Per Se*
### Against All Defendants

81.     Plaintiff repeats and incorporates by reference the allegations contained in all paragraphs above as though fully set forth herein.

82.     Defendants owed a duty of care to Plaintiff to ensure that the Frodsham home was safe and secure, ensuring that Plaintiff would be free from abuse, neglect, and harm in that home, and to take all reasonable precautions to avoid placing Plaintiff at an unreasonable risk of injury.

83.     David and Barbara Frodsham breached their duties of care as Plaintiff's legal guardians by violating certain criminal/safety statutes, including but not limited to, A.R.S. §§ 13-1201 (Endangerment), -1202 (Threatening or Intimidating), -1203 (Assault

and Battery), -1204 (Aggravated Assault and Battery), -1404 (Sexual Abuse), -1405 (Sexual Conduct with a Minor), -1417 (Continuous Sexual Abuse of a Child), -3553 (Sexual Exploitation of a Minor), -3558 (Admitting Minors to Public Displays of Sexual Conduct), -3601 and -3601.01 (Domestic Violence), -3601.02 (Aggravated Domestic Violence), -3619 (Permitting Life, Health, or Morals of Minor to Be Imperiled by Abuse or Neglect), -3620 (Duty to Report Abuse), and -3623 (Child Abuse).

84.    At the time of reviewing, and after approving, the Frodshams' foster care license application in or around 2002 through the time of David Frodsham's arrest in April 2016 (as well as upon Plaintiff's return to Barbara Frodsham's care following David Frodsham's arrest, despite a DCS psychiatrist noting her inability to care for or protect her children, where Barbara Frodsham thereafter continued to abuse Plaintiff), Defendants knew or should have known of the Frodshams' propensities to violate criminal and/or safety statutes, and such violations constitute negligence *per se*.

85.    As a direct and proximate result of Defendants' acts and omissions, Plaintiff has suffered emotional trauma, physical pain, mental anguish, emotional damages including the loss of enjoyment of life, and loss of earning capacity, in an amount to be determined by a jury at trial.

## COUNT III
### Gross/Aggravated Negligence (Willful or Wanton Conduct)
### Against All Defendants

86.    Plaintiff repeats and incorporates by reference the allegations contained in all paragraphs above as though fully set forth herein.

87.    Defendants engaged in willful or wanton conduct by their action and inaction and with reckless indifference to the rights or safety of Plaintiff, because Defendants knew or should have known that their action and/or inaction created an unreasonable risk of harm to Plaintiff, and that the risk to Plaintiff was so great it was highly probable that harm would result. Such gross negligence included but was not limited to the nature of the State's contracts with various Licensing Agencies, which incentivized quantity of foster care licenses over thorough vetting that could result in denial. The elevation of quantity of foster licenses over their quality invited clear danger.

17

88.     Beginning in or around 2004, when Plaintiff was placed in the Frodshams' care, through David Frodsham's arrest in April 2016, Defendants David Frodsham and Barbara Frodsham were grossly negligent and deliberately indifferent to Plaintiff by systematically physically, sexually, emotionally, and/or psychologically abusing him.

89.     Beginning in or around 2002 through David Frodsham's arrest in April 2016 and following Plaintiff's return to Barbara Frodsham's care, Defendants were grossly negligent and deliberately indifferent in their policies and improper implementation of those policies by a widespread failure to conduct investigations of reports that children, including Plaintiff, had been abused and neglected while in State foster care custody, and by engaging in a pattern and practice of ignoring allegations of abuse and neglect of the children in their care, including Plaintiff. This included Defendants' reckless and/or deliberately indifferent return of Plaintiff to Barbara Frodsham's home, following David Frodsham's arrest, despite DCS's own psychiatrist noting Barbara Frodsham's inability to care for or protect children. Following Plaintiff's return to Barbara Frodsham's care and home, Barbara Frodsham further abused Plaintiff.

90.     As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff has suffered emotional trauma, physical pain, mental anguish, emotional damages including the loss of enjoyment of life, and loss of earning capacity, in an amount to be determined by a jury at trial.

## COUNT IV
### *Respondeat Superior*/Vicarious Liability/Agency
### Against Defendant State of Arizona

91.     Plaintiff repeats and incorporates by reference the allegations contained in all paragraphs above as though fully set forth herein.

92.     An employer is responsible for the actions of its employees/agents if the employees/agents were acting within the scope of their employment and/or authority, and the employer is therefore liable for the foreseeable acts committed by an employee/agent acting within the scope of the employee's/agent's employment in furtherance of the employer's business. *See Puritt v Pavelin,* 141 Ariz. 195, 685 P.2d 1347 (1984). An employer is also responsible for the acts and/or omissions of an independent contractor, if

the hiring of the independent contractor is, in and of itself, a dangerous selection.

93.    At all times relevant, the negligent and grossly negligent and/or reckless acts or omissions of the State employees/agents (including the actions of Licensing Agencies and their employees/agents) were the types of actions employees, agents, principals, contractors, joint venturers, servants, and/or representatives of the State were authorized to perform within the course and scope of their employment, specifically to conform to a particular standard of care to protect Plaintiff against foreseeable and unreasonable risks of harm.

94.    Those negligent and grossly negligent, and/or reckless acts and omissions occurred substantially within the time and space limits authorized by the State, and such acts or omissions were motivated by the purpose to further the State's obligations.

95.    At all times relevant, the State is also liable for its employees/agents that were acting *outside* of the course and scope of their employment. *See Schallock,* 189 Ariz. At 262, 941 P.2d at 1287 (citing Restatement (Second) of Agency 219(2)(d)); *see also Nichols v. Frank,* 42 F.3d 503, 514 (9th Cir. 1994)).

96.    At all times relevant, the State had a non-delegable duty to protect and ensure the safety of Plaintiff, who was entrusted into its care and custody at the time Plaintiff resided with the Frodshams, while the Frodshams were acting in their individual capacities as agents of the State in their roles as foster parents. The State was negligent and grossly negligent in providing supervision, care, and services to Plaintiff and failed to ensure the safety and protection of him.

97.    At all times relevant, the State employees/agents (including the Licensing Agencies and their employees) engaged in the above-described misconduct with intent to serve their own interests by knowingly and consciously disregarding substantial risks that their conduct may significantly injure the rights of Plaintiff, and/or consciously pursued a course of conduct knowing it created a substantial risk of significant harm to him. The State knew or should have known about the dangers posed by these Licensing Agencies.

///

///

///

19

98.     As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff has suffered emotional trauma, physical pain, mental anguish, emotional damages including the loss of enjoyment of life, and loss of earning capacity, in an amount to be determined by a jury at trial.

## COUNT V
### Negligent and Grossly Negligent Hiring/Retention/Supervision
### Against All Defendants

99.     Plaintiff repeats and incorporates by reference the allegations contained in all paragraphs above as though fully set forth herein.

100.    Defendants had access to police investigations dating back to around 2002 indicating sexual abuse occurring within the Frodshams' home, involving minors. Defendants had a duty to properly investigate all past and present reports of abuse within the applicants' home as part of the foster/adoptive parent licensing/monitoring process.

101.    Had Defendants fulfilled their duty to properly investigate the first report of sexual abuse around 2002, the Frodshams would never have been granted a foster care license, and Plaintiff would have never been placed in their care in 2004.

102.    Upon information and belief, as early as around 2002, Defendants knew incestual sexual abuse occurred in the Frodshams' home and no reasonable and prudent person or agency would allow or enable them to be foster and/or adoptive parents.

103.    Upon information and belief, Defendants knew that Defendants David and Barbara Frodsham were abusive parents and that no reasonable and prudent person or agency would allow or enable them to be foster and/or adoptive parents.

104.    Upon information and belief, Defendants failed to enact proper safety regulations and/or failed to properly supervise the Frodshams by causing, or allowing to be caused, the abuse and neglect or endangerment of Plaintiff, despite knowing of the Frodshams' propensity for abusing and neglecting their children.

105.    At all times relevant, Defendants were negligent, grossly negligent, and/or reckless in the licensing, retention, supervision, monitoring, and/or enablement of the Frodshams' abuse and neglect of Plaintiff.

///

106.    At all times relevant, Defendants were negligent, grossly negligent, and/or reckless in the hiring, retention, supervision, monitoring and/or enablement of their employees/agents responsible for investigating and supervising the Frodshams' care of Plaintiff.

107.    As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff has suffered emotional trauma, physical pain, mental anguish, emotional damages including the loss of enjoyment of life, and loss of earning capacity, in an amount to be determined by a jury at trial.

## COUNT VI
### Assault and Battery
### Against Defendants David Frodsham and Barbara Frodsham

108.    Plaintiff repeats and incorporates by reference the allegations contained in all paragraphs above as though fully set forth herein.

109.    At all times relevant, Defendants David Frodsham and Barbara Frodsham: (1) intended to cause harmful or offensive contact with Plaintiff or cause Plaintiff apprehension of an immediate harmful or offensive contact; (2) in actuality caused a harmful or offensive contact with Plaintiff; and (3) Plaintiff suffered physical and emotional damages as result of such conduct.

110.    At all times relevant, Defendants knew David Frodsham and Barbara Frodsham had propensities to violate the above-described acts of assault and battery in violation of A.R.S. §§ 13-1203.

111.    As a direct and proximate result of Defendants' acts and omissions, Plaintiff has suffered emotional trauma, physical pain, mental anguish, emotional damages including the loss of enjoyment of life, and loss of earning capacity, in an amount to be determined by a jury at trial.

## COUNT VII
### Aggravated Assault and Battery
### Against Defendants David Frodsham and Barbara Frodsham

112.    Plaintiff repeats and incorporates by reference the allegations contained in all paragraphs above as though fully set forth herein.

113.    At all times relevant, Defendants David Frodsham and Barbara Frodsham: (1) intended to cause harmful or offensive contact with Plaintiff or cause Plaintiff apprehension of an immediate harmful or offensive contact; (2) in actuality caused a harmful or offensive contact with Plaintiff with deadly, potentially deadly, and/or dangerous weapons, including but not limited to, leather belts and cigarettes; and (3) caused Plaintiff to suffer physical/emotional damages as result of such conduct.

114.    At all times relevant, Defendants knew David Frodsham and/or Barbara Frodsham had propensities to violate the above-described acts of aggravated assault and battery in violation of A.R.S. §§ 13-1204. Such acts and/or omissions constitute negligence *per se* under Arizona law.

115.    As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff has suffered emotional trauma, physical pain, mental anguish, emotional damages including the loss of enjoyment of life, and loss of earning capacity, in an amount to be determined by a jury at trial.

## COUNT VIII
### Intentional Infliction of Emotional Distress (Extreme and Outrageous Conduct) Against All Defendants

116.    Plaintiff repeats and incorporates by reference the allegations contained in all paragraphs above as though fully set forth herein.

117.    The continuous sexual, physical, and emotional abuse Plaintiff endured starting in or around 2004 by Defendants, including the Frodshams, was extreme and outrageous and done with the intent to cause Plaintiff emotional distress.

118.    Defendants' conduct, including but not limited to Entity Defendants' conduct in failing to investigate, supervise, and report the abuse; overlooking "red flags" or abuse; and returning Plaintiff to Barbara Frodsham's care and home, despite DCS's own psychiatrist attesting to her inability to care for or protect her children (where she then continued to physically abuse Plaintiff); was extreme and outrageous, done intentionally and/or recklessly, and caused Plaintiff to suffer emotional distress.

119.    As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff has suffered emotional trauma, physical pain, mental anguish, emotional

1

2

damages including the loss of enjoyment of life, and loss of earning capacity, in an amount to be determined by a jury at trial.

3

4

**COUNT IX**
**Vicarious Liability**
**Against Entity Defendants**

5

6

120.    Plaintiff repeats and incorporates by reference the allegations contained in all paragraphs above as though fully set forth herein.

7

8

9

10

11

12

121.    At all times relevant, the negligent and grossly negligent actions of the employees/agents of Entity Defendants (including but not limited to various Licensing Agencies and their employees), and the Frodshams as foster parents, were the type of actions those employees/agents were authorized to perform in the course and scope of their employment and/or agency on behalf of the Entity Defendants, namely protecting and providing supervision, care, and services, to foster children, including Plaintiff.

13

14

15

16

122.    At all times relevant, those negligent and grossly negligent acts occurred substantially within the time and space limits authorized by Entity Defendants. At all times relevant, those negligent and grossly negligent acts were motivated by a purpose to serve the Entity Defendants.

17

18

19

20

123.    As a direct and proximate result of the negligent and grossly negligent acts of their employees/agents, including the Frodshams, described herein, Entity Defendants are vicariously liable for Plaintiff's emotional trauma, physical pain, mental anguish, emotional damages including the loss of enjoyment of life, and loss of earning capacity, in an amount to be determined by a jury at trial.

21

22

**COUNT X**
**Ratification**
**Against All Defendants**

23

24

25

124.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

26

27

28

125.    Defendants ratified and endorsed the abusive conduct of David Frodsham and/or Barbara Frodsham by their concealment, cover-up, active disregard of known or suspected risks, and failure to meaningfully address the ongoing physical and sexual

abuse of children under their care, including Plaintiff. Defendants ignored the abuse, concealed the abuse, failed to provide help to Plaintiff, and/or failed to meaningfully respond to known dangers about the Frodsham for years.

126.    Defendants ratified and endorsed Barbara Frodsham and/or David Frodsham's behavior, because they continued to allow this abuse and/or known dangers of abuse to occur unchecked, unaddressed, and/or unreported for years. Defendants further ratified Barbara Frodsham's physical abuse of Plaintiff by ignoring the report of DCS's own psychiatrist, deeming Barbara unfit as a parent, yet returning Plaintiff to her custody. Barbara Frodsham continued her vicious, foreseeable physical abuse of Plaintiff.

127.    This ratification also included the State's decision to enlist, employ, and contract with Licensing Agencies, including Entity Defendants, to license the Frodshams, monitor foster placements, and supervise Plaintiff, despite actions and/or omissions that the State and/or Licensing Agencies, including non-State Entity Defendants, knew or should have known, would result in continued child endangerment.

128.    As a direct and proximate result of Defendants' conduct, Plaintiff has emotional trauma, physical pain, mental anguish, emotional damages including the loss of enjoyment of life, and loss of earning capacity, in an amount to be determined by a jury at trial.

## COUNT XI
### Violations of the Arizona Constitution
### Against All Defendants

129.    Plaintiff incorporates the preceding paragraphs, as though fully set forth herein.

130.    By virtue of the acts and omissions described herein, Defendants violated Plaintiff's right to privacy, liberty interests, due process, and/or his right to be free from abuse and neglect.

131.    Defendants, while acting in their individual and/or official capacities, violated Plaintiff's rights under Article II, Section VII (Due Process of Law) and Article II, Section VIII (Right to Privacy) of the Arizona Constitution.

///

132.    By authorizing, acquiescing in, and failing to properly investigate, report, and protect Plaintiff, Defendants violated Plaintiff's constitutional rights and/or protections under Arizona law, engaging in behavior that was negligent and grossly negligent, or reckless in its disregard or the endangerment and injuries of Plaintiff.

133.    Plaintiff's constitutional rights—and indeed basic human rights—to reasonable safety and freedom from harm were violated by Defendants' failure to follow the State's own statutory and mandated rules and regulations to refrain from harming Plaintiff and/or to sufficiently investigate allegations of abuse and neglect, and the failure of Defendants to promulgate proper rules, regulations, practices, policies, and procedures explicitly designed to protect children, including Plaintiff.

134.    Defendants' violation of such laws include, but are not limited to, A.R.S. § 12-541(1), A.R.S. §§ 47-3307(1) (Breach of Fiduciary Duty by Fiduciary), -3307(2) (Breach of Fiduciary Duty by Represented Person), A.R.S. §§ 13-1003(A) and (B) (Conspiracy), and -3620 (Duty to Report Abuse). At all times relevant, Defendants, knew or should have known of Defendants' propensities to violate A.R.S. §§ 13-1003(A) and (B) (Conspiracy), and -3620 (Duty to Report Abuse), felonies under Arizona law.

135.    As a direct and proximate result of Defendants' acts and omissions, Plaintiff has suffered emotional trauma, physical pain, mental anguish, emotional damages including the loss of enjoyment of life, and loss of earning capacity, in an amount to be determined by a jury at trial.

## COUNT XII
### Breach of Fiduciary Duty
### Against All Defendants

136.    Plaintiff incorporates the preceding paragraphs, as though fully set forth herein.

137.    All Defendants had a fiduciary duty to Plaintiff, either arising out of statute or common law as a "special relationship" and/or via a "state-created danger."

138.    All of Defendants' actions in its failure to properly license his foster placement, monitor/supervise his placement, and/or adequately investigate known or

///

25

suspected dangers relating to the Frodshams and/or children in their home were done with either conscious disregard or deliberate indifference to Plaintiff's safety.

139.    Entity Defendants' conduct in executing superficial licensing, investigations, supervision of Plaintiff, despite risks that Defendants knew or should have known, was extreme and outrageous, negligent and grossly negligent, and/or done intentionally and/or recklessly.

140.    Defendants David Frodsham and Barbara Frodshams' sexual and physical abuse of Plaintiff violated their duty to keep Plaintiff safe from harm and injury.

141.    As a direct and proximate result of Defendants' acts and omissions, Plaintiff has suffered emotional trauma, physical pain, mental anguish, emotional damages including the loss of enjoyment of life, and loss of earning capacity, in an amount to be determined by a jury at trial.

## COUNT XIII
### Violations of Constitutional Rights under 42 U.S.C. § 1983
### Against All Defendants

142.    Plaintiff incorporates the preceding paragraphs, as though fully set forth herein.

143.    Defendants Clarence Carter and Vicki Martzke, and each of them, acted under the color of state law and are sued in their individual and official capacities.

144.    Plaintiff, at all times relevant herein, had constitutional rights, including the right to due process, the right to liberty, and the right to privacy of his own body. Plaintiff's constitutional rights were at all relevant times clearly established by law.

145.    Defendants Carter and Martzke, by virtue of their employment, were required to take adequate steps to ensure the safety of minor children, including foster children, in the care and control of Defendants.

146.    Defendants, including Defendants Carter and Martzke, failed to take steps to ensure the safety and well-being of the children placed in the care and control of Defendants, including Plaintiff.

147.    The continual failure of the Defendants, including Carter and Martzke, to ensure the safety of children, including foster children, in the care, custody, and control

26

of Defendants was widespread and pervasive so as to constitute a pattern of behavior and practice demonstrating willful indifference and/or conscious disregard to the rights of children, including foster children, placed in their care.

148.    Defendants, including Carter and Martzke, promulgated, acted, and implemented a *de facto* custom, practice and policy of willfully, recklessly, and/or consciously disregarding the safety and well-being of children placed within the care and control of Defendants, including Plaintiff.

149.    The *de facto* custom, practice, and policy implemented by Defendants, including Carter and Martzke, as described above, placed Plaintiff in a position where his welfare and safety were endangered, violating his constitutional rights, including his right to privacy, right to liberty, right to due process, and the right to the sanctity of his own body.

150.    Plaintiff's constitutional rights were violated by the custom, practice, policy, official acts, and individual acts of Defendants, including Carter and Martzke, who by their acts of negligence and gross negligence as well as deliberate indifference in their actions relating to the care of children, harmed Plaintiff. Defendants, including Carter and Martzke, violated Plaintiff's civil rights by their deliberate indifference and/or conscious disregard in the foster placement, supervision, and adoption of Plaintiff. Defendants' failure to implement and/or follow follows to adequately train, warn, supervise, monitor, or put children in proper placements/adoptions, as well as their failure to reasonably investigate risks of child abuse and/or accurately assess foster placement/adoption with non-relatives over blood relatives pursuant to the law, violated Plaintiff's constitutional rights, causing him harm.

151.    Defendant Carter oversaw, staffed, supervised, and implemented the policy for DES, while Plaintiff was a foster child and while Plaintiff was adopted by the Frodshams around 2011. Shortly thereafter, it came to light that DES, under Defendant Carter's tenure, had negligently and grossly negligent disregarded risks of child abuse for over 6,500 children in the State's custody. DES's protection of minors was so poor that CPS was ultimately removed from DES's control and converted into its own agency,

///

27

DCS. Plaintiff alleges that Defendant Carter's behavior, in both an individual and official capacity, was negligent and grossly negligence and jeopardized Plaintiff's well-being

152.    Defendant Martzke, upon information and belief, maintained a close relationship with Barbara Frodsham, prior to Barbara Frodsham's adoption of Plaintiff. Upon information and belief, Defendant Martzke met with Plaintiff's relatives in Iowa. The facts surrounding Martzke's assessment of Plaintiff's relatives' home and suitability as a prospective home (specifically Martzke's purported criticisms of Plaintiff's relatives alleged unfitness as foster and/or adoptive parents) are actively contested by Plaintiffs' relatives, raising issues with Martzke's credibility, accuracy, and/or placement motivations. Martzke allowed for continued foster placement by the Frodshams and recommended adoption by the Frodshams, despite the litany of "red flags" in their home. Plaintiff alleges that Defendant Martzke's behavior, in both an individual and official capacity, was negligent and grossly negligence and jeopardized Plaintiff's well-being

153.    Plaintiff alleges he incurred damage from abusive executive conduct, enacted by employees/agents operating on behalf of the State. Plaintiff further alleges the conduct was "arbitrary in the constitutional sense" to implicate the Due Process Clause, as outlined in *Weatherford ex rel. Michael L. v. State*, 206 Ariz. 529, 533 (2003).

154.    Plaintiff alleges Defendants, including individuals acting under the color of law and on behalf of the State (including Carter and Martzke), acted with willful, wanton, and deliberate indifference to the basic needs and rights of Plaintiff. These actions and/or omissions include Carter and Martzke, individuals acting under the color of the law and on behalf of the State, engaging in widespread failure to properly report, investigate, and/or substantiate known, reasonably discoverable, and/or clear and convincing indications of child abuse, child endangerment, neglect, and/or maltreatment of Plaintiff and other similarly situated children throughout Cochise County and the State of Arizona.

155.    Plaintiff further alleges that his treatment, placement with the Frodshams, (and/or Defendants' actions and/or omissions in improperly placing, failing to monitor Plaintiff, and/or returning Plaintiff to Barbara Frodsham's care despite a DCS psychiatrist's warnings about her inability as a parent to care for or protect her children, where she continued abusing Plaintiff) fell beneath the "broad and idealistic concepts of

dignity, civilized standards, humanity, and decency," in Plaintiff's constitutional rights. *See Weatherford ex rel. Michael L. v. State*, 206 Ariz. 529, 534 (2003).

156.     Plaintiff's treatment by, placement/return with/to the Frodsham home, and/or Defendants' actions and/or omissions (including as the consequence of acts and/or omissions of Carter and Martzke) in placing and failing to monitor Plaintiff as a child constitutes negligence and gross negligence, recklessness, and/or deliberate indifference to the known or obvious dangers to which Plaintiff was subjected by Defendants. These actions and/or omissions created a "state-created danger," resulting in Plaintiff's harm.

157.     Defendants' failures, including the failures of Defendants Carter and Martzke, amount to deliberate indifference to the rights of children, including Plaintiff, entrusted to their care, which caused Plaintiff harm.

158.     Defendants Carter and Martzke, acting as individuals and officials, participated in creating dangerous conditions by their deliberate indifference and/or conscious disregard to the safety of the children, including foster children, in their custody. Their failure to enact and implement policies and procedures designed to protect children, including failure to adequately investigate risks of child abuse, and/or accurately assess foster child placement with non-relatives over blood relatives pursuant to the law constituted deliberate indifference and/or conscious disregard of danger. As a result, Plaintiff suffered severe injuries and a deprivation of his rights under the Constitution, including but not limited to the Eighth and Fourteenth Amendments.

159.     These failures were part of the Defendants' (including Carter and Martzke) policy, custom, pattern, and practice of violating the constitutional rights of children and, as a result Plaintiff's constitutional rights were violated.

160.     The State and/or other Entity Defendants, ratified many of these unconstitutional policies, practices, and/or procedures by Defendants Carter and Martzke, by either turning a blind either to known or obvious dangers and/or covering up the abuse committed by David and Barbara Frodsham, both before and after Plaintiff's adoption. This ratification included the intentional return of Plaintiff to Barbara Frodsham's care and home, despite DCS's own psychiatrist warning of her inability to care for her children. Thereafter, Barbara Frodsham continued her abuse of Plaintiff. This ratification

29

also included the State's decision to enlist, employ, and contract with Entity Defendants to supervise Plaintiff, despite actions and/or omissions that the State and/or Entity Defendants knew or should have known, would result in continued child endangerment.

161.    As a direct and proximate result of Defendants' acts and omissions (including the acts and/or omissions of Carter and Martzke), Plaintiff suffered emotional trauma, physical pain, mental anguish, emotional damages including the loss of enjoyment of life, and loss of earning capacity, in an amount to be determined by a jury at trial.

162.    Plaintiff is entitled to damages, attorneys' fees and costs, as well as punitive damages against Defendants Clarence Carter and Vicki Martzke, for Defendants' willful violations of Plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983.

## COUNT XIV
### Punitive Damages
### Against All Defendants (Except Defendant State of Arizona)

163.    Plaintiff incorporates the preceding paragraphs, as though fully set forth herein.

164.    Defendants consciously pursued a course of conduct, and/or engaged in a cover-up and/or concerted actions, knowing that it created (and perpetuated) a substantial risk and/or significant harm to Plaintiff, and Defendants committed acts and omissions so egregious and reprehensible that it can only be assumed that Defendants intended to injure Plaintiff, and/or that Defendants consciously disregarded the substantial risk of harm created by their conduct, such that Defendants' conduct was the result of an evil mind warranting the imposition of punitive or exemplary damages against them.

165.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered significant emotional trauma, physical pain, mental anguish, emotional damages including the loss of enjoyment of life, and loss of earning capacity, in an amount to be determined by a jury at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A.    For Plaintiff's damages in an amount to be proven at trial by jury;

30

B.    For Plaintiff's incurred costs together with interest at the highest lawful rate on the total amount of all sums awarded from the date of judgment until paid;

C.    For the fair and reasonable monetary value of Plaintiff's past, present, and future medical bills, pain, suffering, impairment, loss of enjoyment of life, and loss of earning capacity;

D.    For punitive and exemplary damages as allowed by Arizona State and federal law;

E.    For attorneys' fees incurred, including pursuant to 42 U.S.C. § 1983; and

F.    For such other and further relief in law and equity as Court deems proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Ariz. R. Civ. P. and A.R.S. § 12-1176, Plaintiff Trever Frodsham demands a jury trial on all Counts so triable.

RESPECTFULLY SUBMITTED this 8th day of April, 2022.

**CADIGAN LAW FIRM, LLC**

*/s/ Lynne M. Cadigan*
Lynne M. Cadigan, Esq.
Taylor W. Boren, Esq.

*Attorneys for Plaintiff Trever Frodsham*

31

**SUPERIOR COURT OF ARIZONA, COCHISE COUNTY**
**PATRICIA MUNOZ, CHIEF PROBATION OFFICER**

## ADULT PROBATION DISPOSITION/COVER SHEET

**NAME:**                David Wayne Frodsham

**SENTENCING DATE:**    08/24/2016    **SENTENCE TIME:** 14:00
**SENTENCING JUDGE:**    Wallace R Hoggatt
**CRIMINAL DIVISION:**    III
**PROSECUTOR:**          Sara Ransom - County Attorney
**DEFENSE:**             Joseph DiRoberto - Privately Retained

**NEW OFFENSE**

CAUSE No.:  CR201600521          CHARGE: Count 3 Attempt to Commit 13-1405A
                                        SEXUAL CONDUCT WITH MINOR
                                        N 3 F

DISPOSITION:          _____

FELONY__MISDEMEANOR__OPEN-END__RESTITUTION__FINE__REIMBURSEMENT

**ARIZONA SUPERIOR COURT IN COCHISE COUNTY**
**ADULT PROBATION DEPARTMENT**

**REVISED PRESENTENCE REPORT- PART ONE**

**Defendant: David Wayne FRODSHAM**          **Sentencing Judge: Wallace R. Hoggatt**

**Case No: CR201600521**          **Sentencing Date: August 24, 2016**

## SENTENCE INFORMATION

On September 23, 2016 the Court ordered the probation officer to prepare new presentence reports for Cochise County Superior Court CR201600419 and Cochise County Superior Court CR201600521. The Court ordered the information in the new presentence reports to be consistent with the information presented at sentencing on August 24, 2016. Defense counsel then provided the transcript to the probation officer on October 13, 2016.

**Charge:**

**Note: Counts 1 and 2** of the plea agreement are presented in the presentence report for Cochise County Superior Court CR201600419.

**Count 3:** From or about October 2015 through April 21, 2016, **David Wayne Frodsham** intentionally or knowingly attempted to commit sexual conduct with a minor under the age of 18 years when the Defendant was in a position of trust with the minor, to wit: The Defendant *attempted* to engage in sexual intercourse or oral sexual contact with R.F., the Defendant's 16-year-old adopted or foster son, in violation of **A.R.S. §§ 13-1001, 13-1405(A)(B), 13-1401, 13-105, 13-701, 13-702, 13-801, 13-901, and 13-902,** a class 3 felony and an amendment to Count 1 of the Direct Information in CR201600521.

**Penalty:**

Sentencing range for a Class 3 non-dangerous, non-repetitive felony offense:

| 2 years | 2.5 years | 3.5 years | 7 years | 8.75 years |
|---------|-----------|-----------|---------|------------|
| **Mitigated** | **Minimum** | **Presumptive** | **Maximum** | **Aggravated** |

The Court may impose a fine up to $150,000 plus an 83 percent surcharge and grant probation up to life.

1

**Defendant:  David Wayne FRODSHAM**

**Case No:  CR201600521**

**Mandatory Sentencing Provisions:**

| A.R.S. | Requirement |
|---|---|
| § 13-603(I) | Community Supervision |
| § 13-610 | DNA sample |
| § 13-3821(Q) | $250 sex-offender registration assessment (no surcharge) |
| § 13-3821 | Sex-offender registration |

**Plea Agreement Stipulations/Special Terms:**

The Court accepted the Defendant's guilty plea in Division III on August 24, 2016.

The State and the Defendant stipulate and agree to the following:

The Defendant shall register as a sex offender pursuant to A.R.S. § 13-3821, et seq.

The Defendant admits to the emotional harm to Victim RF.

Regarding Count 1, the Court will sentence the Defendant to 8.5 years in the Arizona Department of Corrections, to commence immediately upon sentencing by the Court. The parties acknowledge that this is a flat time sentence pursuant to A.R.S. § 13-1405(B) and the Defendant will serve the time day-for-day with no expectation of early release.

Regarding Count 2, the Court will sentence the Defendant 8.5 years in the Arizona Department of Corrections, to commence and run consecutively to the Defendant's completion of the term in Count 1 of the plea agreement. The parties acknowledge that this is a flat time sentence pursuant to A.R.S. § 13-1405(B) and the Defendant will serve the time day-for-day with no expectation of early release.

Regarding Count 3 listed in CR201600521, the Court will suspend sentence and place the Defendant on lifetime probation, to commence upon his release from prison and run consecutively to Counts 1 and 2 of the plea agreement.

The Defendant acknowledges and consents to amendments to all counts of the plea agreement as provided in Paragraph 15 of the Plea Agreement.  As to Count 2 in particular, the Defendant acknowledges that the amendment substantively amends the charge to remove reference to *conspiracy* to commit sexual conduct with a minor

2

**Defendant: David Wayne FRODSHAM**

**Case No: CR201600521**

while the Defendant was in a position of trust and instead allege the completed crime of sexual conduct with a minor while the Defendant was in a position of trust. The Defendant consents to the amendments and acknowledges that the facts and evidence the State would be able to present at trial support the amendment to Count 2, as well as other amendments to the Indictment and Direct Information.

Because the Defendant agrees to lifetime probation on Count 3 following his prison terms on Counts 1 and 2, the Defendant waives community supervision.

The Defendant agrees to pay restitution to all the victims named in the original Indictment and Direct Information, even if they are not named within the specific charges to which the Defendant is pleading guilty. The Defendant understands he is jointly and severally liable for the entire restitution amount(s). The Defendant specifically agrees to make restitution to the victims for losses suffered as a result of the course of conduct of which the Defendant may only be a part. The Defendant agrees to pay restitution in the total amount up to <u>$5,000.00</u> if documented by the victims. *The victim representatives shall have up to 45 days after the date of sentencing in which to submit documentation in support of any restitution request.*

The Defendant will pay a fine of $2,500.00 plus an 83 percent surcharge, for a total $4,575.

The Defendant shall have no contact, direct or indirect, with Victim RF.

After consultation with Victim RF's representative, the State agrees that it will not pursue charges related to crimes perpetrated against Victim RF. The Defendant is aware that the State's investigation into other potential victims is on-going, and the State reserves the right to pursue charges as to other potential victims.

The following charges are dismissed or, if not yet filed, shall not be brought against the Defendant: Counts 1, 2, 5 and 6 of the Indictment in CR201600419. The Direct Information in CR201600521 contains a single count to which the Defendant is pleading guilty by this Plea Agreement, so there are no dismissals pertinent to that matter.

<u>**Co-defendant:**</u>

None

3

**Defendant: David Wayne FRODSHAM**

**Case No: CR201600521**

**Related Case:**

United States v. Randall Alexander Bischak
U.S. District Court, District of Arizona Docket CR16-1004-TUC-RM

Counts 1-3: Production of child pornography
Counts 4-6: Distribution of child pornography
Count 7: Possession of child pornography

Pending trial set for February 14, 2017.

## STATEMENT OF OFFENSE

**Law Enforcement Report Summary:**

On December 9, 2015, a U.S. Department of Homeland Security Agent performing undercover Internet investigations determined that a user identified as *PupBrass* posted sexually explicit material depicting children into a chat group known as P*edopicsandvidd*. Based upon the agent's review of the contents of the chats and postings, the agent determined P*edopicsandvidd* was dedicated primarily to topics related to child sexual abuse and child pornography.

The agent downloaded four videos and six images from *PupBrass* that depicted children, some as young as toddlers, engaged in sexually explicit conduct, including oral and vaginal penetration of children by adults and children posing nude in sexually explicit poses with a focus on their genitalia. Three videos depicted the following:

An adult male forcing his erect penis into the vagina of a 2- to 3-year-old female child while the child cries for her *mommy*; an adult male forcing his erect penis into the mouth of an 8- to 10-year-old female child while he tells her to not look at the camera and shows her how he wants her to masturbate his penis; and, an adult male forcing his erect penis into the vagina of an 8- to 10-year-old female child while he switches positions for about two minutes showing different angles of the vaginal penetration.

In March 2016, Tucson Police Department undercover officers conducted chats and received downloads from *PupBrass*. After an undercover officer indicated he had two daughters, *PupBrass* asked for their age; asked if they had been previously *shared*; and, asked if they liked *cock*. *PupBrass* also expressed that he intended to do anything the undercover officer was willing to let him do with his daughters. *PupBrass* also told the undercover officer a 6-year-old child had stimulated his genitalia with his/her hands. He also sent a picture of a penis he claimed belonged to him and told the undercover officer to tell his 12-year-old daughters that *he wants pussy pie*.

4

**Defendant: David Wayne FRODSHAM**

**Case No: CR201600521**

An American Registry for Internet Numbers revealed the IP address associated with *PupBrass* was near Phoenix and registered to Cox Communications. On February 8, 2016, U.S. Department of Homeland Security served a summons on Cox Communications requesting the identity of *PupBrass*. On March 4, 2016, Cox Communications responded and identified the account subscriber as Randall Bischak at 1595 South Paseo La Paz in Sierra Vista, Arizona. After a week of surveillance on the residence, an agent executed a search warrant and secured computers, cellular telephones, electronic tablets, and CDs with digital data. A forensic examination of Bischak's cellular telephone revealed several applications related to child pornography.

During an interview with an agent, Bischak expressed that he was engaged in consensual sex with David Frodsham; he and Frodsham had discussed engaging in sexual contact with a toddler; Frodsham had sent a toddler into the bathroom with Bischak for sexual contact with the toddler; and, Bischak had sex with Frodsham's 16-year-old adopted son, RF.

Bischak showed the agent a picture of the toddler and expressed that Frodsham had previously sent the picture to him on a cellular telephone application. He also showed the agent pictures of RF exposing his penis and testicles. The agent then reviewed text messages between Bischak and Frodsham which revealed the following: Frodsham expressed that he would bring *the little ones* with him when they met for sex; and, Bischak brags about sex with underage boys including a 4-year-old boy.

Based upon Bischak's interview, an agent executed a search warrant at Frodsham's residence and secured computers, cellular telephones, and other digital media storage. During an interview with an agent, Frodsham expressed he was involved in an intimate sexual relationship with Bischak; he introduced RF to Bischak; he brought two toddlers to Bischak's residence when he and Bischak engaged in sex in the back bedroom; he and Bischak watched pornography but he was unable to see without his glasses; he sent Bischak pictures of toddlers; he was not involved in possessing or distributing child pornography; and, he has never involved the children he was responsible for in sexual acts.

A forensic examination of Frodsham's cellular telephone revealed two photographs depicting Frodsham in the bathtub naked with two naked toddlers.

On April 21, 2016, Bischak told an agent Frodsham introduced him and RF with the specific intention of them engaging in sexual activity. He expressed that he had a video of the three of them engaged in sexual activity. Further examination of Bischak's cellular telephone revealed videos of him and RF engaged in sexual activity with the dates of the videos corresponding to text messages between Bischak and Frodsham where Frodsham is making transportation arrangements for RF to Bischak's

5

**Defendant: David Wayne FRODSHAM**

**Case No: CR201600521**

residence. Agents arrested Bischak and booked him into federal custody. Agents also arrested Frodsham and booked him into the county jail.

## Defendant's Statement:

The probation officer interviewed the defendant on July 12, 2016. He completed the presentence interview packet with no difficulty. The defendant was polite, cooperative, and appropriately answered all questions regarding the instant offense and his personal background. The defendant acknowledged that he pleaded guilty pursuant to a plea agreement.

The defendant was very remorseful regarding his criminal behavior and attributed his involvement in the instant offense to his therapy-unaddressed sexual victimization as a teenager and alcoholism. He provided the following written statements (paraphrased):

*I regretfully engaged in despicable, lewd sexual misconduct with RF and a third party (Randall Bischak). I allowed RF to perform oral sex on myself and the third party. I innocently introduced RF to Bischak for the sole purpose of RF earning money performing yard work for Bischak. Granted, I knew both were interested in males. I was still shocked when I first learned Bischak had engaged in sexual activity with RF. RF then told me that Bischak agreed to buy him a fancy cellular telephone if he could arrange a threesome, and I foolishly agreed. Unbeknownst to RF or me, Bischak covertly filmed a portion of our sexual encounter.*

*I feel ignominious. Every sleepless night I pray to God to turn back the time. I can never forgive myself for violating the bond with RF. I betrayed him, but I am encouraged that he will recover because of his strength. I hope he receives treatment and counseling. Also, I can never forgive myself for the shame and humiliation I have caused to my family. They are devastated by my actions. They are supporting each other, and I have insisted they dissociate themselves with me.*

*I am fully responsible for the sordid act on RF and must be sent to prison for my penance. I am hopeful that I can do some goodwill in prison by teaching or mentoring less- fortunate individuals. I hope the Court can have mercy on me.*

## Victim's Statement:

Pursuant to A.R.S. §§ 13-4424 and 12-253(4), the probation officer sent a letter and telephonically contacted the victim representative, a Department of Child Safety case manager, to obtain information regarding the economic, physical, and psychological impact the criminal offense has had on the victim and the victim's immediate family.

**Defendant: David Wayne FRODSHAM**

**Case No: CR201600521**

The case manger expressed that RF received a kinship placement and is participating in counseling. The case manager provided no further information.

## RISK/NEEDS ASSESSMENT

**Offender Screening Tool (OST) Score:**

| RISK/NEEDS CLASSIFICATION – Male | | | |
|---|---|---|---|
| Low 0-5 | Medium-Low 6-10 | Medium-High 11-17 | High 18-42 |
| | | 14 | |

| COMMUNITY SUPERVISION LEVEL | | | | |
|---|---|---|---|---|
| Administrative Supervision | Standard Issue-Driven Supervision | Special Programs – Drug Court | Intensive Probation Supervision | Ineligible – Mandatory Incarceration |

## COLLATERAL INFORMATION

None

## EVALUATION

**Summary:**

The 59-year-old defendant pleaded guilty, pursuant to a plea agreement, to attempted sexual conduct with a minor. The plea agreement stipulates that the Court will suspend sentence and place the Defendant on lifetime probation, to commence upon his release from prison on Counts 1 and 2 in Cochise County Superior Court CR201600419.

The screening tool suggests the defendant is a medium-high risk/needs offender. Based upon his medium-high risk/needs and the serious nature and circumstances of the offense, the lifetime probation-stipulated plea agreement is considered appropriate to protect the public from further crimes of the defendant and to provide the defendant with needed community-based correctional treatment in the most effective manner following his release from prison.

Therefore, it is respectfully recommended the Court place the defendant on probation for lifetime under the following terms and conditions:

**Defendant: David Wayne FRODSHAM**

**Case No: CR201600521**

**Standard Conditions:**

1-7, 8 (written permission for out-of-county travel); 9-15; 16 (no alcohol); 19 (no victim contact); 21 (deferred incarceration sanction); 22 (alcohol-free residence); 22 (Shall close all social media accounts including Facebook, Instagram, YouTube and others as directed by supervising probation officer; and 22 (Shall not have access to the internet without permission from supervising probation officer)

**Time Credit Computation:**

| Date | Event | Days Credit |
|------|-------|-------------|
| April 21, 2016 | Initial Arrest | NA |
| August 24, 2016 | Sentencing | 125 |
| | **Total Time Credit =** | **125** |

**Mitigating and Aggravating Circumstances:**

**A.R.S. § 13-701(D) Aggravating Circumstances:**

Regarding Counts 1 and 2, the Court finds in aggravation *emotional harm to the victim* pursuant to A.R.S. § 13-701(D) (9). Additionally regarding Count 2, the Court finds in aggravation *presence of an accomplice* pursuant to A.R.S. § 13-701(D) (4).

**A.R.S. § 13-701(E) Mitigating Circumstances:**

The Court finds *the Defendant has remorse for what he did to the victim in this case.*

8

**Defendant: David Wayne FRODSHAM**

**Case No: CR201600521**

**Financial Assessments:**

| | |
|---|---|
| **Probation Fees A.R.S. § 13-901** | <u>$75</u> |
| **Probation Assessment A.R.S. § 12-114.01** | <u>$20</u> |
| **Time Payment Fee A.R.S. § 12-116** | <u>$20</u> |
| **Additional Assessment A.R.S. § 12-116.04**<br>**(Sierra Vista PD DR 16-14197)** | <u>$13</u> |
| **Fine A.R.S. § 13-801** | <u>$2,500</u> |
| **83 Percent Surcharge A.R.S. § 12-116** | <u>$2,075</u> |
| **Indigent Defense Fee A.R.S. § 11-588\*** | <u>NA</u> |
| **Attorney Fees\*\*** | <u>NA</u> |
| **Sex-Offender Registration A.R.S. § 13-3821(Q)** | <u>$250</u> |

\* \*\* The defendant has retained legal representation.

**Restitution**

The Defendant agrees to pay restitution to all the victims named in the original Indictment and Direct Information, even if they are not named within the specific charges to which the Defendant is pleading guilty. The Defendant understands he is jointly and severally liable for the entire restitution amount(s). The Defendant specifically agrees to make restitution to the victims for losses suffered as a result of the course of conduct of which the Defendant may only be a part. The Defendant agrees to pay restitution in the total amount up to <u>$5,000.00</u> if documented by the victims. *The victim representatives shall have up to 45 days after the date of sentencing in which to submit documentation in support of any restitution request.*

Respectfully submitted,

J. Vince Romero
Deputy Adult Probation Officer
Bisbee Office (520) 432-8822

*Janet Brickey*
for Catherine Stevens
Supervisor Adult Probation Officer
Bisbee Office (520) 432-8820

**Date:** November 7, 2016

9

**Defendant: David Wayne FRODSHAM**

**Case No: CR201600521**

**Sentencing Judge: Wallace R. Hoggatt**

**Sentencing Date: August 24, 2016**

## PRESENTENCE REPORT - PART TWO

## ASSESSMENT SUMMARIES

### Offender Screening Tool (OST) Domain Summary:

**Static Risk Factors** – Pre-existing personal characteristics or environmental conditions that increase the likelihood of criminal behavior or other negative outcomes and cannot be changed

**Protective Factors** – Current and pre-existing characteristics or environmental conditions that increase the likelihood of positive outcomes

**Dynamic Risk/Need Factors** – Current personal characteristics or environmental conditions that correlate to criminal conduct and negative outcomes but can be changed through targeted intervention

| DOMAIN | SUMMARY |
|---|---|
| **Family/Social Relationships** <br><br> **SCORE: 6/8** | **Static Risk Factors** <br> • The defendant left home before age 16. <br> • The defendant reported a childhood history of domestic violence. <br><br> **Dynamic Risk/Need Factors** <br> • The defendant's current family relations are negative and non-existent. <br> • The defendant's relationship with his wife is very strained, estranged, and pending divorce. <br> • The defendant reported no references or peers. <br> • The defendant reported no regular association with at least one pro-social person. <br><br> **Protective Factors** <br> • The defendant was raised by biological parents. <br> • The defendant's parents or siblings had no criminal record during the defendant's formative years. |

10

**Defendant: David Wayne FRODSHAM**    **Sentencing Judge: Wallace R. Hoggatt**

**Case No: CR201600521**    **Sentencing Date: August 24, 2016**

| Residence/ Neighborhood  SCORE: 1/2 | **Static Risk Factors**  • None  **Dynamic Risk/Need Factors**  • The defendant's residential arrangement before his detention for the instant offense included the victim of the instant offense.  **Protective Factors**  • The defendant's residence was stable during the six months prior to his detention. |
|---|---|
| Education  SCORE: 1/3 | **Static Risk Factors**  • The defendant was suspended and/or expelled from school.  **Dynamic Risk/Need Factors**  • None  **Protective Factors**  • The defendant has a master's degree in strategic studies. |
| Vocational/ Financial  SCORE: 1/5 | **Static Risk Factors**  • None  **Dynamic Risk/Need Factors**  • The defendant is currently detained and unemployed.  **Protective Factors**  • The defendant has not been unemployed three or more times for 30-day periods during the past three years.  • The defendant has not been fired or forced to resign during the past three years.  • The defendant reported no current financial difficulties and an ability to satisfy obligations.  • The defendant receives no financial assistance from family, friends, or public assistance. |

11

**Defendant: David Wayne FRODSHAM**
**Case No: CR201600521**

**Sentencing Judge: Wallace R. Hoggatt**
**Sentencing Date: August 24, 2016**

| | |
|---|---|
| **Alcohol** | • See Confidential Section |
| **Drug Abuse** | • See Confidential Section |
| **Mental Health** | • See Confidential Section |
| **Physical Health/Medical** <br> **SCORE: NA** | • See Confidential Section |
| **Attitude** <br> **SCORE: 2/7** | **Static Risk Factors** <br> • None <br><br> **Dynamic Risk/Need Factors** <br> • The defendant's self-assessment reveals values and beliefs supportive of crime. <br> • The defendant's self-assessment also reveals values and beliefs non-conforming to societal norms. <br><br> **Protective Factors** <br> • The defendant expressed an affirmative acceptance of responsibility for the instant offense. <br> • The defendant expressed amenability toward supervision. <br> • The defendant expressed respect for authority. <br> • The defendant expressed a fair motivation level for life improvements. <br> • The defendant expressed an ability to be self-disciplined and achieve goals by conventional channels. |

12

**Defendant: David Wayne FRODSHAM**

**Sentencing Judge: Wallace R. Hoggatt**

**Case No: CR201600521**

**Sentencing Date: August 24, 2016**

| Criminal Behavior SCORE: 2/9 | Static Risk Factors |
|---|---|
| | • The instant offense is a felony. <br> • The instant offense is a crime of violence because it involves emotional harm. |

**Additional Assessment Results:**

**Arizona Sex Offender Assessment Screening Profile and Regulatory Community Notification:**

| | | |
|---|---|---|
| **Sex Offense Risk Score** | 19 | Lower Risk Range |
| **General Recidivism Risk** | 15 | Lower Risk Range |
| **Suggested Community Notification** | Level 1 | |

For Level 1 offenders, the local law enforcement agency that is responsible for notification shall maintain information about the offender. The local law enforcement agency may disseminate this information to other law enforcement agencies and may give notification to the people with whom the offender resides - A.R.S. §§ 13-3825 and 13-3826.

**Adult Substance Use Survey- Revised (ASUS-R):**

See Confidential Section

13

**Defendant: David Wayne FRODSHAM**

**Case No: CR201600521**

**Sentencing Judge: Wallace R. Hoggatt**

**Sentencing Date: August 24, 2016**

## C O N F I D E N T I A L

**FOR DISCLOSURE ONLY TO THE COURT, PROSECUTOR,
DEFENSE ATTORNEY, AND OTHER AUTHORIZED
CRIMINAL JUSTICE AGENCIES**

| VICTIM INFORMATION |
| --- |

Not Applicable

| CONFIDENTIAL ASSESSMENT SUMMARIES |
| --- |

| DOMAIN | SUMMARY |
| --- | --- |
| **Alcohol**<br><br>**SCORE: 1/3** | **Static Risk Factors**<br>• The defendant has two alcohol-related arrests.<br><br>**Dynamic Risk/Need Factors**<br>• None<br><br>**Protective Factors**<br>• The defendant has not consumed alcohol since his only alcohol-related arrests in January 2015.<br>• The defendant expressed an interest in positive behavioral changes related to alcohol. |
| **Drug Abuse**<br><br>**SCORE: 0/3** | **Static Risk Factors**<br>• None<br><br>**Dynamic Risk/Need Factors**<br>• None<br><br>**Protective Factors**<br>• The defendant reported no drug use during the past year.<br>• The defendant reported no drug use during the month leading up to the instant offense.<br>• The defendant expressed an interest in continuing to not use drugs; he has not used drugs for over 34 years. |

14

**Defendant: David Wayne FRODSHAM**

**Case No: CR201600521**

**Sentencing Judge: Wallace R. Hoggatt**

**Sentencing Date: August 24, 2016**

| Mental Health SCORE: 0/2 | **Static Factors** • None **Current Needs** • None |
|---|---|
| **Physical Health/Medical SCORE: NA** | **Current Needs** • The defendant takes medication for hypertension. |

## Additional Assessment Results:

### Adult Substance Use Survey- Revised (ASUS-R):

The defendant participated in the ASUS-R. The self-assessment suggests the defendant reported the following:

| SCALE | SELF ASSESSMENT PROFILE |
|---|---|
| **Alcohol and Other Drug (AOD) Involvement** | • The defendant has a **high level** of lifetime alcohol involvement. |
| **AOD Disruption** | • The defendant has experienced a **very high level** of problems and/or negative consequences in life because of alcohol involvement. |
| **AOD Involvement Past 6 months** | • The defendant has a **non-existent level** of alcohol and/or drug involvement during the past six months. |

15

**Defendant: David Wayne FRODSHAM**

**Case No: CR201600521**

**Sentencing Judge: Wallace R. Hoggatt**

**Sentencing Date: August 24, 2016**

| | |
|---|---|
| **AOD Social and/or Psychological Benefits** | • The defendant has a **very high level** of alcohol involvement for social and/or psychological benefits. |
| **Social Non-Conformance** | • The defendant has a **low level** of rebelliousness and/or anti-social behavior. |
| **Lifetime Legal Non-Conformance** | • The defendant has a **very low level** of legal non-conformance. |
| **Legal Non-Conformance Past 6 months** | • The defendant had a **high level** of legal non-conformance during the six months prior to detention. |
| **Mood Adjustment** | • The defendant has experienced a **high level** of psychological and/or emotional disruption in life. |
| **Psychosocial Disruption and Problems** | • The defendant is indicating a **high level** of past and/or current life-functioning problems and adjustment. |
| **Defensive** | • The defendant is **defensive** when disclosing personal and/or sensitive information. |
| **Motivation to Change** | • The defendant has a **low level** of motivation to seek help to make life changes with regard to alcohol and/or other drug problems and to stop or to continue to not use alcohol and/or other drugs. |

16

**Defendant: David Wayne FRODSHAM**          **Sentencing Judge: Wallace R. Hoggatt**
**Case No: CR201600521**          **Sentencing Date: August 24, 2016**

| Strengths | • The defendant perceives a **very high level** of strength with regard to managing life problems and/or handling issues in major life-functioning areas. |
|---|---|
| **Suggested Services** | • Guidelines suggest regular weekly alcohol and/or other drug outpatient treatment services. |

## CRIMINAL HISTORY

The defendant and local, state, and national law enforcement agencies report the following:

**Adult Felony Convictions:**

None

**Adult Misdemeanor Convictions:**

None

**Adult Pending:**

| Date/Place | Offense | Disposition |
|---|---|---|
| 10/2015 through 04/21/2016 Sierra Vista, AZ | Counts 1-2: Sexual exploitation of minor Count 3: Sexual conduct with minor Count 4: Conspiracy to commit sexual conduct with minor Counts 5-6: Conspiracy to commit child molestation **Cochise County Superior Court CR201600419      Instant Offense** | 08/24/2016: Pleaded guilty to amended Counts 3 and 4 of Indictment for dismissal of remaining counts |
| 10/2015 through 04/21/2016 Sierra Vista, AZ | Count 1: Sexual conduct with minor **Cochise County Superior Court CR201600521      Instant Offense** | 08/24/2016: Pleaded guilty to amended Count 1 of Direct Information |

**Defendant: David Wayne FRODSHAM**        **Sentencing Judge: Wallace R. Hoggatt**

**Case No: CR201600521**                   **Sentencing Date: August 24, 2016**

**Adult Dismissed:**

| Date/Place | Offense | Disposition |
|---|---|---|
| 01/06/2015<br>Sierra Vista, AZ | Disorderly conduct-fighting | Dismissed |
| 01/06/2015<br>Sierra Vista, AZ | Agg DUI-passenger under age 15<br>(4 counts)<br>Child abuse-reckless (4 counts) | Dismissed |

**Juvenile:**

None

**Other Legal Status and Detainers:**

None

Respectfully submitted,

J. Vince Romero
Deputy Adult Probation Officer
Bisbee Office (520) 432-8822

by Catherine Stevens
Supervisor Adult Probation Officer
Bisbee Office (520) 432-8820

**Date:** November 7, 2016

18

## COCHISE COUNTY CLIENT INFORMATION SHEET

| David Wayne Frodsham | D.O.B. 08/23/1956  Age 60  APO Romero, Julian |
|---|---|

| Residence | ASPC - 4374 E Butte Ave | Unit | | Ethnicity | White | Sex | M |
|---|---|---|---|---|---|---|---|
| | Florence, Arizona 85232 | | | Eyes | Hazel | Hair | Brown |
| Phone | | | | D.O.B. | 08/23/1956 | Height | 6 ft. |
| Message | | | | P.O.B. | Spokane, Washington United States | Weight | 255 lbs. |
| Employer | Retired | | | | | Language | English |
| | | Suite | | SSN | 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 | Citizen | United States |
| | | | | SID # | AZ24137864 | FBI # | 269127JG7 |
| Occupation | Personnel Director | | | | | Alien # | NA |
| Marital | Married | Dependents | 0 | | | | |
| Driver's LIC D07774570 - Valid | | | | | | | |

### Spouse / Relative / Children

| Barbara  Frodsham | Spouse | 59 yrs. | 1274 Sunflower Way  Sierra Vista, Arizona 85635 |
|---|---|---|---|
| Jillian  Frodsham | Daughter | 32 yrs. | Department of Corrections  Phoenix, Arizona |
| Jonathan  Frodsham | Son | 30 yrs. | Address Unknown  Sierra Vista, Arizona 85635 |
| Meagan  Frodsham | Daughter | 28 yrs. | Address Unknown  Sierra Vista, Arizona 85635 |
| William  Frodsham | Brother | 63 yrs. | Address Unknown  Yakima, Washington |
| Sheryl  Sansavoe | Sister | 50 yrs. | Address Unknown  Snohomish, Washington |

| | *NCIC Scars, Marks and Tattoos |
|---|---|
| TAT L ARM - Heart | TAT R ARM  - Heart |

## COCHISE COUNTY CLIENT INFORMATION SHEET

**David Wayne Frodsham**    **D.O.B.** 08/23/1956    **Age** 60    **APO** Romero, Julian

### Juvenile Justice Interventions

| Referral | Adjudication | Probation | Intensive | Detention | DOJC | Parole | Transfer | Diversion |
|---|---|---|---|---|---|---|---|---|
| 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |

### Criminal History

| Misdemeanors | | General | |
|---|---|---|---|
| Sex | 0 | Outstanding Warrant | 0 |
| Violence | 0 | Probation Revocation | 0 |
| Drug | 0 | Parole Revocation | 0 |
| Alcohol | 0 | Deportation | 0 |
| Nonviolent or Property | 0 | Escape | 0 |
| Total | 0 | | |

| Felonies | |
|---|---|
| Sex | 0 |
| Violence | 0 |
| Drug | 0 |
| Alcohol | 0 |
| Nonviolent or Property | 0 |
| Total | 0 |

### Adult Justice Interventions

| Deferred | Summary | Fine | Probation | Intensive | Diversion | Jail | Shock | Prison | Parole |
|---|---|---|---|---|---|---|---|---|---|
| 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |

### Substance Abuse

**Current Use:**

**Current Abuse:**

**Past Use:**    Marijuana ; Cocaine ; Speed/Meth ; LSD/PCP/Mushrooms ; Toxic Vapors

**Past Abuse:**    Alcohol

### Past Treatment Attempts

| Anger Control | Alcohol | Drug | Domestic Violence | Mental Health | Sexual Deviancy | Financial Control |
|---|---|---|---|---|---|---|
| 1 | 1 | 0 | 0 | 0 | 0 | 0 |

### Education

| MA, MS, PHD | | | | | | | |
|---|---|---|---|---|---|---|---|
| | No | Yes | No | No | Yes | Yes | N |
| Grade Completed | Special Ed | GED-HS Grad | Voc.or Tech. | A.A. | Bachelors | Post Graduate | W.R.A.T. |

### Screening Completed

| | | | |
|---|---|---|---|
| Drug Court | Not Screened | Domestic Violence | Not Screened |
| SMAST | Not Screened | INS | Not Screened |
| Work Furlough | Not Screened | Intensive Probation Supervision | Not Screened |
| Juvenile Transfer/JTOP | Not Screened | Interstate Compact | Not Screened |
| Community Punishment Program | Not Screened | Sex Offender | Not Screened |

## COCHISE COUNTY CLIENT INFORMATION SHEET

| **David Wayne Frodsham** | **D.O.B.** 08/23/1956 | **Age** 60 | **APO** Romero, Julian |
|---|---|---|---|

| Presentence Present Offense Summary | | | |
|---|---|---|---|

| Case | Judge | Sentence Date | Plea/Verdict |
|---|---|---|---|
| CR 201600419 | Wallace R Hoggatt | 08/24/2016 | 08/24/2016 |

| | Prosecuting Attorney | Sara Ransom County Attorney | Defense Counsel | Joseph DiRoberto Privately Retained |
|---|---|---|---|---|

**Present Offense**

| Ct. 1 | | Committed | Class | NCIC |
|---|---|---|---|---|
| | 13-1405A SEXUAL CONDUCT WITH MINOR | 10/01/2015 - 04/21/2016 | 2F | 1199N |

**Guilt By Plea/A**

☑ Victim

**A.R.S.** 13-1405(A), 13-1405(B), 13-1401, 13-105, 13-701, 13-702, 13-801, 13-901, and 13-902

| Arrested | Incarcerated | Released | Jail Days | Custody Type | DR Number |
|---|---|---|---|---|---|
| 04/21/2016 | 04/21/2016 | 08/24/2016 | 125 | In Prison | Sierra Vista PD 16-14197 |
| | | Total Jail Days | 125 | | |

| Ct. 2 | Conspiracy to Commit | Committed | Class | NCIC |
|---|---|---|---|---|
| | 13-1405A SEXUAL CONDUCT WITH MINOR | 10/01/2015 - 04/21/2016 | 2F | C1199N |

**Guilt By Plea/A**

☑ Victim

**A.R.S.** 13-1405(A), 13-1405(B), 13-1401, 13-105, 13-701, 13-702, 13-801, 13-901, and 13-902

| Arrested | Incarcerated | Released | Jail Days | Custody Type | DR Number |
|---|---|---|---|---|---|
| 04/21/2016 | 04/21/2016 | 08/24/2016 | 125 | In Prison | Sierra Vista PD 16-14197 |
| | | Total Jail Days | 125 | | |

| Case | Judge | Sentence Date | Plea/Verdict |
|---|---|---|---|
| CR 201600521 | Wallace R Hoggatt | 08/24/2016 | 08/24/2016 |

| | Prosecuting Attorney | Sara Ransom County Attorney | Defense Counsel | Joseph DiRoberto Privately Retained |
|---|---|---|---|---|

**Present Offense**

| Ct. 3 | Attempt to Commit | Committed | Class | NCIC |
|---|---|---|---|---|
| | 13-1405A SEXUAL CONDUCT WITH MINOR | 10/01/2015 - 04/21/2016 | 3F | A1199N |

**Guilt By Plea/A**

☑ Victim

**A.R.S.** 13-1001, 13-1405(A), 13-3405(B), 13-1401, 13-105, 13-701, 13-702, 13-801, 13-901 and 13-902

| Arrested | Incarcerated | Released | Jail Days | Custody Type | DR Number |
|---|---|---|---|---|---|
| 04/21/2016 | 04/21/2016 | 08/24/2016 | 125 | In Prison | Sierra Vista PD 16-14197 |
| | | Total Jail Days | 125 | | |

## Executive Order 2014-01

### Establishing a Cabinet-Level Child Safety and Family Services Division

**WHEREAS,** the safety of all children in the State of Arizona is of the utmost importance; and

**WHEREAS,** every child has the right to a safe environment and protection from harm; and

**WHEREAS,** throughout the United States and Arizona the unconscionable failure of some in society to care for and protect children is a long-standing problem; and

**WHEREAS,** the child welfare system in Arizona should promote and prioritize the safety of children and inspire public confidence; and

**WHEREAS,** it is necessary to continuously monitor and review the effectiveness of the child welfare system's delivery of services and efficient utilization of resources and consider reforms to enhance child safety when appropriate; and

**WHEREAS,** the current Arizona child welfare system is broken and is not meeting expectations of prior reform efforts and it is time for significant reform; and

**WHEREAS,** A.R.S. § 41-1954 requires the Department of Economic Security, among other functions, to administer child welfare services to children, youth and families; and

**WHEREAS,** Article 5, Section 4 of the Arizona Constitution and A.R.S. § 41-101 provide that the Governor shall transact all executive business, supervise the official conduct of all executive officers, and ensure the laws be faithfully executed; and

**WHEREAS,** A.R.S. § 41-1953 allows for the establishment, abolishment or reorganization of the organizational units within the department in order to carry out the department's statutory functions; and

**WHEREAS,** the Division of Children, Youth and Families and the Office of Child Welfare Investigations are currently located within the Department of Economic Security; and

**WHEREAS,** the Division of Children, Youth and Families houses the state child welfare program, including Child Protective Services, foster care, adoption, and the Comprehensive Medical and Dental Program; and

**WHEREAS,** the Office of Child Welfare Investigations is charged with investigating criminal conduct allegations of child abuse and neglect; and

**WHEREAS,** A.R.S. § 41-1969.01 states that the Director of the Department of Economic Security is responsible for the direction, operation and control of the Office of Child Welfare Investigations; and

**WHEREAS,** an independent, stand-alone organizational and direct reporting structure for the state child welfare program will ensure the effective delivery of services and efficient utilization of resources, providing appropriate outcomes for children, youth and families through transparency, increased accountability and coordinated service delivery; and

**WHEREAS,** maintaining operational support for the state child welfare program within the Department of Economic Security until a permanent, separate agency is established will allow for maximum administrative and financial efficiency in the short-term.

Executive Order 2014-01
Page 2

**NOW, THEREFORE, I,** Janice K. Brewer, Governor of the State of Arizona, by virtue of the authority vested in me by the Constitution and laws of this State, hereby order and direct as follows:

1. The Division of Children, Youth and Families is abolished and the Division of Child Safety and Family Services is established. The Director of the Division of Child Safety and Family Services shall oversee and direct all administrative, programmatic, and management functions of the state child welfare program, including Child Protective Services, foster care, adoption, and the Comprehensive Medical and Dental Program.

2. The Office of Child Welfare Investigations shall also report to the Director of the Division of Child Safety and Family Services.

3. The Director of the Division of Child Safety and Family Services shall report directly to the Governor on all administrative and policy matters involving child welfare, including Child Protective Services, foster care, adoption, and the Comprehensive Medical and Dental Program.

4. The Director of the Division of Child Safety and Family Services shall administer the budgets of the state child welfare program and the Office of Child Welfare Investigations separate and distinct from one another.

5. The Director of the Division of Child Safety and Family Services shall consider the recommendations of the Independent Child Advocate Response Examination Team (CARE Team), as directed by the Governor, for the purpose of improving services, practices and outcomes for children, youth and families.

6. The Director of the Division of Child Safety and Family Services shall collaborate with the Governor's Office and with stakeholders, including the Arizona Legislature, in the development of a permanent, separate agency – autonomous from the Department of Economic Security – for state child welfare programs and services.

**IN WITNESS WHEREOF,** I have hereunto set my hand and caused to be affixed the Great Seal of the State of Arizona.

**GOVERNOR**

**DONE** at the Capitol in Phoenix on this thirteenth day of January in the Year Two Thousand Fourteen and of the Independence of the United States of America the Two Hundred and Thirty-Eighth.

**ATTEST:**

**Secretary of State**

FILED
Amy Hunley
CLERK, SUPERIOR COURT
04/08/2022 2:46PM
BY: APICKETT
DEPUTY

# Liddy Legal Support Services

PO Box 2007, Phoenix, AZ 85001
63 E. Pennington St., #102, Tucson, AZ 85702
2700 Woodlands Village Blvd., #300-420, Flagstaff, AZ 86001
Phoenix 602-297-0676, Tucson 520-628-2824, Flagstaff 928-225-7737

Client Matter    Frodsham v. State of AZ
Account       # 0789
Invoice       # -----------
Liddy         # 398405-7

**IN THE JUSTICE COURT OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTY OF COCHISE**

**TREVER FRODSHAM,**

Plaintiff(s) / Petitioner(s),

**CERTIFICATE OF SERVICE**
**BY PRIVATE PROCESS SERVER**
**Case No. S0200CV202200149**

vs

**STATE OF ARIZONA; ET. AL.,**

Defendant(s) / Respondent(s).

**ENTITY/PERSON TO BE SERVED:** David Frodsham (Inmate #313471)

**PLACE OF SERVICE:**    ASP Kingman, Huachuca Unit, 4626 W. English Dr., Golden Valley, AZ 86413

**DATE OF SERVICE:** On the ___6th___ day of ___April___ , 2022  at ___10:39___ ___AM___    County ___Mohave___

| | PERSONAL SERVICE | ✗ | Left a copy with a person authorized to accept service. | | At this usual place of abode, I left a copy with a person of suitable age and discretion residing therein. |

**Name of Person Served and Relationship/Title**    Served to Officer Cole, Correction Program Supervisor, who accepted on behalf

of inmate David Frodsham as he was in solitary confinement and could not be

personally served.

on ___4/5/2022___    we received the following documents for service:

Summons; Complaint; Certificate of Compulsory Arbitration

**Received from CADIGAN LAW FIRM, PLLC, ( Lynne M. Cadigan #00944 )**

PROCESS SERVER: Vicki Gorsline, #MH2021-00001

The undersigned states: That I am a certified private process server in the county of Mohave and am an Officer of the Court.

SIGNATURE OF PROCESS SERVER: _Vicki Gorsline_    Date: _4/6/2022_

Tax ID# 90-0533870
I declare under penalty of perjury that the foregoing is true
and correct and was executed on this date.

FILED
Amy Hunley
CLERK, SUPERIOR COURT
04/11/2022 10:26AM
BY: APICKETT
DEPUTY

# Liddy Legal Support Services

PO Box 2007, Phoenix, AZ 85001
63 E. Pennington St., #102, Tucson, AZ 85702
2700 Woodlands Village Blvd., #300-420, Flagstaff, AZ 86001
Phoenix 602-297-0676, Tucson 520-628-2824, Flagstaff 928-225-7737

Client Matter

| | |
|---|---|
| Account | # 0789 |
| Invoice | # 35816 |
| Liddy | # 398405-6 |

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF COCHISE

TREVER FRODSHAM,

**Plaintiff(s) / Petitioner(s),**

vs

STATE OF ARIZONA, et al.,

**Defendant(s) / Respondent(s).**

**CERTIFICATE OF SERVICE
BY PRIVATE PROCESS SERVER
Case No. S0200CV202200149**

## ORIGINAL

**ENTITY/PERSON TO BE SERVED:** Barbara Frodsham

**PLACE OF SERVICE:**     1274 Sunflower Way, Sierra Vista, AZ 85635

**DATE OF SERVICE:** On the __6th__ day of __April__, __2022__ at __1:40__ __PM__     County __Pima__

☒ PERSONAL SERVICE  ☐ Left a copy with a person authorized to accept service.  ☐ At this usual place of abode, I left a copy with a person of suitable age and discretion residing therein.

**Name of Person Served and Relationship/Title**     Personally Served Barbara Frodsham

on __4/5/2022__ we received the following documents for service:

Summons, Complaint, Certificate of Compulsory Arbitration

**Received from CADIGAN LAW FIRM, PLLC, ( Lynne M. Cadigan #00944 )**

PROCESS SERVER: Daniel Ronnie #039

**The undersigned states: That I am a certified private process server in the county of Pima and am an Officer of the Court.**

SIGNATURE OF PROCESS SERVER: _____     Date: 4/8/2022

| Item | Amount |
|---|---|
| Service of Process | $20.00 |
| Mileage | $231.00 |
| Doc Prep Fee | $10.00 |
| Copies | $14.50 |

**Tax ID#** 90-0533870
I declare under penalty of perjury that the foregoing is true and correct and was executed on this date.

Total     $275.50

FILED
Amy Hunley
CLERK, SUPERIOR COURT
04/11/2022 10:29AM
BY: APICKETT
DEPUTY

# Liddy Legal Support Services
PO Box 2007, Phoenix, AZ 85001
63 E. Pennington St., #102, Tucson, AZ 85702
2700 Woodlands Village Blvd., #300-420, Flagstaff, AZ 86001
Phoenix 602-297-0676, Tucson 520-628-2824, Flagstaff 928-225-7737
Client Matter

| | |
|---|---|
| Account | # 0789 |
| Invoice | # 35853 |
| Liddy | # 398405-5 |

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
### IN AND FOR THE COUNTY OF COCHISE

TREVER FRODSHAM,

Plaintiff(s) / Petitioner(s),

vs

STATE OF ARIZONA, et al.,

Defendant(s) / Respondent(s).

**CERTIFICATE OF SERVICE
BY PRIVATE PROCESS SERVER**
Case No. S0200CV202200149

**ENTITY/PERSON TO BE SERVED:** State of Arizona / Mark Brnovich

**PLACE OF SERVICE:** 2005 N. Central Ave., Phoenix, AZ 85004

**DATE OF SERVICE:** On the __6th__ day of __April__, __2022__ at __9:22__ __AM__   County __Maricopa__

| ☐ PERSONAL SERVICE | ☒ Left a copy with a person authorized to accept service. | ☐ At this usual place of abode, I left a copy with a person of suitable age and discretion residing therein. |
|---|---|---|

**Name of Person Served and Relationship/Title**   Served on Lisa Fischer, Lobby Receptionist.

on __04/05/2022__ we received the following documents for service:

Summons | Complaint | and Certificate of Compulsory Arbitration

Received from **CADIGAN LAW FIRM, PLLC, ( Lynne M. Cadigan #00944 )**

PROCESS SERVER: Matthew Basham #8493

**The undersigned states: That I am a certified private process server in the county of Maricopa and am an Officer of the Court.**

SIGNATURE OF PROCESS SERVER: _____   Date: 4/8/2022

| Item | Amount |
|---|---|
| Service of Process | $20.00 |
| Minimum Mileage | $36.00 |
| Copies | $14.50 |
| Doc. Prep Fee | $10.00 |

**Tax ID#** 90-0533870
I declare under penalty of perjury that the foregoing is true and correct and was executed on this date.

Total   $80.50

Case 2:22-cv-01074-GMS   Document 1-4   Filed 05/06/22   Page 139 of 169 FILED
Amy Hunley
CLERK, SUPERIOR COURT
04/12/2022 11:28AM
BY: JAGUILERA
DEPUTY

# Liddy Legal Support Services

PO Box 2007, Phoenix, AZ 85001
63 E. Pennington St., #102, Tucson, AZ 85702
2700 Woodlands Village Blvd., #300-420, Flagstaff, AZ 86001
Phoenix 602-297-0676, Tucson 520-628-2824, Flagstaff 928-225-7737

Client Matter
Account     # 0789
Invoice     # 35801
Liddy       # 398405-2

## IN THE JUSTICE COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF COCHISE

TREVER FRODSHAM,

Plaintiff(s) / Petitioner(s),

vs

STATE OF ARIZONA, et al.,

Defendant(s) / Respondent(s).

**CERTIFICATE OF SERVICE**
**BY PRIVATE PROCESS SERVER**
Case No. S0200CV202200149

ORIGINAL

**ENTITY/PERSON TO BE SERVED:** Catholic Charities Community Services, Inc.

**PLACE OF SERVICE:**        4747 N 7th Ave, Phoenix, AZ, 85013

**DATE OF SERVICE:** On the __6th__ day of __April__, __2022__ at __9:00__ AM        County __Maricopa__

| | PERSONAL SERVICE | X | Left a copy with a person authorized to accept service. | | At this usual place of abode, I left a copy with a person of suitable age and discretion residing therein. |

| Name of Person Served and Relationship/Title | Served on Margie Leivas, Receptionist for Stephen Capobres, Statutory Agent, |
| | who authorized service her to accept service via telephone. |

on __04/05/2022__ we received the following documents for service:

Summons | Complaint | and Certificate of Compulsory Arbitration.

Received from CADIGAN LAW FIRM, PLLC, ( Lynne M. Cadigan #00944 )

PROCESS SERVER: Floyd R. Brown #8388

**The undersigned states: That I am a certified private process server in the county of Maricopa and am an Officer of the Court.**

SIGNATURE OF PROCESS SERVER: _Floyd R. Brown_        Date: 4/7/2022

| Item | Amount |
| --- | --- |
| Service of Process | $20.00 |
| Minimum Mileage | $36.00 |
| Copies | $14.50 |
| Doc. Prep Fee | $10.00 |

**Tax ID#** 90-0533870
I declare under penalty of perjury that the foregoing is true and correct and was executed on this date.

Total        $80.50

FILED
Amy Hunley
CLERK, SUPERIOR COURT
04/13/2022 3:19PM
BY: SBHOGAL
DEPUTY

1  **RUSING LOPEZ & LIZARDI, P.L.L.C.**
   6363 North Swan Road, Suite 151
2  Tucson, Arizona 85718
   Telephone: (520) 792-4800
3  Facsimile: (520)529-4262

4  Michael J. Rusing; mrusing@rllaz.com
   State Bar No. 006617; PAN 50020
5  Mark D. Lammers; mdlammers@rllaz.com
   State Bar No. 010335; PAN 330131
6  Sarah S. Letzkus; sletzkus@rllaz.com
   State Bar No. 027314; PAN 66655
7  *Attorneys for Defendant, State of Arizona*

8                  IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9                     IN AND FOR THE COUNTY OF COCHISE

10  TREVER FRODSHAM, by and
    through conservator, Fleming and Curti,        NO. S-0200-CV-202200149
11  PLC,
                                                   **DEFENDANT STATE OF ARIZONA'S**
12                              Plaintiff,          **REQUEST FOR IMMEDIATE ORDER**

13  vs.                                            (Assigned to Hon. Jason A. Lindstrom)

14  STATE OF ARIZONA, a body politic;
    CATHOLIC COMMUNITY
15  SERVICES OF SOUTHERN
    ARIZONA, INC., an Arizona non-
16  profit corporation; ARIZONA
    PARTNERSHIP FOR CHILDREN,
17  LLP, an Arizona limited liability
    partnership; CATHOLIC CHARITIES
18  COMMUNITY SERVICES, INC., an
    Arizona corporation; THE
19  DEVEREUX FOUNDATION, d/b/a
    DEVEREUX ADVANCE
20  BEHAVIORAL HEALTH and
    DEVEREUX ADVANCED
21  BEHAVIORAL HEALTH ARIZONA,
    a Pennsylvania non-profit corporation;
22  DAVID FRODSHAM, an individual;
    BARBARA FRODSHAM, an
23  individual; JANE AND JOHN ROES 1-
    50, individuals; and ROE

1 | CORPORATIONS 1-50, entities of
2 | form unknown,

3 |                 Defendants.

4       Defendant State of Arizona (the "State") hereby requests an immediate order changing

5 venue to Maricopa County pursuant to A.R.S. § 12-822(B). On April 7, 2022, the State filed

6 a Notice of Change of Venue, and requested an order transferring venue. As of today's date,

7 the case has not been transferred.

8       A.R.S. § 12-822(B) dictates that upon written demand, venue "*shall* be changed to

9 Maricopa County." (emphasis added).

10       Accordingly, the State respectfully requests the Court immediately enter the proposed

11 order attached hereto and transfer venue of this action to Maricopa County.

12       DATED this 13th day of April, 2022.

13                           **RUSING LOPEZ & LIZARDI, P.L.L.C.**

14                           */s/ Mark D. Lammers*
                             Michael J. Rusing

15                              Mark D. Lammers

16                              Sarah S. Letzkus
                             *Attorneys for Defendant, State of Arizona*

17 ORIGINAL of the foregoing e-filed
18 this 13th day of April, 2022

19 COPY e-served/emailed this 13th day of April, 2022 to:
20 Lynne M. Cadigan
   Taylor W. Boren
21 Cadigan Law Firm, PLLC
   504 S. Stone Ave.
22 Tucson, AZ 85701
   lmcadigan@cadiganlawfirm.com
23 tboren@cadiganlawfirm.com
   *Attorneys for Plaintiff*
24
By:    *Aneta Wrzeszcz*
25                                

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

1  **RUSING LOPEZ & LIZARDI, P.L.L.C.**
   6363 North Swan Road, Suite 151
2  Tucson, Arizona 85718
   Telephone: (520) 792-4800
3  Facsimile: (520)529-4262

4  Michael J. Rusing; mrusing@rllaz.com
   State Bar No. 006617; PAN 50020
5  Mark D. Lammers; mdlammers@rllaz.com
   State Bar No. 010335; PAN 330131
6  Sarah S. Letzkus; sletzkus@rllaz.com
   State Bar No. 027314; PAN 66655
7  *Attorneys for Defendant, State of Arizona*

8              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9                 IN AND FOR THE COUNTY OF COCHISE

10 | TREVER FRODSHAM, by and | NO. S-0200-CV-202200149 |
   | through conservator, Fleming and Curti, | |
11 | PLC, | [PROPOSED] ORDER TRANSFERRING |
   | | ACTION TO THE ARIZONA SUPERIOR |
12 |                     Plaintiff, | COURT IN MARICOPA COUNTY |
13 | vs. | (Assigned to Hon. Jason A. Lindstrom) |
14 | STATE OF ARIZONA, a body politic; | |
   | CATHOLIC COMMUNITY | |
15 | SERVICES OF SOUTHERN | |
   | ARIZONA, INC., an Arizona non- | |
16 | profit corporation; ARIZONA | |
   | PARTNERSHIP FOR CHILDREN, | |
17 | LLP, an Arizona limited liability | |
   | partnership; CATHOLIC CHARITIES | |
18 | COMMUNITY SERVICES, INC., an | |
   | Arizona corporation; THE | |
19 | DEVEREUX FOUNDATION, d/b/a | |
   | DEVEREUX ADVANCE | |
20 | BEHAVIORAL HEALTH and | |
   | DEVEREUX ADVANCED | |
21 | BEHAVIORAL HEALTH ARIZONA, | |
   | a Pennsylvania non-profit corporation; | |
22 | DAVID FRODSHAM, an individual; | |
   | BARBARA FRODSHAM, an | |
23 | individual; JANE AND JOHN ROES 1- | |
   | 50, individuals; and ROE | |

CORPORATIONS 1-50, entities of
form unknown,

                        Defendants.

The Court having reviewed Defendant State of Arizona's Notice of Change of Venue Pursuant to A.R.S. 12-822(B), and good cause appearing,

IT IS ORDERED venue is hereby transferred to the Arizona Superior Court in Maricopa County.

IT IS FURTHER ORDERED that the Clerk of the Superior Court of Cochise County shall immediately transfer the file and all other documents to the Clerk of the Superior Court in Maricopa County.

DATED this April 28, 2022.


_____
Hon. Jason A. Lindstrom

2

**SUPERIOR COURT, STATE OF ARIZONA, In and for the County of Cochise**

| | | |
|---|---|---|
| **TREVER FRODSHAM**, by and through conservator, Fleming and Curti, PLC;<br><br>     Plaintiff,<br><br>vs<br><br>**STATE OF ARIZONA**, a body politic; **CATHOLIC COMMUNITY SERVICES OF SOUTHERN ARIZONA, INC.**, an Arizona non-profit corporation; **ARIZONA PARTNERSHIP FOR CHILDREN, LLP**, an Arizona limited liability partnership; **CATHOLIC CHARITIES COMMUNITY SERVICES, INC.**, an Arizona corporation; **THE DEVEREUX FOUNDATION**, d/b/a **DEVEREUX ADVANCED BEHAVIORAL HEALTH** and **DEVEREUX ADVANCED BEHVIORAL HEALTH ARIZONA**, a Pennsylvania non-profit corporation; **DAVID FRODSHAM**, an individual; **BARBARA FRODSHAM**, an individual; **CLARENCE CARTER**, in his personal and official capacity as Director of the Arizona Department of Economic Security; **VICKI MARTZKE**, in her personal and official capacity as an employee of the Arizona Department of Child Safety; **JANE AND JOHN ROES 1-50**, individuals; and **ROE CORPORATIONS 1-50**, entities of form unknown;<br><br>     Defendants. | April 13, 2022<br><br>Case No.<br>**CV202200149**<br><br><br>**ORDER** | File Stamp Only<br><br>022 APR 13  PM 4: 14 |

| | | |
|---|---|---|
| **HONORABLE JASON A. LINDSTROM** | **DIVISION FIVE** | By: Lizette Reyes<br>Judicial Administrative Assistant |

**IT IS ORDERED** setting a hearing on the Defendant's Request for Immediate Order **Thursday, April 14, 2022 at 11:30 a.m.** Parties may appear in person or telephonically by calling (520) 432-8480 five minutes prior to the scheduled hearing.

Emailed 4|13|2022 0l00

xc: Cadigan Law Firm, P.L.L.C., Esq., Attorney for Plaintiff
   Rusing Lopez & Lizardi, P.L.L.C., Esq., Attorney for State of Arizona

FILED
Amy Hunley
CLERK, SUPERIOR COURT
04/15/2022  3:47PM
BY: SBHOGAL
DEPUTY

1  John C. Kelly (SBN 012770)
   Andrew T. Fox (SBN 034581)
2  **COPPERSMITH BROCKELMAN PLC**
   2800 North Central Avenue, Suite 1900
3  Phoenix, Arizona 85004
   T: (602) 224-0999
4  F: (602) 224-6020
   jkelly@cblawyers.com
5  afox@cblawyers.com

6  *Attorneys for Catholic Charities*
   *Community Services, Inc.*

7

8              **SUPERIOR COURT OF ARIZONA**

9                  **COUNTY OF COCHISE**

10 TREVER FRODSHAM, by and through          No. S0200CV202200149
   conservator, Fleming and Curti, PLC,
11
                Plaintiff,
12                                          **ACCEPTANCE OF SERVICE**

   v.
13
   STATE OF ARIZONA, a body politic;
14 CATHOLIC COMMUNITY SERVICES OF
   SOUTHERN ARIZONA, INC., an Arizona non-
15 profit corporation; ARIZONA PARTNERSHIP
   FOR CHILDREN, LLP, an Arizona limited
16 liability partnership; CATHOLIC CHARITIES
   COMMUNITY SERVICES, INC., an Arizona
17 corporation; THE DEVEREUX FOUNDATION,
   d/b/a DEVEREUX ADVANCED
18 BEHAVIORAL HEALTH and DEVEREUX
   ADVANCED BEHAVIORAL HEALTH
19 ARIZONA, a Pennsylvania non-profit
   corporation; DAVID FRODSHAM, an
20 individual; BARBARA FRODSHAM, an
   individual; CLARENCE CARTER, in his
21 personal and official capacity as Director of the
   Arizona Department of Economic Security;
22 VICKI MARTZKE, in her personal and official
   capacity as an employee of the Arizona
23 Department of Child Safety; JANE and JOHN
   ROES 1-50, individuals; and ROE
24 CORPORATIONS 1-50, entities of form
   unknown,
25
                Defendants.
26

{00576898.1 }

1        Pursuant to Ariz. R. Civ. P. 4(f)(2), John C. Kelly, attorney for Defendant Catholic

2    Charities Community Services, Inc. (hereafter "Catholic Charities"), hereby formally accepts

3    service, on behalf of and as authorized agent of Catholic Charities, of the following documents

4    filed in or issued by the Cochise County Superior Court in this matter: Summons, First

5    Amended Complaint and Certificate of Compulsory Arbitration.

6        Undersigned counsel agrees that this matter may proceed against Catholic Charities as

7    if those documents had been personally served upon it on this date. By accepting service,

8    Catholic Charities does not waive and will keep all defenses or objections to the lawsuit, to the

9    Court's jurisdiction, and/or to venue of the action.

10       DATED this 15th day of April, 2022.

11                                     **COPPERSMITH BROCKELMAN PLC**

12

13                              By *\_/s/ John C. Kelly_____*

14                                  John C. Kelly
                                    Andrew T. Fox

15                              *Attorneys for Catholic Charities Community*
                                     *Services, Inc.*

16

17   ORIGINAL efiled and COPY emailed/mailed
     this 15th day of April, 2022, to:

18

19   Lynne M. Cadigan
     Taylor W. Boren

20   Cadigan Law Firm, PLLC
     504 S. Stone Avenue

21   Tucson, AZ 85701

22   lmcadigan@cadiganlawfirm.com
     tboren@cadiganlawfirm.com

23

24   /s/ Shelly Mondavi_____

25

26

{00576898.1 }                             - 2 -

FILED
Amy Hunley
CLERK, SUPERIOR COURT
04/15/2022  3:47PM
BY: SBHOGAL
DEPUTY

1  John C. Kelly (SBN 012770)
   Andrew T. Fox (SBN 034581)
2  **COPPERSMITH BROCKELMAN PLC**
   2800 North Central Avenue, Suite 1900
3  Phoenix, Arizona 85004
   T: (602) 224-0999
4  F: (602) 224-6020
   jkelly@cblawyers.com
5  afox@cblawyers.com

6  *Attorneys for Catholic Charities*
   *Community Services, Inc.*
7

8                **SUPERIOR COURT OF ARIZONA**

9                   **COUNTY OF COCHISE**

10  TREVER FRODSHAM, by and through          No. S0200CV202200149
    conservator, Fleming and Curti, PLC,
11
                   Plaintiff,
12                                           **NOTICE OF APPEARANCE**

    v.
13
    STATE OF ARIZONA, a body politic;
14  CATHOLIC COMMUNITY SERVICES OF
    SOUTHERN ARIZONA, INC., an Arizona non-
15  profit corporation; ARIZONA PARTNERSHIP
    FOR CHILDREN, LLP, an Arizona limited
16  liability partnership; CATHOLIC CHARITIES
    COMMUNITY SERVICES, INC., an Arizona
17  corporation; THE DEVEREUX FOUNDATION,
    d/b/a DEVEREUX ADVANCED
18  BEHAVIORAL HEALTH and DEVEREUX
    ADVANCED BEHAVIORAL HEALTH
19  ARIZONA, a Pennsylvania non-profit
    corporation; DAVID FRODSHAM, an
20  individual; BARBARA FRODSHAM, an
    individual; CLARENCE CARTER, in his
21  personal and official capacity as Director of the
    Arizona Department of Economic Security;
22  VICKI MARTZKE, in her personal and official
    capacity as an employee of the Arizona
23  Department of Child Safety; JANE and JOHN
    ROES 1-50, individuals; and ROE
24  CORPORATIONS 1-50, entities of form
    unknown,
25
                   Defendants.
26

{00576898.1 }

Pursuant to Rule 5.3(a)(1)(A), Ariz. R. Civ. P., John C. Kelly and Andrew T. Fox of Coppersmith Brockelman PLC hereby enter their appearance as attorneys of record for Defendant Catholic Charities Community Services, Inc. and request service of all correspondence, motions, orders, and other papers, to:

> John C. Kelly
> Andrew T. Fox
> Coppersmith Brockelman PLC
> 2800 North Central Avenue, Suite 1900
> Phoenix, Arizona 85004
> jkelly@cblawyers.com
> afox@cblawyers.com

DATED this 15th day of April, 2022.

**COPPERSMITH BROCKELMAN PLC**

By /s/ John C. Kelly
       John C. Kelly
       Andrew T. Fox

*Attorneys for Catholic Charities Community Services, Inc.*

ORIGINAL efiled and COPY emailed/mailed
this 15th day of April, 2022, to:

Lynne M. Cadigan
Taylor W. Boren
Cadigan Law Firm, PLLC
504 S. Stone Avenue
Tucson, AZ 85701
lmcadigan@cadiganlawfirm.com
tboren@cadiganlawfirm.com

/s/ Shelly Mondavi

{00576898.1 }

- 2 -

FILED
Amy Hunley
CLERK, SUPERIOR COURT
04/21/2022  5:09PM
BY: ALEMUS
DEPUTY

# Liddy Legal Support Services
PO Box 2007, Phoenix, AZ 85001
63 E. Pennington St., #102, Tucson, AZ 85702
2700 Woodlands Village Blvd., #300-420, Flagstaff, AZ 86001
Phoenix 602-297-0676, Tucson 520-628-2824, Flagstaff 928-225-7737

Client Matter
Account      # 0789
Invoice      # 36623
Liddy        # 398405-3

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF COCHISE

TREVER FRODSHAM,

                    Plaintiff(s) / Petitioner(s),

vs

STATE OF ARIZONA, et al.,

                    Defendant(s) / Respondent(s).

**CERTIFICATE OF SERVICE
BY PRIVATE PROCESS SERVER**
Case No. S0200CV202200149

**ENTITY/PERSON TO BE SERVED:** Catholic Community Services of Southern Arizona, Inc. c/o Gerard R. O'Meara

**PLACE OF SERVICE:**     1 S. Church Ave., #1900, Tucson, AZ 85701

**DATE OF SERVICE:** On the __13th__ day of __April__, __2022__ at __12:50__ __PM__     County __Pima__

[ ] PERSONAL SERVICE  [✗] Left a copy with a person authorized to accept service.     [ ] At this usual place of abode, I left a copy with a person of suitable age and discretion residing therein.

**Name of Person Served and Relationship/Title**     Gerald O'Meara, Statutory Agent, authorized to receive and accept service of process.

on __4/5/2022__ we received the following documents for service:

Summons, Complaint, Certificate of Compulsory Arbitration

Received from CADIGAN LAW FIRM, PLLC, ( Lynne M. Cadigan #00944 )

PROCESS SERVER: Nickolas Costello #640

**The undersigned states: That I am a certified private process server in the county of Pima and am an Officer of the Court.**

SIGNATURE OF PROCESS SERVER: _Nicolosi_     Date: 4/19/2022

| Item | Amount |
|---|---|
| Service of Process | $20.00 |
| Minimum Mileage | $36.00 |
| Doc Prep Fee | $10.00 |
| Copies | $14.50 |

**Tax ID#** 90-0533870
I declare under penalty of perjury that the foregoing is true
and correct and was executed on this date.

Total     $80.50

Filed on 4/21/2022 9:42:03 AM

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
### In and for the County of Cochise

| | |
|---|---|
| JUDGE: HONORABLE JASON A. LINDSTROM | AMY J. HUNLEY, Clerk of the Superior Court |
| DIVISION: FIVE | by: MARCIE FADER (4/21/2022), Deputy Clerk |
| COURT REPORTER: LIBERTY DIGITAL | |
| INTERPRETER: NONE | HEARING DATE: 04/14/2022 |

| | |
|---|---|
| TREVER FRODSHAM, by and through conservator, Fleming and Curti, PLC<br>Plaintiff,<br> VS.<br><br> STATE OF ARIZONA, a body politic; CATHOLIC COMMUNITY SERVICES OF SOURTHERN ARIZONA, INC., an Arizona non-profit corporation; ARIZONA PARTNERSHIP FOR CHILDREN, LLP, an Arizona limited liability partnership; CATHOLIC CHARITIES COMMUNITY SERVICES, INC., an Arizona corporation; THE DEVEREUX FOUNDATION d/b/a DEVEREUX ADVANCE BEHAVIORAL HEALTH and DEVEREUX ADVANCED BEHAVIORAL HEALTH ARIZONA, a Pennsylvania non-profit corporation; DAVID FRODSHAM, an individual; BARBARA FRODSHAM, an individual; CLARENCE CARTER, in his personal and official capacity as Director of the Arizona Department of Economic Security; VICKI MARTZKE, in her personal and official capacity as an employee of the Arizona Department of Child Safety; JANE AND JOHN ROES 1-50, individuals; and ROE CORPORATIONS 1-50, entities of form unknown,<br><div align="center">Defendants.</div> | CASE NO: S0200CV202200149<br><br>MINUTE ENTRY: CHANGE OF VENUE<br><br>HEARING START TIME: 11:38 AM<br>HEARING END TIME:    11:43 AM |

**Plaintiff not present in person but by**: Lynne Cadigan, Esquire and Taylor Boren, Esquire
**Defendant not present in person but by:** Mark Lammers, Esquire

This matter came before the Court this date for a hearing on Defendant State of Arizona's Notice of Change of Venue.

Upon invitation of the Court, Mr. Lammers presented argument is support of the change of venue.

Ms. Cadigan presented response to Defendant's argument.

**IT IS ORDERED** transferring venue of this matter to Maricopa County Superior Court.

The Court advised counsel it would execute the form of order after proceedings.

xc: e-mailed (e) by: mlf date: 4/21/2022
☒Lynne Cadigan, Esq.(e): lmcadigan@cadiganlawfirm.com  ☒Taylor Boren, Esq.(e): tboren@cadiganlawfirm.com  ☒Mark Lammers, Esq.(e): mdlammers@rllaz.com  ☒Sara Letzkus, Esq.(e): sletzkus@rllaz.com  ☒Michael Rusing, Esq.(e): mrusing@rllaz.com  ☒John C. Kelly, Esq. (e)  ☒Andrew Fox, Esq.(e)  ☒Court Administration (e)  ☒DIV 5 JAA (e)
*To help protect against the spread of COVID-19, effective May 25, 2021, the Courts are strongly recommending that all visitors wear a mask or other face covering if they have not been fully vaccinated or wish to for their own personal safety. Additionally, the Courts and its offices may require wellness screenings to include using touchless thermometers.  Please do not visit the courthouse if you are ill.  Contact your attorney or the Courts to reschedule your court appearance or to request a telephonic appearance.*

1   Lynne M. Cadigan (AZ #009044)
    Taylor W. Boren (AZ #037414)
2   **CÁDIGAN LAW FIRM, PLLC**
    504 S. Stone Avenue
3   Tucson, AZ 85701
    Telephone: (520) 622-6066
4   Facsimile: (520) 882-4373
    lmcadigan@cadiganlawfirm.com
5   tboren@cadiganlawfirm.com

6   *Attorneys for Plaintiff Trever Frodsham*

7

8         **ARIZONA SUPERIOR COURT**

9            **COCHISE COUNTY**

10

| | |
|---|---|
| TREVER FRODSHAM, by and through conservator, Fleming and Curti, PLC; | Case No. S0200CV202200149 |
| Plaintiff, | |
| vs. | **SUMMONS** |
| STATE OF ARIZONA, a body politic; CATHOLIC COMMUNITY SERVICES OF SOUTHERN AIZONA, INC., an Arizona non-profit corporation; ARIZONA PARTNERSHIP FOR CHILDREN, LLP, an Arizona limited liability partnership; CATHOLIC CHARITIES COMMUNITY SERVICES, INC., an Arizona corporation; THE DEVEREUX FOUNDATION, d/b/a DEVEREUX ADVANCED BEHAVIORAL HEALTH and DEVEREUX ADVANCED BEHAVIORAL HEALTH ARIZONA, a Pennsylvania non-profit corporation; DAVID FRODSHAM, an individual; BARBARA FRODSHAM, an individual; CLARENCE CARTER, in his personal and official capacity as Director of the Arizona Department of Economic Security; VICKI MARTZKE, in her personal and official capacity as an employee of the Arizona Department of Child Safety; JANE and JOHN ROES 1-50, individuals; and ROE CORPORATIONS 1-50, entities of form unknown; | |
| Defendants. | |

1

**THE STATE OF ARIZONA TO:**

**CLARENCE CARTER**

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona — whether by direct service, by registered or certified mail, or by publication - you shall appear and defend within twenty (20) days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. If served out of the State of Arizona - whether by direct service, by registered or certified mail, or by publication - you shall appear and defend within thirty (30) days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Direct service is complete when made. A.R.C.P. 4; A.R.S. Section 20-222, 28-502, 28-503.

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiffs' attorney. R.C.P. 10(d); A.R.S. Section 12-311; A.R.C.P. 5.

A copy of the pleading being served may be obtained from the Clerk of the Superior Court, 100 Quality Hill Rd #104, Bisbee, AZ 85603.

2

**YOU ARE HEREBY NOTIFIED** that requests for reasonable accommodation for

persons with disabilities must be made to the division assigned to the case by parties at least

three (3) judicial days in advance of a scheduled court proceeding.

The name and address of Plaintiff is:

Lynne M. Cadigan, Esq.
CADIGAN LAW FIRM, PLLC
504 South Stone Avenue
Tucson, Arizona 85701
Phone: (520) 622-6066

**ADA Notification**
(Notificacion de la Ley sobre Estadounidenses con Discapacidades)

Requests for reasonable accommodation for persons with disabilities must be made
to the court by parties at least three (3) working days in advance of a scheduled court
proceeding.

(Las partes deberan presentar a la corte las solicitudes para acomodar de manera
razonable a personas con discapacidades por lo menos tres (3) dias habiles antes de un
procedimiento judicial regular.)

**Interpreter Notification**
(Notificacion de Interprete)

Requests for an interpreter for persons with limited English proficiency must be
made to the office of the judge or commissioner assigned to the case by parties at least ten
(10) judicial days in advance of a scheduled court proceeding.

(Las solicitudes de interprete para personas con dominio limitado del idioma ingles
deben hacerse a la oficina del juez o comisionado asignado al caso por las partes por lo
menos diez (10) dias judiciales antes de un procedimiento judicial regular.)

SIGNED AND SEALED THIS DATE: 4 | 22 | 22

CLERK: AMY J HUNLEY

DEPUTY CLERK:

3

1   Lynne M. Cadigan (AZ #009044)
    Taylor W. Boren (AZ #037414)
2   **CADIGAN LAW FIRM, PLLC**
    504 S. Stone Avenue
3   Tucson, AZ 85701
    Telephone: (520) 622-6066
4   Facsimile: (520) 882-4373
    lmcadigan@cadiganlawfirm.com
5   tboren@cadiganlawfirm.com

6   *Attorneys for Plaintiff Trever Frodsham*

7

8                    **ARIZONA SUPERIOR COURT**

9                       **COCHISE COUNTY**

10

11  TREVER FRODSHAM, by and through    Case No. S0200CV202200149
    conservator, Fleming and Curti, PLC;

12                              Plaintiff,
    vs.
13                                          **SUMMONS**

14  STATE OF ARIZONA, a body politic;
    CATHOLIC COMMUNITY SERVICES OF
15  SOUTHERN AIZONA, INC., an Arizona
    non-profit corporation; ARIZONA
16  PARTNERSHIP FOR CHILDREN, LLP, an
    Arizona limited liability partnership;
17  CATHOLIC CHARITIES COMMUNITY
    SERVICES, INC., an Arizona corporation;
18  THE DEVEREUX FOUNDATION, d/b/a
    DEVEREUX ADVANCED BEHAVIORAL
19  HEALTH and DEVEREUX ADVANCED
    BEHAVIORAL HEALTH ARIZONA, a
20  Pennsylvania non-profit corporation; DAVID
    FRODSHAM, an individual; BARBARA
21  FRODSHAM, an individual; CLARENCE
    CARTER, in his personal and official
22  capacity as Director of the Arizona
    Department of Economic Security; VICKI
23  MARTZKE, in her personal and official
    capacity as an employee of the Arizona
24  Department of Child Safety; JANE and JOHN
    ROES 1-50, individuals; and ROE
25  CORPORATIONS 1-50, entities of form
    unknown;
26                              Defendants.

27

28

                                    1

**THE STATE OF ARIZONA TO:**

**VICKI MARTZKE**

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona - whether by direct service, by registered or certified mail, or by publication - you shall appear and defend within twenty (20) days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. If served out of the State of Arizona - whether by direct service, by registered or certified mail, or by publication - you shall appear and defend within thirty (30) days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Direct service is complete when made. A.R.C.P. 4; A.R.S. Section 20-222, 28-502, 28-503.

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiffs' attorney. R.C.P. 10(d); A.R.S. Section 12-311; A.R.C.P. 5.

A copy of the pleading being served may be obtained from the Clerk of the Superior Court, 100 Quality Hill Rd #104, Bisbee, AZ 85603.

**YOU ARE HEREBY NOTIFIED** that requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least three (3) judicial days in advance of a scheduled court proceeding.

The name and address of Plaintiff is:


Lynne M. Cadigan, Esq.
CADIGAN LAW FIRM, PLLC
504 South Stone Avenue
Tucson, Arizona 85701
Phone: (520) 622-6066

**ADA Notification**
(Notificacion de la Ley sobre Estadounidenses con Discapacidades)

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least three (3) working days in advance of a scheduled court proceeding.

(Las partes deberan presentar a la corte las solicitudes para acomodar de manera razonable a personas con discapacidades por lo menos tres (3) dias habiles antes de un procedimiento judicial regular.)

**Interpreter Notification**
(Notificacion de Interprete)

Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case by parties at least ten (10) judicial days in advance of a scheduled court proceeding.

(Las solicitudes de interprete para personas con dominio limitado de! idioma ingles deben hacerse a la oficina de! juez o comisionado asignado al caso por las partes por lo menos diez (10) dias judiciales antes de un procedimiento judicial regular.)

SIGNED AND SEALED THIS DATE: ___4 | 22 | 2022___

CLERK: ___AMY J HUNLEY___

DEPUTY CLERK: ___

3

FILED
Amy Hunley
CLERK, SUPERIOR COURT
04/25/2022 10:08AM
BY: APICKETT
DEPUTY

1  **RUSING LOPEZ & LIZARDI, P.L.L.C.**
   6363 North Swan Road, Suite 151
2  Tucson, Arizona 85718
   Telephone: (520) 792-4800
3  Facsimile: (520)529-4262

4  Michael J. Rusing; mrusing@rllaz.com
   State Bar No. 006617; PAN 50020
5  Mark D. Lammers; mdlammers@rllaz.com
   State Bar No. 010335; PAN 330131
6  Sarah S. Letzkus; sletzkus@rllaz.com
   State Bar No. 027314; PAN 66655
7  *Attorneys for Defendant, State of Arizona*

8              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9                   IN AND FOR THE COUNTY OF COCHISE

10  TREVER FRODSHAM, by and                    NO. S-0200-CV-202200149
    through conservator, Fleming and Curti,
11  PLC,                                       ORDER TRANSFERRING ACTION TO
                                               THE ARIZONA SUPERIOR COURT IN
12                          Plaintiff,         MARICOPA COUNTY

13  vs.                                        (Assigned to Hon. Jason A. Lindstrom)

14  STATE OF ARIZONA, a body politic;
    CATHOLIC COMMUNITY
15  SERVICES OF SOUTHERN
    ARIZONA, INC., an Arizona non-
16  profit corporation; ARIZONA
    PARTNERSHIP FOR CHILDREN,
17  LLP, an Arizona limited liability
    partnership; CATHOLIC CHARITIES
18  COMMUNITY SERVICES, INC., an
    Arizona corporation; THE
19  DEVEREUX FOUNDATION, d/b/a
    DEVEREUX ADVANCE
20  BEHAVIORAL HEALTH and
    DEVEREUX ADVANCED
21  BEHAVIORAL HEALTH ARIZONA,
    a Pennsylvania non-profit corporation;
22  DAVID FRODSHAM, an individual;
    BARBARA FRODSHAM, an
23  individual; JANE AND JOHN ROES 1-
    50, individuals; and ROE

1    CORPORATIONS 1-50, entities of
     form unknown,
2
3                                  Defendants.

4          The Court having reviewed Defendant State of Arizona's Notice of Change of Venue

5    Pursuant to A.R.S. 12-822(B), and good cause appearing,

6          IT IS ORDERED venue is hereby transferred to the Arizona Superior Court in

7    Maricopa County.

8          IT IS FURTHER ORDERED that the Clerk of the Superior Court of Cochise County

9    shall immediately transfer the file and all other documents to the Clerk of the Superior Court

10   in Maricopa County.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**Rusing Lopez & Lizardi, P.L.L.C.**
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

FILED
Amy Hunley
CLERK, SUPERIOR COURT
04/28/2022  3:43PM
BY: JAGUILERA
DEPUTY

1 | **THE RUSSELL'S LAW FIRM, PLC**
202 E. WILCOX DR.
2 | SIERRA VISTA, AZ 85635
Tel: (520)458-7246
3 | By: D. Christopher Russell
State Bar No. 022674
4 | courtdocs@russellslawfirm.com
**Attorney for Defendant Barbara Frodsham**
5 |

6 | **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

7 | **IN AND FOR THE COUNTY OF COCHISE**

8 | TREVER FRODSHAM, by and through    Case No.: CV202200149
Conservator, Fleming and Curti, PLC;
9 |

10 |                                Plaintiff,
v.
11 |

12 | STATE OF ARIZONA, a body politic;
CATHOLIC COMMUN1TY SERVICES OF    **NOTICE OF APPEARANCE**
13 | SOUTHERN ARIZONA, INC., an Arizona
non-profit corporation; ARIZONA
14 | PARTNERSHIP FOR CHILDREN, LLP, an
Arizona limited liability partnership;
15 | CATHOLIC CHARITIES COMMUNITY
SERVICES, INC., an Arizona corporation;
16 | THE DEVEREUX FOUNDATION, d/b/a
DEVEREUX ADVANCED BEHAVIORAL
17 | HEALTH and DEVEREUX ADV A CEO
BEHAVIORAL HEALTH ARIZONA, a
18 | Pennsylvania non-profit corporation; DAVID
FRODSHAM, an individual; BARBARA
19 | FRODSHAM, an individual; CLISNCE
CARTER, in his personal and official capacity
20 | as Director of the Arizona Department of
Economic Security; VICKI MARTZKE in her
21 | personal and official capacity as an employee
of the Arizona Department of Child Safety;
22 | JANE and JOHN DOES 1-50 individuals; and
ROE CORPORATIONS 1-50, entities of form
23 | unknown;                       Hon.
                                Defendants.
24 |

25 |

26 |

27 | D. Christopher Russell of The Russell's Law Firm, PLC, hereby enters an appearance on

28 | behalf of the above-named Defendant, Barbara Frodsham, for all purposes, including through

appeal, if necessary.

DATED this 26th day of April, 2022.

By:  /s/ D. Christopher Russell
     D. Christopher Russell
     Attorney for Defendant Barbara Frodsham

A copy of the foregoing has been
emailed this _____ day of July, 2021,
Pursuant to A.R.C.P. 5(c)(2)(D) to:

Lynne M. Cadigan
Taylor W. Boren
Cadigan Law Firm, P.L.L.C.
504 South Stone Avenue
Tucson, Arizona 85701
Telephone: (520) 622-6066
Facsimile: (520) 882-4373
Email: lmcadigan@gmail.com
Email: tboren@cadiganlawfirm.com
Attorneys for Plaintiff
By: _____

1    Lynne M. Cadigan (AZ #009044)
     Taylor W. Boren (AZ #037414)
2    **CADIGAN LAW FIRM, PLLC**
3    504 S. Stone Avenue
     Tucson, AZ 85701
4    Telephone: (520) 622-6066
     Facsimile: (520) 882-4373
5    lmcadigan@cadiganlawfirm.com
6    tboren@cadiganlawfirm.com

7    *Attorneys for Plaintiff Trever Frodsham*

8                    **ARIZONA SUPERIOR COURT**

9                        **COCHISE COUNTY**

10   TREVER FRODSHAM, by and through          No. S0200CV202200149
11   conservator, Fleming and Curti, PLC;

12                              Plaintiff,
13   vs.
                                              **ACCEPTANCE OF SERVICE**
14   STATE OF ARIZONA, a body politic;
15   CATHOLIC COMMUNITY SERVICES
     OF SOUTHERN AIZONA, INC., an
16   Arizona non-profit corporation; ARIZONA
     PARTNERSHIP FOR CHILDREN, LLP,
17   an Arizona limited liability partnership;
18   CATHOLIC CHARITIES COMMUNITY
     SERVICES, INC., an Arizona corporation;
19   THE DEVEREUX FOUNDATION, d/b/a
     DEVEREUX ADVANCED
20   BEHAVIORAL HEALTH and
21   DEVEREUX ADVANCED
     BEHAVIORAL HEALTH ARIZONA, a
22   Pennsylvania non-profit corporation;
23   DAVID FRODSHAM, an individual;
     BARBARA FRODSHAM, an individual;
24   CLARENCE CARTER, in his personal and
25   official capacity as Director of the Arizona
     Department of Economic Security; VICKI
26   MARTZKE, in her personal and official
     capacity as an employee of the Arizona
27   Department of Child Safety; JANE and
28   JOHN ROES 1-50, individuals; and ROE

                              1

CORPORATIONS 1-50, entities of form
unknown;

                                    Defendants.

 

I, Mark Lammers, Esq., attorney for Clarence Carter, hereby acknowledge that I have received a copy of the following documents in connections with the above-captioned civil action and I hereby accept service of the same on behalf of the Defendant:

    1. Summons,

    2. Complaint; and

    3. First Amended Complaint

DATED this _4th_ day of May, 2022.

Mark Lammers, Esq.

2

Lynne M. Cadigan (AZ #009044)
Taylor W. Boren (AZ #037414)
**CADIGAN LAW FIRM, PLLC**
504 S. Stone Avenue
Tucson, AZ 85701
Telephone: (520) 622-6066
Facsimile: (520) 882-4373
lmcadigan@cadiganlawfirm.com
tboren@cadiganlawfirm.com

*Attorneys for Plaintiff Trever Frodsham*

**ARIZONA SUPERIOR COURT**

**COCHISE COUNTY**

| | |
|---|---|
| TREVER FRODSHAM, by and through conservator, Fleming and Curti, PLC; | Case No. S0200CV202200149 |
| Plaintiff, | |
| vs. | |
| STATE OF ARIZONA, a body politic; CATHOLIC COMMUNITY SERVICES OF SOUTHERN AIZONA, INC., an Arizona non-profit corporation; ARIZONA PARTNERSHIP FOR CHILDREN, LLP, an Arizona limited liability partnership; CATHOLIC CHARITIES COMMUNITY SERVICES, INC., an Arizona corporation; THE DEVEREUX FOUNDATION, d/b/a DEVEREUX ADVANCED BEHAVIORAL HEALTH and DEVEREUX ADVANCED BEHAVIORAL HEALTH ARIZONA, a Pennsylvania non-profit corporation; DAVID FRODSHAM, an individual; BARBARA FRODSHAM, an individual; CLARENCE CARTER, in his personal and official capacity as Director of the Arizona Department of Economic Security; VICKI MARTZKE, in her personal and official capacity as an employee of the Arizona Department of Child Safety; JANE and JOHN ROES 1-50, individuals; and ROE CORPORATIONS 1-50, entities of form unknown; | **SUMMONS** |
| Defendants. | |

1

THE STATE OF ARIZONA TO:

### CLARENCE CARTER

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona — whether by direct service, by registered or certified mail, or by publication - you shall appear and defend within twenty (20) days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. If served out of the State of Arizona - whether by direct service, by registered or certified mail, or by publication - you shall appear and defend within thirty (30) days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Direct service is complete when made. A.R.C.P. 4; A.R.S. Section 20-222, 28-502, 28-503.

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiffs' attorney. R.C.P. 10(d); A.R.S. Section 12-311; A.R.C.P. 5.

A copy of the pleading being served may be obtained from the Clerk of the Superior Court, 100 Quality Hill Rd #104, Bisbee, AZ 85603.

**YOU ARE HEREBY NOTIFIED** that requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least three (3) judicial days in advance of a scheduled court proceeding.

The name and address of Plaintiff is:

Lynne M. Cadigan, Esq.
CADIGAN LAW FIRM, PLLC
504 South Stone Avenue
Tucson, Arizona 85701
Phone: (520) 622-6066

**ADA Notification**
(Notificacion de la Ley sobre Estadounidenses con Discapacidades)

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least three (3) working days in advance of a scheduled court proceeding.

(Las partes deberan presentar a la corte las solicitudes para acomodar de manera razonable a personas con discapacidades por lo menos tres (3) dias habiles antes de un procedimiento judicial regular.)

**Interpreter Notification**
(Notificacion de Interprete)

Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case by parties at least ten (10) judicial days in advance of a scheduled court proceeding.

(Las solicitudes de interprete para personas con dominio limitado del idioma ingles deben hacerse a la oficina del juez o comisionado asignado al caso por las partes por lo menos diez (10) dias judiciales antes de un procedimiento judicial regular.)

SIGNED AND SEALED THIS DATE:  4 | 22 | 22

CLERK: _____ AMY J HUNLEY

DEPUTY CLERK: _____

3

FILED
Amy Hunley
CLERK, SUPERIOR COURT
05/04/2022  3:40PM
BY: BHERNAND
DEPUTY

# Liddy Legal Support Services

PO Box 2007, Phoenix, AZ 85001
63 E. Pennington St., #102, Tucson, AZ 85702
2700 Woodlands Village Blvd., #300-420, Flagstaff, AZ 86001
Phoenix 602-297-0676, Tucson 520-628-2824, Flagstaff 928-225-7737

Client Matter
Account       # 0789
Invoice        #
Liddy          # 400064-1

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
### IN AND FOR THE COUNTY OF COCHISE

TREVER FRODSHAM, by and through conservator, Fleming and Curti, PLC;

               **Plaintiff(s) / Petitioner(s),**

vs

STATE OF ARIZONA, a body politic, et al.,

               **Defendant(s) / Respondent(s).**

**CERTIFICATE OF SERVICE**
**BY PRIVATE PROCESS SERVER**
Case No. S0200CV202200149

## ORIGINAL

**ENTITY/PERSON TO BE SERVED:** Vicki Jean Martzke

**PLACE OF SERVICE:**  2341 N. Sunset Avenue, Benson, AZ 85602

**DATE OF SERVICE:** On the  28th  day of  April , 2022  at  4:40  PM    County Pima

[X] PERSONAL SERVICE  [ ] Left a copy with a person authorized to accept service.  [ ] At this usual place of abode, I left a copy with a person of suitable age and discretion residing therein.

**Name of Person Served and Relationship/Title**    Personally Served Vicki Jean Martzke

on     4/25/2022     we received the following documents for service:

Summons, First Amended Complaint, Certificate of Compulsory Arbitration

**Received from CADIGAN LAW FIRM, PLLC, ( Lynne M. Cadigan #00944 )**

PROCESS SERVER: Daniel Ronnie #039

The undersigned states: That I am a certified private process server in the county of Pima and am an Officer of the Court.

SIGNATURE OF PROCESS SERVER:                                                Date: 4/29/2022

| Item | Amount |
|---|---|
| Service of Process | $20.00 |
| Mileage | $165.00 |
| Doc Prep Fee | $10.00 |
| Copies | $14.00 |

**Tax ID#** 90-0533870
I declare under penalty of perjury that the foregoing is true and correct and was executed on this date.

Total     $209.00



## Cochise County
## Clerk of the Superior Court

*Public Programs...Personal Service*
www.cochise.az.gov





**AMY J. HUNLEY**
Clerk of the Superior Court
Jury Commissioner

**DANIEL VERTREES**
Chief Deputy Clerk

VACANT
Assistant Jury Commissioner

May 5, 2022

Honorable Jeff Fine
Clerk of the Superior Court
Maricopa County
201 W. Jefferson Street
Phoenix, AZ 85003

Re: The case of **TREVER FRODSHAM VS STATE OF ARIZONA ET AL...**
Cochise County Case Number: S0200CV202200149

Clerk Fine,

Enclosed you will find the original documents filed in the subject matter being transferred to your court pursuant to the Order transferring venue entered on April 25th, 2022.

Respectfully,

*Bran Miller*
Operations Supervisor

Cc: File

**Bisbee**
100 Quality Hill
PO Drawer CK
Bisbee, Arizona 85603
520-432-8600

**Sierra Vista**
100 Colonia de Salud, Suite 200
Sierra Vista, Arizona 85635
520-803-3060

**Assistant Jury Commissioner**
PO Drawer DE
Bisbee, Arizona 85603
520-432-8585
ccjc@courts.az.gov

Case Number S0200CV202200149

| | |
|---|---|
| Court Type | CIVIL |
| Case Category | CIVIL |
| Case Type | TORT NON-MOTOR VEHICLE |
| Case Sub Type | NEGLIGENCE |
| Judge Group | DIVISION V |

| | |
|---|---|
| Filing Date | 03/29/2022 07:35 AM |
| Filing Type | EFILING |
| Case Status | OPEN |
| Case Status Date | 03/29/2022 |
| Case Judge | JASON A. LINDSTROM, |
| Judge Asgmt. Date | 03/30/2022 |

TREVER FRODSHAM
PLAINTIFF
vs
STATE OF ARIZONA et al.
DEFENDANT

Sealed Case ☐    Restricted Case ☐    Jury Trial Requested ☐    Complex ☐    Remove From Public Access ☐

| Date Stamped | Party | Description | Comment | User ID |
|---|---|---|---|---|
| 4/26/2022 | FRODSHAM, BARBARA | NOTICE: Appearance | D. CHRISTOPHER RUSSELL ENTERS AN APPEARANCE ON BEHALF OF DEFENDANT | JAGUILERA |
| 4/25/2022 | | ORDER: TRANSFER | ORDER TRANSFERRING ACTION TO THE ARIZONA SUPERIOR COURT IN MARICOPA COUNTY | APICKETT |
| 4/22/2022 | STATE OF ARIZONA | SUMMONS: SUMMONS | | BHERNAND |
| 4/22/2022 | STATE OF ARIZONA | SUMMONS: SUMMONS | | BHERNAND |
| 4/21/2022 | FRODSHAM, TREVER | CERTIFICATE: OF SERVICE | | ALEMUS |
| 4/15/2022 | CATHOLIC CHARITIES COMMUNITY SERVICES, INC | SERVICE: ACCEPTANCE | | SBHOGAL |
| 4/15/2022 | CATHOLIC CHARITIES COMMUNITY SERVICES, INC | NOTICE: Appearance | | SBHOGAL |
| 4/14/2022 | FRODSHAM, TREVER ET AL. | MINUTE ENTRY: MINUTE ENTRY (STANDARD) CIVIL | | MFADER |
| 4/13/2022 | FRODSHAM, TREVER | ORDER: SETTING | HEARING ON DEFENDANT'S REQUEST FOR IMMEDIATE ORDER THURSDAY, APRIL 14, 2022 AT 11:30 A.M. | BHERNAND |
| 4/13/2022 | STATE OF ARIZONA | REQUEST: Request | DEFENDENT STATE OF ARIZONA'S REQUEST FOR IMMEDIATE ORDER | SBHOGAL |
| 4/12/2022 | FRODSHAM, TREVER | CERTIFICATE: OF SERVICE | SERVED ON MARGIE LEIVAS, RECEPTIONIST FOR STEPHEN CAPOBRES, SATUTORY AGENT | JAGUILERA |
| 4/11/2022 | FRODSHAM, TREVER | CERTIFICATE: OF SERVICE | | APICKETT |
| 4/11/2022 | FRODSHAM, TREVER | SERVICE: Certificate | | APICKETT |
| 4/8/2022 | FRODSHAM, TREVER | SERVICE: Certificate | | APICKETT |
| 4/8/2022 | FRODSHAM, TREVER | MISCELLANEOUS: Attachments | | JBELAIR |
| 4/8/2022 | FRODSHAM, TREVER | MISCELLANEOUS: Attachments | | JBELAIR |
| 4/8/2022 | FRODSHAM, TREVER | COMPLAINT: AMENDED COMPLAINT | | JBELAIR |
| 4/7/2022 | STATE OF ARIZONA | NOTICE: Filing Change of Venue | | BHERNAND |
| 4/7/2022 | STATE OF ARIZONA | NOTICE: Appearance | ATTORNEY FOR DEFENDANT | BHERNAND |
| 3/29/2022 | FRODSHAM, TREVER | SUMMONS: SUMMONS | | APICKETT |
| 3/29/2022 | FRODSHAM, TREVER | SUMMONS: SUMMONS | | APICKETT |
| 3/29/2022 | FRODSHAM, TREVER | SUMMONS: SUMMONS | | APICKETT |
| 3/29/2022 | FRODSHAM, TREVER | SUMMONS: SUMMONS | | APICKETT |
| 3/29/2022 | FRODSHAM, TREVER | SUMMONS: SUMMONS | | APICKETT |
| 3/29/2022 | FRODSHAM, TREVER | SUMMONS: SUMMONS | | APICKETT |
| 3/29/2022 | FRODSHAM, TREVER | SUMMONS: SUMMONS | | APICKETT |
| 3/29/2022 | FRODSHAM, TREVER | SUMMONS: SUMMONS | | APICKETT |
| 3/29/2022 | FRODSHAM, TREVER | SUMMONS: SUMMONS | | APICKETT |
| 3/29/2022 | FRODSHAM, TREVER | ARBITRATION: CERTIFICATE OF COMPULSORY ARBITRATION - IS NOT SUBJECT TO | | APICKETT |
| 3/29/2022 | FRODSHAM, TREVER | MISCELLANEOUS: Attachments | | APICKETT |
| 3/29/2022 | FRODSHAM, TREVER | MISCELLANEOUS: Attachments | | APICKETT |
| 3/29/2022 | FRODSHAM, TREVER | COMPLAINT: Complaint | | APICKETT |

I, AMY J HUNLEY, Clerk of the Cochise County Superior Court, do hearby certify that the enclosed documents are the originals filed under the docket of Case No. S0200CV202200149 as shown above.

Witness my hand and the seal of this Court this 5th day of May, 2022.

AMY J HUNLEY
Clerk of the Cochise County Superior Court

by: _____

Bran Miller
Operations Supervisor